UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF							Case No. 18-13027-t11
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole

    Debtor.

## APPLICATION TO EMPLOY STELZNER, WINTER, WARBURTON, FLORES, SANCHEZ & DAWES, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

    The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel and pursuant to 11 U.S.C. §§ 327(e), 328, and 329, hereby requests that the Court approve its employment of Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A. ("Stelzner") as special counsel for the Debtor in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of Sara N. Sanchez under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

    1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    3.    The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

    4.    No creditors committee has yet been appointed in this case, nor has any trustee been requested or appointed.

5. The Debtor wishes to employ Stelzner as its special counsel in this Bankruptcy Case as more particularly described below and in the Declaration.

6. Stelzner represented the Debtor, prior to the Petition Date, in pending civil actions in the State of New Mexico ("Litigation Cases"), settling claims alleged outside of judicial proceedings against the Debtor, and responding to inquiries and investigations by law enforcement agencies. Although such cases will be stayed upon filing, Stelzner's assistance will be required in formulating a plan of reorganization that can address the claims made in the Litigation Cases, and Stelzner's assistance will also be needed if the stay of the Litigation Cases should be modified for any reason. Moreover, pre-petition, Stelzner also served Debtor in a general counsel role, advising Debtor in various corporate and employment matters that arise in the ordinary course of Debtor's activities.

7. The employment of Stelzner is appropriate and necessary to enable Debtor to successfully reorganize. Stelzner is intimately familiar with the factual and legal issues in the Litigation Cases and such knowledge will be crucial not only to formulation of a plan, but also in negotiating with other parties to the Bankruptcy Case. Therefore, Debtor wants to employ Stelzner as its special counsel in the Litigation Cases, matters related to the Litigation Cases and as general corporate and employment counsel.

8. The Litigation Cases, the matters related to the Litigation Cases, responding to inquiries and investigations by law enforcement agencies, and general corporate and employment matters are the only matters in which Stelzner will represent Debtor during the pendency of the Reorganization Case.

9. Subject to further order of this Court, it is proposed that Stelzner be employed, effective as of the Petition Date to provide legal advice and assistance in formulating a plan of reorganization, to negotiate with other parties in the Bankruptcy Case, including the plaintiffs in the Litigation Cases, and in the event that the automatic stay is modified or lifted as to any of the Litigation Cases, to represent the Debtor in such cases, to respond to inquiries and investigations by law enforcement agencies and to

provide general corporate and employment law counsel. Stelzner will not act as counsel with respect to bankruptcy matters generally.

10. The services provided by Stelzner will not duplicate or overlap the efforts of any other professional retained by Debtor, including lead bankruptcy counsel Elsaesser Anderson Chtd. and local bankruptcy counsel Walker & Associates, P.C. The services to be provided by each of these professionals are separate and different from the services to be provided by the other professionals and all are essential to the Debtor's reorganization efforts.

11. To the best of the Debtor's knowledge, information, and belief, after making reasonable inquiry, Stelzner has no connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee for the District of New Mexico, or any person employed in the Office of the United States Trustee. Accordingly, Stelzner is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code.

12. In light of the foregoing, the Debtor believes that Stelzner is qualified to represent its interests and the interests of its estate.

13. The Debtor understands that Stelzner intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1.1, the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the Petition Date. The fee applications will contain a detailed statement showing services performed by Stelzner and compensation received in accordance with all applicable guidelines and Local Rule 2016-1.1.

14. Subject to Court approval, and to the extent it is able, Debtor proposes to pay Stelzner its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse Stelzner according to its customary reimbursement policies, subject to any

applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. Stelzner's attorneys who may perform legal services for the Debtor include Luis Stelzner, Robert P. Warburton, Juan Flores, Sara N. Sanchez, and Jaime Dawes whose hourly rates are $200 for issues related to the Litigation Cases and matters related to issues raised in the Litigation Cases, and $150 for general corporate matters. Any other attorneys who may be employed by Stelzner would be billed at their regular hourly rates. Law clerks and paralegals would be billed at $80 per hour.

15. Stelzner itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at Stelzner's actual cost. Stelzner also charges for telecopies, photocopies ($0.10 per page), and gross receipts tax on fees and costs. Further, although considered normal expenses charged to its clients, Stelzner has informed the Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.,* Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

16. If the application to employ Stelzner is granted, Stelzner will render monthly statements to Debtor and other parties in interest. Stelzner seeks authority to be paid monthly, upon receipt of Stelzner's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331. Stelzner's fee applications would contain a detailed statement showing services performed by Stelzner for compensation received.

17. As of the Petition Date, ADSF does not owe Stelzner any amounts for legal services rendered before the Petition Date. All amounts paid were paid in the ordinary course of the business relationship between ADSF and Stelzner.

18. The Debtor has not paid and Stelzner has not received a pre-petition retainer in any amount.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§327(e), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing Debtor to employ and retain Stelzner as special counsel for the Debtor effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

> Respectfully submitted,
> WALKER & ASSOCIATES, P.C.
> By: *filed electronically 12/3/2018*
>     Thomas D. Walker
>     Stephanie L. Schaeffer
>     500 Marquette Ave NW, Suite 650
>     Albuquerque, NM 87102
>     Telephone: (505) 766-9272
>     Facsimile: (505) 766-9287
>     e-mail: twalker@walkerlawpc.com
> *Proposed Attorneys for Debtor in Possession*

I hereby certify that, on December 3, 2018,
in accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), a true copy of the
foregoing was served via the Court's CM/ECF
notification facilities to those parties who are
registered CM/ECF participants in this case.

*s/ filed electronically*
Thomas D. Walker