UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole

Case No. 18-13027-t11

    Debtor.

## VERIFIED DISCLOSURE OF SARA N. SANCHEZ IN CONNECTION WITH DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF STELZNER, WINTER, WARBURTON, FLORES, SANCHEZ & DAWES, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

I, Sara N. Sanchez, hereby declare under penalty of perjury, pursuant to Fed. R. Bankr. P. 2014(a) and 2016(b), that to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the following statements and am competent to testify to the following statements.

2. I am admitted to and practice before the bar in the state of New Mexico, as well as the United States District Court for the State of New Mexico, and the United States Court of Appeals for the Tenth Circuit. I am a member in good standing in each of those bars. I have been licensed to practice law since 2002. I am a Director in the law firm of Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A. ("Stelzner").

3. I am duly authorized by Stelzner to make all statements which I have made herein on behalf of Stelzner and with respect to the Debtor's Application to Employ Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A. as Special Counsel for the Debtor and Debtor-In-Possession (the "Application").

4.  I am filing this Declaration in support of the Application. To the extent that any information disclosed herein requires amendment or modification upon Stelzner's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same.

5.  This declaration is submitted also as the statement required pursuant to §§ 328, 329, and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2016-1.1 of the Local Rules of the United States Bankruptcy Court, District of New Mexico (the "Local Rules").

6.  Stelzner and its predecessors have represented the Debtor since at least 1997, advising the Debtor in various corporate, employment, insurance coverage and litigation matters as they arise. Stelzner has also represented the Debtor for many years in settling and litigating personal injury claims ("Litigation Cases") filed against it.

**Services to be provided**

7.  Stelzner will provide the Debtor with the following legal services: (a) legal advice and assistance in formulating a plan of reorganization, (b) negotiation with other parties in the Bankruptcy Case, including the plaintiffs in the Litigation Cases, and (c) in the event that the automatic stay is modified or lifted as to any of the Litigation Cases, representing the Debtor in such cases. Stelzner will not act as counsel with respect to bankruptcy matters generally.

**Professional Compensation**

8.  Compensation paid to Stelzner for services rendered in connection with this case is to be a reasonable fee, based upon customary hourly rates normally charged to clients of Stelzner and customary hourly rates charged within the District of New Mexico. All amounts paid by Debtor

postpetition to Stelzner shall be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330 and 331. Stelzner did not receive a prepetition retainer.

9. Stelzner will charge the Debtor the following hourly rates for Luis Stelzner, Robert Warburton, Juan Flores, Sara Sanchez, and Jaime Dawes: Litigation Cases are billed at $200 per hour; general counsel consultation matters are billed at $150 per hour. Law clerks and paralegals may work on the case at the rate of $80 per hour. Associate attorneys on litigation cases are billed at $180 per hour.

10. Hourly rates will be charged based on the individual's normal billing rate, expertise, and experience. Stelzner reserves the right to change its hourly rates and shall notify Debtor and obtain any required Court approval in advance of any rate increases before the increase goes into effect.

11. Stelzner itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, court fees, deposition expenses, computerized legal research, and expert witness fees, all at cost, and telecopy charges ($.15 per page) and photocopying ($.10 per page). Stelzner does not charge separately for word processing, in town messenger service, or secretarial overtime, all of which are included as part of its overhead.

12. Stelzner has informed Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.*, Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

13. No promises have been received by Stelzner or any attorney or professional of Stelzner as to payment of compensation in connection with this case in accordance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders. Stelzner has no agreement with any other entity to share with such entity any compensation received by Stelzner, except as permitted under § 504(b)(1) of the Bankruptcy Code.

14. The bankruptcy estate will be the source of payment of compensation to Stelzner, subject to court approval. No compensation for legal services rendered and reimbursement of expenses incurred in representation of Debtor has been promised to Stelzner from any source other than Debtor. Stelzner has not agreed, and will not agree, to share compensation with any person or entity except employees of Stelzner.

15. Stelzner requests that it be paid by Debtor on a monthly basis, upon receipt of Stelzner's billing statements and prior to the Court's allowance of Stelzner's compensation, seventy-five percent (75%) of billed fees, one hundred percent (100%) of reimbursable costs and one hundred percent (100%) of applicable gross receipts tax on fees and costs that are paid.

16. Stelzner intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, no less frequently than every 180 days, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and the Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Stelzner incurs.

**Disinterestedness**

17. Stelzner is required to disclose to this Court any and all connections with Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

18. Stelzner has no connections with Debtor aside from Stelzner's representation of Debtor as counsel pre-petition and its proposed representation of Debtor post-petition. Stelzner provided legal services to Debtor prior to the Petition Date in connection with, among other things, analyzing and advising as to options, advising with respect to bankruptcy preparations and procedures, preparing for the bankruptcy filing, assisting with all prepetition planning, and drafting the first day pleadings.

19. As of the Petition Date, ADSF does not owe Stelzner any amounts for legal services rendered before the Petition Date. All amounts paid were paid in the ordinary course of the business relationship between ADSF and Stelzner.

20. Stelzner's connections with the office of the U.S. Trustee and any of its employees extend only to Stelzner's involvement as counsel for debtors, trustees, and creditors in other cases in the Bankruptcy Court.

21. Stelzner does not represent any of Debtor's known creditors or any of their known attorneys, and Stelzner does not have an insider relationship, as "insider" is defined in § 101(31) of the Bankruptcy Code, with any of Debtor's known creditors or any of their known attorneys, to the best of Stelzner's knowledge, after reasonable due diligence. In connection herewith, Stelzner performed a review of the connections and relationships between Stelzner and Debtor's known secured creditors, Debtor's twenty largest unsecured creditors, and Debtor's officers and directors, as well as other parties in interest with respect to the Chapter 11 case. In conducting this review, Stelzner searched its database of clients and opposing parties for the names of the foregoing parties. In light of the extensive number of creditors and other parties in interest, Stelzner has been unable to conclusively identify all potential relationships. However, to the extent that Stelzner becomes aware of any additional relationships, Stelzner will promptly file a supplemental declaration.

22. In addition, Stelzner or its employees may subscribe to telephone and other utility services, and may purchase other goods and/or services, from vendors of Debtor.

23. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, Stelzner holds no interest adverse as to Debtor with respect to the matters for which it is to be employed. Accordingly, I submit that Stelzner is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

24. Based upon the foregoing, I respectfully submit that the requirements for Stelzner's retention as attorneys for Debtor have been met.

The undersigned verifies under penalty of perjury that the above is true and correct.

DATED: November 30, 2018.

/s/ *Sara N. Sanchez*
SARA N. SANCHEZ

FILED BY:
WALKER & ASSOCIATES, P.C.

By: */s/filed electronically*
Thomas D. Walker
Stephanie L. Schaeffer
500 Marquette Ave., NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
*Proposed Counsel for Debtor in Possession*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 3rd day of December 2018, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

/s/ *Thomas D. Walker*
Thomas D. Walker
*Proposed Counsel for Debtor*