**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>            Debtor-in-Possession. | Chapter 11<br><br>Case No. 18-13027-t11 |

## APPLICATION TO EMPLOY ELSAESSER ANDERSON CHTD. AS BANKRUPTCY COUNSEL FOR DEBTOR-IN-POSSESSION

The Debtor and Debtor-in-Possession Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole (the "Debtor"), pursuant to 11 U.S.C. §§ 327 (a), 328, and 329, hereby requests that the Court approve its employment of Elsaesser Anderson Chtd., as the Debtor's bankruptcy counsel, in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of Bruce A. Anderson, a partner of Elsaesser Anderson Chtd., under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On December 3, 2018 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is authorized to operate its businesses and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. No creditors committee has yet been appointed in this case, nor has any trustee been requested or appointed.

5. The Debtor wishes to employ Elsaesser Anderson as its counsel in this bankruptcy case as more particularly described in the Declaration, and in all other matters in which the Debtor requires bankruptcy counsel, including but not limited to contested matters and adversary proceedings, and in such other matters as the Debtor may request of Elsaesser Anderson and Elsaesser Anderson may agree to perform. Elsaesser Anderson is qualified to represent the Debtor in this case.

6. The employment of Elsaesser Anderson is appropriate and necessary to enable Debtor to execute faithfully its duties as a Debtor and Debtor-in-possession. Subject to further order of this Court, it is proposed that Elsaesser Anderson be employed to:

 a. Represent and render legal advice to Debtor regarding all aspects of this bankruptcy case, including, without limitation, representing Debtor in hearings before this Court and drafting pleadings in furtherance of Debtor's bankruptcy case;

 b. Take necessary actions to protect and preserve Debtor's estate, including the prosecution of actions on Debtor's behalf, the defense of actions commenced against Debtor, the negotiation of disputes in which Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

 c. Provide legal advice with respect to Debtor's powers and duties as Debtor-in-possession in the continued operation of its activities;

d. Assist Debtor in the negotiation, preparation and confirmation of a plan or plans of reorganization and related transactions;

e. Prepare on behalf of Debtor necessary motions, applications, answers, orders, reports, and papers including Debtor's plan of reorganization and disclosure statement in connection with the administration and prosecution of Debtor's Chapter 11 case;

f. Assist Debtor in connection with disposition of Debtor's assets, by sale or otherwise;

g. Appear in Court to protect Debtor's interests before the Court;

h. Assist Debtor with gathering information needed in this bankruptcy case; and

i. Perform other necessary legal services in connection with this bankruptcy case.

7. Elsaesser Anderson's services will not include rendering advice in tax, securities, personal injury, environmental, labor, or criminal law, administrative and regulatory law, or consumer protection law unless mutually agreed between the Debtor and Elsaesser Anderson on a matter-by-matter basis.

8. The services provided by Elsaesser Anderson will not duplicate or overlap the efforts of other professionals retained by the Debtor.

9. To the best of Debtor's knowledge, information, and belief, after making reasonable inquiry, Elsaesser Anderson has no connection with or any interest adverse to Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee for the District of New Mexico, or any person employed in the Office of the United States Trustee.

Accordingly, Elsaesser Anderson is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code.

10. In light of the foregoing, Debtor believes that Elsaesser Anderson is qualified to represent its interests and the interests of its estate.

11. The Debtor understands that Elsaesser Anderson intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1(a), the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the Petition Date. The fee applications will contain a detailed statement showing services performed by Elsaesser Anderson and compensation received in accordance with all applicable guidelines and Local Rule 2016-1(a).

12. Subject to Court approval, and to the extent it is able, Debtor proposes to pay Elsaesser Anderson its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse Elsaesser Anderson according to its customary reimbursement policies, subject to any applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. Elsaesser Anderson's attorneys who may perform legal services for the Debtor include: Ford Elsaesser, whose hourly rate is $375.00; Bruce A. Anderson, whose hourly rate is $350.00; and Katherine Elsaesser, whose hourly rate is $225.00. Any other attorneys who may be employed by Elsaesser Anderson would be billed at their regular hourly rates. Law clerks and paralegals would be billed at $75 per hour.

13. Elsaesser Anderson itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at Elsaesser Anderson's

actual cost.  Elsaesser Anderson also charges for faxes ($.15 per page), photocopies ($0.10 per page), and gross receipts tax on fees and costs.  Further, although considered normal expenses charged to its clients, Elsaesser Anderson has informed Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.*, Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

14. If the application to employ Elsaesser Anderson is granted, Elsaesser Anderson will render monthly statements to Debtor and other parties in interest.  Elsaesser Anderson seeks authority to be paid monthly, upon receipt of Elsaesser Anderson's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate.  All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331.  Elsaesser Anderson's fee applications would contain a detailed statement showing services performed by Elsaesser Anderson for compensation received.

15. On or about October 24, 2018, Debtor paid a $50,000.00 retainer to Elsaesser Anderson to be applied to prepetition legal services rendered to the Debtor.  On or about November 29, 2018, Debtor paid an additional retainer of $50,000.00.  The source of the prepetition payments was the Debtor.  Elsaesser Anderson is not owed any amount by the Debtor for prepetition services.  After payment of prepetition fees, costs and the filing fee, of $91,234.79, there is $8,765.21 held in trust.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§ 327(a), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing

Debtor to employ and retain Elsaesser Anderson as bankruptcy counsel effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of December, 2018.

/s/ Bruce A. Anderson
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
katie@eaidaho.com

-and-

/s/ Stephanie L. Schaeffer
Thomas D. Walker
Stephanie L. Schaeffer
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, NM  87102
(505) 766-9272
Fax: (505) 772-9287
twalker@walkerlawpc.com
sschaeffer@walkerlawpc.com

*Proposed Counsel for Debtor-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 3, 2018, in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case.

/s/ Stephanie L. Schaeffer
Stephanie L. Schaeffer

APPLICATION TO EMPLOY ELSAESSER ANDERSON CHTD.
AS BANKRUPTCY COUNSEL FOR DEBTOR-IN-POSSESSION  -  6