| In re: | Chapter 11 |
|---|---|
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No. 18-13027-t11 |
| Debtor. | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER, PURSUANT
TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014,
AUTHORIZING AND APPROVING THE EMPLOYMENT AND
RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE DECEMBER 18, 2018**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Case under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), hereby submits this application (the "Application") for the entry of an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtor's case, *effective December 18, 2018*, pursuant to sections 327 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the relief sought in the Application, the Committee submits the declaration of James I. Stang, a partner of the Firm (the "Stang Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. In further support of its Application, the Committee respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014.

**Background**

3. On December 3, 2018 (the "Petition Date"), the Debtor commenced its Chapter 11 Case (the "Case") by filing a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as debtor in possession.

4. On December 18, 2018[3] the United States Trustee for Region 20 (the "U.S. Trustee") appointed nine members to the Committee.

**Relief Requested**

5. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014, authorizing the Committee to employ and retain the Firm as its counsel in this Case. The Committee seeks to retain the Firm effective December 18, 2018.

**Services to be Provided**

6. The Committee desires to retain PSZJ, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

- assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

- assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens or other interests in the Debtor's property and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

- reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advising the Committee as to their propriety, and, after consultation with the Committee, taking appropriate action;

- preparing necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Committee;

- representing the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

- performing all other legal services for the Committee which may be necessary and proper in this Case and any related proceeding(s);

- representing the Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceeding(s);

- assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

- assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's

operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case;

- assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

- assisting, advising and representing the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

- assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

- assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

- providing such other services to the Committee as may be necessary in this Case or any related proceeding(s).

**Terms of Retention**

7. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. Due to the unique circumstances of this Case, the Firm proposes charging hourly rates which are below its regular hourly rates. The Firm proposes to charge its normal and customary hourly rates, subject to a cap at $675 per hour. In all likelihood, all of the attorneys working on the Case have regular hourly rates in excess of $675 per hour.

8. PSZJ's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

9. During this Case, individual Committee members incur out of pocket for expenses related to their service as Committee members (any such expenses "<u>Committee Members' Expenses</u>"). To alleviate any problems that may arise for Committee members on account of any delay in seeking and obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and it shall seek allowance of such expenses on the same basis as other expenses incurred by the Firm in this Case.

**No Adverse Interest and Disclosure of Connections**

10. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtor, its creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the

Stang Declaration. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11. The Stang Declaration, executed by James I. Stang, a partner of PSZJ, and attached as **Exhibit A** to this Application, verifies that neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Stang Declaration.

12. Except as provided in the Stang Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee, the Debtor, and its estate and creditors.

13. To the best of the Committee's knowledge, and except as disclosed in the Stang Declaration, PSZJ has had no other prior connection with the Debtor, its creditors or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the Committee in the matters upon which it has been and is to be engaged.

14. PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in Cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

15. The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in Cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve professionals.

### Notice

16. Notice of this Application has been given to the U.S. Trustee, counsel to the Debtor, and all parties that filed a notice of appearance in this Case as of the date hereof. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

### No Prior Request

17. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee requests that this Court enter an order in this Case ubstantially in the form attached hereto as **Exhibit B** approving the employment of Pachulski tang Ziehl & Jones LLP, as counsel to the Committee effective December 18, 2018 in this ase, and granting such other and further relief as is just and proper.

ited: Santa Fe, New Mexico
December 21, 2018

Charles Paez
In his capacity as Chairman of the Committee

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-13027-t11 |

**DECLARATION OF JAMES I. STANG IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE DECEMBER 18, 2018**

JAMES I. STANG, declares under penalty of perjury as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), and maintain an office at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067. I am duly admitted to practice law in the State of California and the United States District Courts for the Southern, Eastern, Central and Northern Districts of California. I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order, Pursuant to 11 U.S.C §§ 327 and 1103, and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP pro hac vice as Counsel to the Official Committee of Unsecured Creditors Effective December 18, 2018* (the "Application").[1]

2. Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Committee, the Debtor, its

---
[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3. The Firm has made the following investigation of disinterestedness prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the name of the Debtor, the creditors of the Debtor as disclosed by it in filings with the Court, counsel to the creditors of the Debtor as disclosed by the Debtor's in Court filings, and the U.S. Trustee through the Firm's database

4. Based on the results of the Firm's search of its database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor herein, its creditors, the Committee, the U.S. Trustee or any party in interest herein in the matters upon which PSZJ is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

5. PSZJ and certain of its partners, of counsel, and associates represented, represent and in the future may represent creditors of the Debtor in connection with matters unrelated to the Debtor and this Case. At this time, the Firm is not aware of any such representations except as noted herein. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

6. The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in Cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve professionals.

7. Since 2004, the Firm has represented creditors committees in chapter 11 cases involving the following entities affiliated with the Roman Catholic Church: Diocese of Spokane (Washington); Diocese of Davenport (Iowa); Diocese of San Diego (California); Diocese of Fairbanks (Alaska); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin), The Christian Brothers' Institute, The Christian Brothers of Ireland, Inc, the Diocese of Gallup (New Mexico), the Roman Catholic Bishop of Helena (Montana), the Roman Catholic Bishop of Stockton (California), and the Roman Catholic Bishop of Great Falls-Billings (Montana). The Firm also is consulting with counsel for sexual abuse survivors with claims against another Catholic diocese. Given the confidentiality of the negotiations, I am not allowed to identify the name of the diocese; however, none of the abuse survivors in that case have claims against the Debtor and none of them are represented by counsel who have clients with claims against the Debtor.

8. Since 2012, the Firm consulted with the Law Offices of Brad D. Hall, LLC regarding the Debtor's financial condition and a potential chapter 11 filing by the Debtor.[2] The Law Offices of Brad D. Hall, LLC represents six of the nine Committee members in state court litigation regarding their abuse claims. The consultation included periodic discussions with Mr. Hall, discussions with counsel to the Debtor after commencement of the Case, and the Firm's appearance at the hearing before this Court on December 4, 2018. Neither I nor the Firm

---

[2] The Firm also consulted with O'Donnell, Clark and Crew LLP, co-counsel with the Law Offices of Brad D. Hall. That firm dissolved shortly after Mr. Clark's death in December 2013.

has received or requested any compensation for any of the consultations, appearances or conversations. The Firm's representation of any creditors in this Case after it was selected as counsel have been terminated.

9. The Firm periodically donates funds to organizations that advocate on behalf of sexual abuse victims and crime victims.

10. Based on the foregoing, PSZJ believes that it can represent the Committee in all of the matters for which the Committee seeks to retain the Firm.

11. PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

- are not creditors, equity security holders or insiders of the Debtor;

- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor;

- are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtor; and

- do not have an interest materially adverse to the interests of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

12. The Firm has not received any retainer from the Debtor, the Committee, or any member of the Committee, nor has the Firm received any payment or promise of payment, during the one-year period prior to the Petition Date. No compensation has been paid or

promised to be paid from a source other than the Debtor's estate in this Case. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Case, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its representatives are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

13. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. Due to the unique circumstances of this Case, the Firm proposes charging hourly rates which are below its regular hourly rates. The Firm proposes to charge its normal and customary hourly rates, subject to a cap at $675 per hour.

14. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses (air fare at coach rates), expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and all amendments and supplemental standing orders of the Court. The

Firm believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. During this Case, individual Committee members incur out of pocket for expenses related to their service as Committee members (any such expenses "<u>Committee Members' Expenses</u>"). To alleviate any problems that may arise for Committee members on account of any delay in seeking and obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and it shall seek allowance of such expenses on the same basis as other expenses incurred by the Firm in this Case.

16. Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this Case. PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtor's estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Los Angeles, California
December 26, 2018

/s/ James I. Stang
James I. Stang

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-13027-t11 |

## ORDER AUTHORIZING AND APPROVING THE RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>

This matter came before the Court, pursuant to 11 U.S.C. §§ 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, upon the Official Committee of Unsecured Creditors' (the "<u>Committee</u>") *Application of the Official Committee of Unsecured Creditors for Entry of an Order, Pursuant to 11 U.S.C §§ 327 and 1103, and Fed. R. Bankr. P. 2014, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones*

*LLP pro hac vice as Counsel to the Official Committee of Unsecured Creditors Effective December 18, 2018* (the "Application") [Docket No. __],[3] filed on December __, 2018.

The Court, having reviewed the record and considered the Motion, and being sufficiently advised, FINDS:

(a) On December 3, 2018, the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code;

(b) On _____, the Committee filed the Application, seeking approval, effective as of December 18, 2018, of the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in this bankruptcy case;

(c) On December __, 2018, PSZJ filed disclosures pursuant to Bankruptcy Rule 2014;

(d) On December __, 2018, the Committee served notice of the Application by mail or by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, on all creditors and other parties in interest shown on the mailing list maintained by the Clerk of the Bankruptcy Court for this case, specifying an objection deadline of 21 days from the date of service, to which three days was added under Bankruptcy Rule 9006(f);

(e) Notice given of the Application was sufficient in form and content;

(f) The objection deadline expired on January __, 2019;

(g) No objections to the Application were filed, timely or otherwise; and

(h) The Application is well taken and should be granted as provided herein.

IT IS, THEREFORE ORDERED:

---

[3] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

1. The Committee's employment of PSZJ, pursuant to Bankruptcy Code §§ 327 and 1103, to render services as provided in the engagement letter attached to Professional's Rule 2014 disclosure, hereby is approved effective as of December 18, 2018.

2. PSZJ may pay any Committee Members' Expenses directly or reimburse Committee members for any Committee Members' Expenses. PSZJ may add such Committee Members' Expenses to the Firm's invoices in this Case. Such Committee Members' Expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in this Case.

3. The Debtor is authorized to pay PSZJ on a monthly basis, upon receipt of PSZJ's billing statements and prior to the Court's approval of PSZJ's compensation ("Interim Payments"), 75% of billed fees, 100% of reimbursable costs, and 100% of applicable gross receipts tax on paid fees and costs; provided, however, that the Debtor will make Interim Payments to Court approved professional persons retained by the Debtor and the Committee on a pro rata basis. Such payments are to be made from funds of the estate. The Debtor may make Interim Payments to PSZJ based on services charged at the hourly rates set forth in the Application. Payment of fees, costs, and gross receipts taxes, whether or not approved by interim Court order, may be subject to disgorgement if the estate is ultimately found to be administratively insolvent, or if the compensation paid exceeds the amount allowed on a final basis.

4. All fees, costs and gross receipts taxes charged or paid on a monthly basis or otherwise, including the reasonableness of rates charged, are subject to ultimate approval of the Bankruptcy Court under Bankruptcy Code §§ 328, 330, and 331.

DOCS_NY:38479.3 05066/001
4
Case 18-13027-t11    Doc 54    Filed 12/26/18    Entered 12/26/18 12:44:47 Page 18 of 20

5. Professionals will file fee applications at least every 180 days. The fee applications will contain a detailed statement showing services performed by PSZJ, compensation received, and any compensation previously approved.

6. PSZJ is authorized to render professional services to the Committee as described in the Application.

7. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###

Submitted by:
*/s/ James I. Stang*
James I. Stang, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jstang@pszjlaw.com

Proposed Counsel for the Official Committee of
Unsecured Creditors of the Roman Catholic
Church of the Archdiocese of Santa Fe, a New Mexico corporation sole

Copy to:
United States Trustee
P.O. Box 608
Albuquerque, New Mexico 87103

# CERTIFICATE OF SERVICE

I hereby certify that, on December 26, 2018, in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case, as follows:

- Bruce Anderson     baafiling@eaidaho.com, brucea@eaidaho.com
- Martha G Brown     mgb@modrall.com, sandih@modrall.com
- Ford Elsaesser     ford@eaidaho.com
- Paul M Fish     pfish@modrall.com, nikkim@modrall.com;nikkim@ecf.courtdrive.com
- Juan L Flores     jflores@stelznerlaw.com, jgarcia@stelznerlaw.com
- Charles S Glidewell     charles.glidewell@usdoj.gov
- James C Jacobsen     jjacobsen@nmag.gov, jotero@nmag.gov
- Leonard K Martinez-Metzgar     leonard.martinez-metzgar@usdoj.gov
- Alice Nystel Page     Alice.N.Page@usdoj.gov
- Chris W Pierce     cpierce@walkerlawpc.com, piercelawfirm@gmail.com;WalkerLawPC14@gmail.com;MWells@walkerlawpc.com
- Samuel I. Roybal     sroybal@walkerlawpc.com, WalkerLawPC14@gmail.com,mlara@walkerlawpc.com
- Stephanie L Schaeffer     sschaeffer@walkerlawpc.com, awynn@walkerlawpc.com;WalkerLawPC14@gmail.com;mlara@walkerlawpc.com
- United States Trustee     ustpregion20.aq.ecf@usdoj.gov
- Thomas D Walker     twalker@walkerlawpc.com, mlara@walkerlawpc.com;sroybal@walkerlawpc.com;WalkerLawPC14@gmail.com;spatteson@walkerlawpc.com;mdevine@walkerlawpc.com

and by U.S. Mail on the following parties:

| | |
|---|---|
| Bank of America, N.A.<br>c/o Robert J. Miller and Khaled Tarazi<br>Bryan Cave Leighton Paisner LLP<br>Two North Central Avenue, Suite 2100<br>Phoenix, AZ 85004-4406 | |
| Sara Sanchez<br>Stelzner, Winter, Warburton, Flores, San<br>PO Box 528<br>Albuquerque, NM 87103 | Luis Stelzner<br>Stelzner, Winter, Warburton, Flores, San<br>302 8th St. NW Ste 200<br>Albuquerque, NM 87102 |
| Robert P. Warburton<br>Stelzner, Winter, Warburton, Flores, San<br>PO Box 528<br>Albuquerque, NM 87103 | Jaime Dawes<br>Stelzner, Winter, Warburton, Flores, San<br>PO Box 528<br>Albuquerque, NM 87103 |

PACHULSKI STANG ZIEHL & JONES LLP


By:     /s/ *James I. Stang*
      James I. Stang