UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No.: 18-13027-t11 |
| Debtor. | |

**APPLICATION TO EMPLOY BLANK ROME, LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel and pursuant to 11 U.S.C. §§ 327(e), 328, and 329, hereby requests the Court approve its employment of Blank Rome, LLP ("Blank Rome") as special insurance counsel for the Debtor in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of James R. Murray under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to 11

U.S.C. §§ 1107(a) and 1108.

4. The Unsecured Creditors Committee was appointed in this case on December 18, 2018 at Docket # 53.

5. The Debtor wishes to employ Blank Rome as its special insurance counsel in this Bankruptcy Case as more particularly described below and in the Declaration.

6. The employment of Blank Rome is appropriate and necessary to enable Debtor to successfully reorganize. Blank Rome has expertise in insurance matters related to claims against the Debtor and has worked on many similar cases throughout the United States. A large part of a successful reorganization in similar cases has been the contributions to the Debtor's estate made by commercial insurance companies that wrote comprehensive general liability policies decades ago. Those policies were 'triggered' by the abuse in those years when the statute of limitations for abuse claims by minors was lifted. The insurers almost always retain sophisticated, experienced national coverage counsel to represent their interests and to advance many coverage defenses (largely similar to historical asbestos and pollution cases). It is important that the Debtor have experienced and highly-regarded coverage counsel familiar with all pertinent coverage issues in order to negotiate (and litigate if necessary) on behalf of the Debtor (and for the ultimate benefit of the abuse survivors).

7. Subject to further order of this Court, it is proposed that Blank Rome be employed, effective as of the date of this filing to provide insurance advice and representation regarding possible negotiation and/or litigation relating to the underlying claims of abuse and the rights of the Archdiocese under historical general liability insurance policies.

8. Blank Rome will not act as counsel with respect to bankruptcy matters generally.

9. The services provided by Blank Rome will not duplicate or overlap the efforts of any other professional retained by Debtor, including lead bankruptcy counsel Elsaesser Anderson Chtd. and

local bankruptcy counsel Walker & Associates, P.C. The services to be provided by each of these professionals are separate and different from the services to be provided by the other professionals and all are essential to the Debtor's reorganization efforts.

10. To the best of the Debtor's knowledge, information, and belief, after making reasonable inquiry, Blank Rome has no connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee for the District of New Mexico, or any person employed in the Office of the United States Trustee. Blank Rome has represented Bank of America in matters not related to the Debtor. Accordingly, Blank Rome is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code.

11. In light of the foregoing, the Debtor believes that Blank Rome is qualified to represent its interests and the interests of its estate.

12. The Debtor understands that Blank Rome intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1(a), the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the Petition Date. The fee applications will contain a detailed statement showing services performed by Blank Rome and compensation received in accordance with all applicable guidelines and Local Rule 2016-1(a).

13. Subject to Court approval, and to the extent it is able, Debtor proposes to pay Blank Rome its customary hourly rates for services rendered that are in effect from time to time, as discounted, as set forth in the Declaration, and to reimburse Blank Rome according to its customary reimbursement policies, subject to any applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. Blank Rome's attorneys who may perform legal services for the

Debtor include James R. Murray whose hourly rate is $980.00 (discounted to $755.00); and Jim Carter whose hourly rate is $705.00 (discounted to $543.00); any other personnel who may work on this matter including partners ($450 to $1,195 per hour); counsels ($440 to $1,070 per hour); associates ($315 to $695 per hour); and paralegals, clerks and librarians ($180 to $450); and members of E-Discovery, Analysis and Technology Assistance (eDATA") staff ($165 to $295 per hour). All timekeepers will have like discounts applied to their rates.

14. Blank Rome itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at Blank Rome's actual cost. Blank Rome also charges for faxes, photocopies ($0.10 per page), and gross receipts tax on fees and costs. Further, although considered normal expenses charged to its clients, Blank Rome has informed the Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.,* Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

15. If the application to employ Blank Rome is granted, Blank Rome will render monthly statements to Debtor and other parties in interest. Blank Rome seeks authority to be paid monthly, upon receipt of Blank Rome's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331. Blank Rome's fee applications would contain a detailed statement showing services performed by Blank Rome for compensation received. As of the Petition Date, the Debtor does not owe Blank Rome any amounts for legal services rendered before the Petition Date.

16. The Debtor has not paid and Blank Rome has not received a pre-petition retainer in any amount.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§327(e), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing Debtor to employ and retain Blank Rome as special insurance counsel for the Debtor effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

Respectfully submitted,

By: *filed electronically 12/31/2018*
Stephanie L. Schaeffer
Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
e-mail: twalker@walkerlawpc.com

-and-

/s/ Bruce A. Anderson
Bruce A. Anderson
Ford Elsaesser
ELSAESSER ANDERSON CHTD.
320 East Neider Avenue #102
Coeur d'Alene ID 83815
Telephone: (208) 667-2900
Facsimile: (208) 667-2150
e-mail: brucea@eaidaho.com

*Proposed Attorneys for Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 31, 2018, in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case.

*/s/ Stephanie L. Schaeffer*
Stephanie L. Schaeffer