# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>                Debtor. | Chapter 11<br><br>Case No.: 18-13027-t11 |

## VERIFIED DISCLOSURE OF JAMES R. MURRAY IN CONNECTION WITH DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF BLANK ROME LLP AS SPECIAL INSURANCE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

I, James R. Murray, hereby declare under penalty of perjury, pursuant to Fed. R. Bankr. P. 2014(a) and 2016(b), that to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the following statements and am competent to testify to the following statements.

2. I am admitted to and practice before the bar in the state of Washington, D.C. I am a member in good standing in each of that bar. I have been licensed to practice law since 1982. I am a Senior Partner in the law firm of Blank Rome LLP ("Blank Rome").

3. I am duly authorized by Blank Rome to make all statements which I have made herein on behalf of Blank Rome and with respect to the Debtor's Application to Employ Blank Rome LLP as Special Insurance Counsel for the Debtor and Debtor-In- Possession (the "Application").

4. I am filing this Declaration in support of the Application. To the extent that any

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 1

information disclosed herein requires amendment or modification upon Blank Rome's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same.

5. This declaration is submitted also as the statement required pursuant to §§ 328, 329, and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2016-1(a) of the Local Rules of the United States Bankruptcy Court, District of New Mexico (the "Local Rules").

**Services to be provided**

6. Blank Rome will provide the Debtor with insurance advice and representation regarding possible negotiation and/or litigation relating to underlying claims of abuse and the rights of the Archdiocese under historical general liability insurance. Blank Rome will not act as counsel with respect to bankruptcy matters generally.

**Professional Compensation**

7. Compensation paid to Blank Rome for services rendered in connection with this case is to be a reasonable fee, based upon customary hourly rates normally charged to clients of Blank Rome, as discounted. All amounts paid by Debtor post-petition to Blank Rome shall be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330 and 331. Blank Rome did not receive a prepetition retainer.

8. Blank Rome's attorneys who may perform legal services for the Debtor include James R. Murray whose hourly rate is $980.00 (discounted to $755.00); and Jim Carter whose hourly rate is $705.00 (discounted to $543.00); any other personnel who may work on this matter including partners ($450 to $1,195 per hour); counsels ($440 to $1,070 per hour);

associates ($315 to $695 per hour); and paralegals, clerks and librarians ($180 to $450); and members of E-Discovery, Analysis and Technology Assistance (eDATA") staff ($165 to $295 per hour). All timekeepers will have like discounts applied to their rates. Hourly rates will be charged based on the individual's normal billing rate, expertise, and experience. Blank Rome reserves the right to change its hourly rates and shall notify Debtor and obtain any required Court approval in advance of any rate increases before the increase goes into effect.

9. Blank Rome itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, court fees, deposition expenses, computerized legal research, and expert witness fees, all at cost, faxes ($0.15 per page) and photocopying ($0.10 per page). Blank Rome does not charge separately for word processing, in town messenger service, or secretarial overtime, all of which are included as part of its overhead.

10. Blank Rome has informed Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.*, Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

11. No promises have been received by Blank Rome or any attorney or professional of Blank Rome as to payment of compensation in connection with this case in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders. Blank Rome has no agreement with any other entity to share with such entity any compensation received by Blank Rome, except as permitted under § 504(b)(1) of the Bankruptcy Code.

12. The bankruptcy estate will be the source of payment of compensation to Blank Rome, subject to court approval. No compensation for legal services rendered and reimbursement of expenses incurred in representation of Debtor has been promised to Blank Rome from any source other than Debtor. Blank Rome has not agreed, and will not agree, to share compensation with any person or entity except employees of Blank Rome.

13. Blank Rome requests that it be paid by Debtor on a monthly basis, upon receipt of Blank Rome's billing statements and prior to the Court's allowance of Blank Rome's compensation, seventy-five percent (75%) of billed fees, one hundred percent (100%) of reimbursable costs and one hundred percent (100%) of applicable gross receipts tax on fees and costs that are paid.

14. Blank Rome intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, no less frequently than every 180 days, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and the Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Blank Rome incurs.

**Disinterestedness**

15. Blank Rome is required to disclose to this Court any and all connections with Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

16. Blank Rome has no connections with Debtor.

17. As of the Petition Date, Debtor does not owe Blank Rome any amounts for legal services rendered before the Petition Date.

18. Blank Rome's connections with the office of the U.S. Trustee and any of its employees extend only to Blank Rome's involvement as counsel for debtors, trustees, and creditors in other cases in the Bankruptcy Court.

19. Blank Rome has represented Bank of America in matters not related to the Debtor.

20. Other than Bank of America, Blank Rome does not represent any of Debtor's known creditors or any of their known attorneys, and Blank Rome does not have an insider relationship, as "insider" is defined in § 101(31) of the Bankruptcy Code, with any of Debtor's known creditors or any of their known attorneys, to the best of Blank Rome's knowledge, after reasonable due diligence. In connection herewith, Blank Rome performed a review of the connections and relationships between Blank Rome and Debtor's known secured creditors, Debtor's twenty largest unsecured creditors, and Debtor's officers and directors, as well as other parties in interest with respect to the Chapter 11 case. In conducting this review, Blank Rome searched its database of clients and opposing parties for the names of the foregoing parties. In light of the extensive number of creditors and other parties in interest, Blank Rome has been unable to conclusively identify all potential relationships. However, to the extent that Blank Rome becomes aware of any additional relationships, Blank Rome will promptly file a supplemental declaration.

21. In addition, Blank Rome or its employees may subscribe to telephone and other utility services, and may purchase other goods and/or services, from vendors of Debtor.

22. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, Blank Rome holds no interest adverse as to Debtor with respect to the matters for which it is to be employed. Accordingly, I

submit that Blank Rome is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

23. Based upon the foregoing, I respectfully submit that the requirements for Blank Rome's retention as special insurance counsel for Debtor have been met.

The undersigned verifies under penalty of perjury that the above is true and correct.

DATED: December 28, 2018.

/s/ *James R. Murray*
JAMES R. MURRAY
Blank Rome LLP
1825 Eye Street NW
Washington DC 20006
Phone: 202.420.3409
Fax: 202.420.2201
Email: JMurray@blamkrome.com

FILED BY:
WALKER & ASSOCIATES, P.C.

By: */s/filed electronically*
Thomas D. Walker
Stephanie L. Schaeffer
500 Marquette Ave., NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287

*Proposed Counsel for Debtor in Possession*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 31st day of December 2018, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

*/s/ Stephanie L. Schaeffer*
Stephanie L. Schaeffer

VERIFIED DISCLOSURE OF JAMES R. MURRAY - 6