UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>                          Debtor. | Chapter 11<br><br>Case No. 18-13027-t11 |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

The Roman Catholic Church of the Archdiocese of Santa Fe ("**ADSF**" or the "**Debtor**") in the above-captioned case (the "**Reorganization Case**"), submits this Objection to "Creditor Christine Romero's Motion for Relief from the Automatic Stay" [Doc. No. 79] ("**Motion**")[1] filed by Christine Romero (the "**Movant**"). The Motion should be denied, because there is no "cause" for stay relief; instead, there are a number of compelling reasons why the Movant's litigation should remain subject to the automatic stay. When the facts underlying the Motion are measured against the stated "benefit" from allowing Movant's claims to go forward, there is only one conclusion—the Motion must be denied.

### I. FACTUAL BACKGROUND

On or about October 31, 2017, Movant filed a Notice of Appeal from Determination by the Human Rights Bureau, Labor Relations Division, Department of Workforce Solutions, and Complaint for Violations of the New Mexico Human Rights Act, Breach of Applied Covenant of Good Faith and Fair Dealing, Attorney Fees, and Punitive Damages (the "**Complaint**") in the First Judicial District Court in the State of New Mexico Santa Fe County (the "**State Court**"). as Cause no. D-101-CV-2017-03131 captioned C*hristine B. Romero v. Archdiocese of Santa Fe, and Larry*

---

[1] The Movant did not file a notice of deadline to object to the Motion.

*Brito* (the "**State Court Action**"). The parties have conducted some written discovery in the State Court Action, but no depositions have been conducted, there is no scheduling order in place, and no trial date has been set.

The claims raised by Movant in the State Court Action are covered by one or more of the Debtor's insurance policies. However, there are several other claims against the Debtor that are covered by the same policy or policies.

The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 3, 2018 ("**Petition Date**"). Since the Petition Date, the Debtor has been operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On January 22, 2019, Movant filed the Motion seeking an order modifying the automatic stay provided by 11 U.S.C. § 362 so that Movant may proceed with the ultimate disposition of the State Court Action.

## II. LEGAL ARGUMENT

**A.     No Cause Exists to Lift or Modify the Stay**

11 U.S.C. § 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause." 11 U.S.C. § 362(d)(1). To determine whether cause exists for relief from the automatic stay, most courts, including those in the Tenth Circuit, apply the factors articulated in the case of *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984). *See, e.g. In re Sunland, Inc.*, 508 B.R. 739, 743 (Bankr.D.N.M. 2014) (adopting the *Curtis* factors). The Movant argues that the Court should not apply the *Curtis* factors, but does not explain this position. Motion, p. 4. While Movant is correct that the Court is not *required* to evaluate the Motion using the *Curtis* factors, the *Curtis* factors provide a useful framework to determine whether cause exists to lift the stay.

Under *Curtis*, the following factors are relevant to stay relief motions:

(1) whether such litigation will result in partial or complete resolution of the issues; (2) whether such litigation will lack any connection with or interfere with the bankruptcy case; (3) whether such litigation should to be heard in a specialized tribunal established to hear such matters and with particular expertise in such cases; (4) whether the debtor's insurance carrier has assumed full responsibility for defending the litigation; (5) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (6) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (7) whether the litigation has progressed to the point where the parties are prepared for trial; and (8) the impact of the stay on the parties and the "balance of hurt".

*Curtis* at 799-801.

The *Curtis* factors overwhelmingly weigh in favor of maintenance of the stay in the Reorganization Case, to protect all creditors equally and prevent a state court race to the courthouse over limited insurance proceeds and assets.

1. Stay Relief Will Not Even Partially Resolve the Issues in the Reorganization Case.

Stay relief will not resolve—even partially—the issues in the Reorganization Case. Instead, stay relief will impede resolution of such issues. As this Court pointed out in *Sunland*, where one creditor is allowed to proceed with a lawsuit at the expense of other similarly situated claimants, "[t]his would be contrary to the purpose of the automatic stay, which is to provide for equality of distribution among creditors and to protect creditors by averting a scramble for the debtor's assets." 508 B.R. at 744 (internal punctuations and citations omitted).

2. The State Court Action is Intertwined with the Reorganization Case and Will Interfere with the Reorganization Case if the Stay if Lifted

Another factor favoring leaving the automatic stay in place is the inextricable manner in which the State Court Action is tied to the Reorganization Case and how allowing the State Court Action to proceed will interfere with the administration of the bankruptcy case. Of all the *Curtis* factors, this is "[t]he most important factor…Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." *Curtis*, 40 B.R. at 806.

The Movant's claims are linked to the Reorganization Case, because the claims are covered by a policy or policies that cover other existing claims against the Debtor. If the Movant obtains a judgment and is paid under those policies, there may not be sufficient funds to pay the other claims. The Debtor has a fiduciary duty to all creditors, which requires the Debtor to maximize the value of the estate. *See* 11 U.S.C. §§ 704(a), 1106(a), and 1107(a). Forcing the Debtor to defend against the State Court Action will increase the administrative expenses in this case[2], distract the Debtor from its reorganization, and could result in Movant receiving a greater pro rata recovery than other creditors. This result is contrary to the purpose of the Bankruptcy Code.

    3.    <u>No Specialized Tribunal Exists for the State Court Action</u>

While the State Court is certainly qualified to hear the State Court Action, the State Court Action is not a specialized matter, and there is no special forum (e.g. tax court) in which it must be tried. *See Curtis*, 40 B.R. at 800 (listing examples of specialized tribunals). Because there is no "special forum" in which to try the Movant's claims, this factor does not favor stay relief.

    4.    <u>Lifting the Stay Would Prejudice the Interests of the Other Creditors and Interested Parties</u>

The undertaking of prolonged litigation in the State Court Action will prejudice the bankruptcy estate and interfere with the bankruptcy proceeding. As set forth above, if the Debtor is forced to defend against the State Court Action in the State Court, it will divert the estate's limited resources from the Debtor's efforts to reorganize and pay all of its creditors in an equitable manner. If Movant is allowed to recover from the Debtor's insurers outside of the bankruptcy case, the policies may be exhausted, leaving no funds with which to pay other claimants. This factor weighs strongly against lifting the stay.

---

[2] One or more of the insurance policies does provide for defense costs, but the defense costs erode the aggregate available to pay claimants.

5. <u>Lifting the Stay Will Waste Judicial Resources</u>

The interests of judicial economy will not be served by trying the Movant's case at all—regardless of which court hears them. There is simply no reason to liquidate the Movant's claims outside of the bankruptcy court, and there are many reasons not to. Any time or fees spent on the litigating the Movant's cases cannot be replaced. Moreover, the administrative costs that would accrue in the Reorganization Case, which would be stalled waiting for the Movant's cases to conclude (possibly through appeal), would be prohibitive. *See Sunland*, 508 B.R. at 745-746 (noting that where litigation will be lengthy, claimants are better off having their claims administered through the bankruptcy case in a timely manner). The Debtor's estate must not be forced to bear years more of reorganization fees as well as time diverted from the mission and ministry as it waits for the Movant's claims to be resolved in the State Court (and perhaps through appeal), nor should its creditors.

6. <u>The Parties Are Not Ready for Trial</u>

Although the Movant has conducted some written discovery in the State Court Case, the Debtor has not undertaken significant discovery, and no parties have conducted depositions. No trial date has been set and no scheduling order has been entered. The State Court Action is not ready for trial.

7. <u>Impact of Stay and Balance of Harms Tilts in Debtor's (and Other Creditors' Favor)</u>.

This factor is essentially an amalgam of all the other factors, and very clearly indicates why the stay must remain in place. The real harms the Court must balance in the context of the Motion are the harms to the creditors if stay relief is granted. *See Sunland*, 508 B.R. at 745. The Motion

-5-

Case 18-13027-t11    Doc 92    Filed 02/15/19    Entered 02/15/19 10:10:18 Page 5 of 7

ignores the great disparity in the treatment that Movant and other creditors (both tort claimants and non-tort claimants) will receive if the stay is lifted. The Debtor's other creditors will suffer harm if the stay is lifted as to the State Court Action. Conversely, if Movant's claim is administered in the bankruptcy case, the claim will be administered efficiently and fairly. Movant will not suffer any harm if the stay is maintained.

### B. Movant's Allegations of Malice are Irrelevant to Stay Relief

In the Motion, Movant argues that cause to lift the stay exists because "the claims in the state forum involve willful and malicious conduct that intended to harm Christine Romero" and "the non-dischargeability elements of 11 U.S.C. § 523(a)(6) are met." Motion, p. 5. First, the Debtor is not an individual, and is not eligible for a discharge under the Bankruptcy Code. Second, alleged non-dischargeability of a debt is not relevant to the issue of whether cause exists to lift or modify the automatic stay.

### III. CONCLUSION.

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion and grant Debtor all other just and proper relief.

Respectfully submitted,

*/s/ Bruce A. Anderson*
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com

-and-

>                             */s/ Stephanie L. Schaeffer*
>                             Thomas D. Walker
>                             Stephanie L. Schaeffer
>                             WALKER & ASSOCIATES, P.C.
>                             500 Marquette N.W., Suite 650
>                             Albuquerque, New Mexico 87102
>                             (505) 766-9272
>                             Fax: (505) 722-9287
>                             twalker@walkerlawpc.com
>                             sschaeffer@walkerlawpc.com
>                             Counsel for Debtor

Pursuant to F.R.C.P. 5(b)(3), F.R.B.P. 9036 and NM LBR 9036-1(b), I hereby certify that service of the foregoing was made on February 15, 2019 via the notice transmission facilities of the Bankruptcy Court's case management and electronic filing system.

*/s/Stephanie L. Schaeffer*
Stephanie L. Schaeffer