**IT IS ORDERED**

**Date Entered on Docket: March 8, 2019**

_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**



_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>                          Debtor. | Chapter 11<br><br>Case No. 18-13027-t11 |

### ORDER FIXING TIME FOR FILING PROOFS OF CLAIMS; APPROVING PROOF OF CLAIM FORMS; PROVIDING FOR CONFIDENTIALITY PROTOCOLS; AND APPROVING FORM AND MANNER OF NOTICE

Before the Court is the motion of The Roman Catholic Church of the Archdiocese of Santa Fe, Debtor-In-Possession ("Debtor"), entitled "Motion for an Order Establishing Deadlines for Filing Proofs of Claims; Approving Claim Forms; for Sealing of Schedules and Pleadings and for Confidentiality Protocols; and Approving Form and Manner of Notice Thereof; and Notice of Motion" (Doc. No. 83) (the "Motion"). Capitalized terms used but not defined herein shall have the meaning and definitions ascribed to them in the Motion. It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")

1

and New Mexico Local Bankruptcy Rules ("LBR"); that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion is appropriate, and no other or further notice is required. On February 21, 2019, "John Doe" filed an objection requesting the Court shorten the deadline for parties to file proofs of claim (doc. 103) (the "Objection"). No other objections were filed to the Motion. The relief requested in the Motion is in the best interest of the Debtor's estate, its creditors and other parties-in-interest, and necessary and appropriate for establishing procedures; and that sufficient cause exists.

**Therefore, IT IS HEREBY ORDERED** that:

1. The Objection is overruled.

2. The Motion is granted as set forth in the Order.

**FORMS**

3. The Sexual Abuse Proof of Claim Form, the General Claims Bar Date Notice, the Permitted Party Confidentiality Agreement, the Sexual Abuse Claims Bar Date Notice, and the Publication Notice, in the forms annexed hereto as Exhibits "A," "B," "C," "D," and "E" respectively, are approved. Court approval of the Sexual Abuse Proof of Claim Form is without prejudice to the requests of any party in interest to request additional information from sexual abuse claimants regarding their filed claims under applicable rules or as may be further ordered by the Court.

**NOTICE**

4. The form and manner of notice as approved herein fulfill the notice requirements of the Bankruptcy Rules and the NM LBRs, and notice of the bar dates in the form and manner as approved herein is fair and reasonable and will provide sufficient and due notice to all creditors

of their rights and obligations in connection with claims they may assert against the Debtor's estate in this Chapter 11 case. Accordingly, the Debtor is authorized and directed to serve and/or publish the notices in the manner described herein.

**BAR DATES**

5. Except as provided in paragraph 6 of this Order, any entity holding a pre-petition claim against the Debtor <u>must</u> file a proof of claim in accordance with the procedures described herein **on or before June 17, 2019 at 5:00 p.m. (Prevailing Mountain Time)** (the "General Claims Bar Date"). The General Claims Bar Date applies to all persons and entities (including governmental units), <u>other</u> than Sexual Abuse Claimants addressed in paragraph 5, that assert claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to commencement of the Debtor's chapter 11 case. The General Claims Bar Date shall be identified in the General Claims Bar Date Notice and the Publication Notice.

6. Except as provided in paragraph 6 of this Order, any entity holding a prepetition claim arising from sexual abuse for which the individual believes the Debtor may be liable, <u>must</u> file a proof of claim in accordance with the procedures described herein **on or before June 17, 2019 at 5:00 p.m. (Prevailing Mountain Time)** (the "Sexual Abuse Claims Bar Date"). The Sexual Abuse Claims Bar Date shall be identified in the Sexual Abuse Claims Bar Date Notice and the Publication Notice. A Sexual Abuse Claim is:

> Any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archdiocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other sexual misconduct, and seeking monetary damages or any other relief, under any theory of liability, including

vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Archdiocese or any other person or entity for whose acts or failures to act the Archdiocese is or was allegedly responsible.

**WHO MUST FILE PROOFS OF CLAIM**

7. The following entities, whose claims otherwise would be subject to the General Claims Bar Date or the Sex Abuse Claims Bar Date, shall **not** be required to file proofs of claim in this Chapter 11 case:

    a. Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the District of New Mexico (the "Court");

    b. Any person or entity: (i) whose claim is listed in the Debtor's filed schedules or any amendments thereto; **and** (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated;" **and** (iii) who does not dispute the amount or classification of its claim as set forth in the schedules;

    c. Any person or entity that asserts an administrative expense claim against the Debtor pursuant to § 503(b) and § 507(a)(2) of the Bankruptcy Code;

    d. Any person or entity whose claim against the Debtor has been allowed by an Order of the Court entered on or before the applicable bar date; and

    e. Any person or entity whose claim has been paid in full.

8. By virtue of the foregoing, the following entities **must** file a proof of claim on or before the applicable bar date:

    a. Any person or entity whose prepetition claim against the Debtor is not listed in the Debtor's schedules or whose prepetition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated, and that desires to participate in this case or share in any distribution in this case;

    b. Any person or entity that believes that its prepetition claim is improperly classified in the schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the schedules; and

    c. Any Sexual Abuse Survivor who believes that he or she has a claim against the Debtor, including but not limited to, Sexual Abuse Claimants who

4
Case 18-13027-t11   Doc 116   Filed 03/08/19   Entered 03/08/19 16:11:57 Page 4 of 12

previously filed lawsuits against the Debtor, and Sexual Abuse Claimants who never filed a lawsuit, entered into a settlement or reported their abuse.

9.  **Any entity that is required to file a proof of claim in this Chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable bar date, may not be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any Chapter 11 plan proposed and/or confirmed in this case.**

10.  The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses, including statute of limitations, against any filed claim or any claim listed or reflected in the schedules as to nature, amount, liability, classification or otherwise; (ii) subsequently designate any claim as disputed, contingent or unliquidated; and (iii) request information from sexual abuse claimants regarding their filed claims under applicable rules or as may be further ordered by the Court. Nothing herein shall affect any party's rights regarding discovery or informal information requests.

**REQUIREMENTS FOR PROOF OF CLAIM FORMS**

11. Each general creditor proof of claim form must: (a) be written in English; (b) be denominated in lawful currency of the United States as of the petition date; (c) have attached copies of any writings upon which the claim is based, including evidence that a security interest has been perfected for any secured claims; and (d) be originally executed and delivered to the Clerk of the United States Bankruptcy Court for the District of New Mexico at the following address: Office of the Clerk of Court U.S. Bankruptcy Court, District of New Mexico, Pete V. Domenici U.S. Courthouse, 333 Lomas Blvd. NW, Suite 360 Albuquerque, NM 87102.  All general creditor proof of claim forms must be received by the Bankruptcy Court Clerk by the General Claims Bar Date (proofs of claim sent by facsimile or e-mail will **not** be accepted).

12. Each Sexual Abuse Proof of Claim Form filed must: (a) be written in English or Spanish; and (b) be originally executed and delivered, <u>along with one (1) copy</u>, to the Clerk of the United States Bankruptcy Court for the District of New Mexico at the following address: Office of the Clerk of Court-ATTN SEALED DOCUMENTS, U.S. Bankruptcy Court, District of New Mexico, Pete V. Domenici U.S. Courthouse, 333 Lomas Blvd. NW, Suite 360 Albuquerque, NM 87102. All Sexual Abuse Proof of Claim Forms must be received by the Sexual Abuse Claims Bar Date (proofs of claim sent by facsimile or e-mail will **not** be accepted). The Clerk of the Court will provide a copy of the Sexual Abuse Proofs of Claim to the Debtor on a weekly basis. The Debtor shall provide copies (including electronic copies) of all Sexual Abuse Proofs of Claim to the Committee within two business days of the Debtor's receipt thereof.

**CONFIDENTIALITY PROTOCOLS**

13. Sexual Abuse Proof of Claim Forms shall be submitted pursuant to the following Confidentiality Protocol:

    a. Sexual Abuse Proof of Claim Forms submitted by Sexual Abuse Claimants shall be sealed and will not be available to the general public unless a Sexual Abuse Claimant affirmatively indicates his or her desire that the Sexual Abuse Proof of Claim Form be made public in Part 1 of the Sexual Abuse Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Sexual Abuse Claimants. Accordingly, Sexual Abuse Claimants may elect to make any of the information contained in a Sexual Abuse Proof of Claim Form public, even if they elected to file the Proof of Claim confidentially.

    b. Sexual Abuse Proof of Claim Forms submitted by a Sexual Abuse Claimant shall be held and treated as confidential by the Debtor and Debtor's counsel and copies thereof may be provided to the parties listed below (the "**Permitted Parties**") and to such other persons that may be granted access to the Sexual Abuse Proofs of Claim by order of the Court. No party (including a Permitted Party) may obtain copies of Sexual Abuse Proofs of Claim unless such party executes a confidentiality agreement substantially in the form attached hereto as Exhibit C (the "**Confidentiality Agreement**"). All parties with access to the Sexual Abuse Proof of Claim Forms shall keep the information provided in a

Sexual Abuse Proof of Claim Form confidential (unless the Sexual Abuse Claimant elects otherwise in Part 1 of the Sexual Abuse Proof of Claim Form).[1] Executed Confidentiality Agreements shall be provided to counsel to the Debtor and counsel to the Committee. Permitted Parties shall not disclose the contents of any Sexual Abuse Claim Form unless expressly authorized pursuant to Part 1 of the Sexual Abuse Claim Form, even if the Sexual Abuse disclosed some or all of the information contained in the form. Counsel to the Debtor and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per law firm.

    i. Any recipient that is a party to a Confidentiality Agreement may use the information provided in any and all Sexual Abuse Proof of Claims Forms only in connection with the Case, any related adversary proceedings or contested matters in the Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, any settlement negotiation or mediation regarding all of the foregoing, and as otherwise required by federal or state laws or regulations ("Permitted Use(s)").

    ii. In the event a Permitted Use requires Recipient to disclose to a court information provided in any and all Sexual Abuse Proof of Claims Forms, Recipient will file the Sexual Abuse Proof of Claim Forms under seal or in accordance with any subsequent order entered by the Bankruptcy Court in the Case regarding such disclosure after request by Recipient and/or other parties in interest in the Case.

    iii. Nothing herein or in the Confidentiality Agreements imposes any restrictions on the use or disclosure of any information that is obtained from a source other than the Sexual Abuse Proof of Claim Forms, or precludes the recipient from petitioning the Court regarding modification of this Order or Confidentiality Agreements as to disclosure of the information contained in the Sexual Abuse Proof of Claim Forms.

    iv. Nothing herein shall affect any party's rights regarding discovery or informal information requests

c. The Permitted Parties (the "**Permitted Party List**") include:

    i. Counsel to the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

    ii. The Archbishop of the Archdiocese of Santa Fe (the "**Archbishop**") and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Sexual Abuse

---

[1] Except for counsel to the Debtor and counsel to the Committee and unless otherwise specified herein, access to the Sexual Abuse Proof of Claim Forms extends only to the natural person who executes the Confidentiality Agreement. A separate Confidentiality Agreement must be signed by each natural person who seeks access to the records on behalf of a Permitted Party.

        Claims;
iii. Counsel for the Committee, including partners, counsel, associates, and employees of such counsel;
iv. Any insurance company that provided insurance that may cover the claims described in the Sexual Abuse Proof of Claim Forms upon consent of the Debtor and the Committee;
v. Any unknown claims representative appointed pursuant to an order of the Court in this case;
vi. Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;
vii. Any special arbitrator/claims reviewer appointed to review and resolve the claims of Sexual Abuse Claimants;
viii. Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;
ix. Authorized representatives of a department of corrections if the Sexual Abuse Claimant is incarcerated but only to the extent disclosure is authorized or required under applicable non-bankruptcy law;
x. Members of the Committee and their personal counsel (after the Sexual Abuse Proof of Claim Form has been redacted to remove the Sexual Abuse Claimant's name, address, and any other information identified in Part 2(A) of the Sexual Abuse Proof of Claim Form and the signature block);
xi. Any Person with the express written consent of the Debtor and the Committee upon 10 business days' notice to Sexual Abuse Claimants;
xii. Insurance companies or their successors, including any authorized claim administrators of such insurance companies, that issued or allegedly issued policies to the Debtor and their reinsurers and attorneys; and
xiii. Such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims; provided, however, that any such determination shall be made on no less than 7 days' notice to Sexual Abuse Claimants.

**TIMING AND FORM OF NOTICE**

14. Within five (5) days of the entry of this Order, the Debtor shall serve by United States mail, first-class postage prepaid, the General Claims Bar Date Notice on (a) the Office of the United States Trustee for the District of New Mexico; (b) counsel to the Committee; (c) counsel for all person or entities who have filed a notice of appearance in the Debtor's case;

(d) all persons or entities listed in Debtor's schedules; (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all persons or entities that have previously filed proofs of claim in this case; (g) any other persons or entities or their counsel, including governmental units, known to the Debtor as persons or entities who may have claims against the estate; and (h) such additional persons and entities as deemed appropriate by the Debtor.

15. Within five (5) days of entry of this Order, the Debtor shall also serve by United States mail, first-class postage prepaid, the Sexual Abuse Claims Bar Date Notice on the parties identified in paragraph 13(a), (b), (c), (d) and (h), and on known Sexual Abuse Claimants who:

   a. filed, or threatened to file, lawsuits against the Debtor that allege they were abused;

   b. contacted the Debtor to report that they were claimants of abuse, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal; or

   c. are known to the Debtor to be Sexual Abuse Claimants for any other reasons whatsoever.

16. The Debtor shall also provide notice of the Sexual Abuse Claims Bar Date and the General Claims Bar Date by causing a copy of the Publication Notice to be published as follows:

   a. Publication twice (in English) in each of the following publications, with the first publication to occur within two weeks of the service required under paragraphs 13 and 14 and the second publication to occur no later than thirty
   (30) days prior to the expiration of the bar dates, unless otherwise noted below:

   Local U.S. Publications and Entities
   Alamogordo Daily News
   Albuquerque Journal
   Albuquerque Journal North
   Arizona Republic
   Cibola Beacon

        Denver Post
        El Paso Times
        Farmington Times
        Gallup Independent
        Las Cruces Sun News
        Las Cruces Sun Times
        Las Vegas Optic
        Navajo Times
        Rio Grande Sun (Espanola)
        Rio Grande Sun
        Roswell Daily Record
        Sangre de Cristo Chronicle
        Santa Fe New Mexican
        Santa Fe Reporter
        Taos News
        Weekly Alibi

        People of God (shall be published on April 13, 2019 and once no later than thirty (30) days prior to the expiration of the General and Sexual Abuse Bar Date)

        USA Today (shall be published one time only no later than thirty (30) days prior to the expiration of the General and Sexual Abuse Bar Date)

    b.     Debtor will also send a copy of the Sexual Abuse Claims Bar Date Notice to the publications listed in paragraph 15(a) and to the Associated Press of Albuquerque.

17. The Debtor shall provide further notice of the Sexual Abuse Claims Bar Date by taking the following measures:

    a.     Upon entry of the Order, the Debtor will post the Sexual Abuse Bar Date Notice Package on the following website: *https://archdiosf.org/* and will request the Parishes post on the website of each Parish that maintains a website.

    b.     The Debtor will maintain a telephone number which may be used by Sexual Abuse Claimants to ask questions or obtain copies of the Sexual Abuse Bar Date Notice Package or parts thereof.

    c.     Within one (1) week of the service of Sexual Abuse Bar Date Notice Package, the Debtor will mail a copy of the Sexual Abuse Bar Date Notice to the following:

        1.     the attorney general for New Mexico;

        2.     the district attorney for each county in New Mexico;

3. each Parish and mission that is a part of the Archdiocese;

4. the public health agency, if any, for each county where the Archdiocese has a parish or mission;

5. a substance abuse agency, if any, in each county where the Archdiocese has a parish or mission, including without limitation the Agora Crisis Center in Albuquerque;

6. the police/sheriff's department for each locality where the Archdiocese has a parish or mission;

7. the hospital(s) for each county where the Archdiocese has a parish or mission;

8. each Governor's/President's Office of each of the Pueblos, Tribes and Nations located in New Mexico; and

9. any Diocese located within the State of New Mexico with a request that it be published on its website.

d. The Debtor will simultaneously request that each recipient identified in paragraph 16(c) publicly post such notice until the expiration of the Sexual Abuse Claims Bar Date.

e. Each request described in paragraph 16(c) shall be on the Debtor's letterhead, personally signed by the Archbishop. The request shall include a statement at the bottom for the recipient to indicate whether it will comply with the request and the request shall include a stamped self-addressed return envelope.

18. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

### END OF ORDER ###

Submitted by:

By:/s/ Stephanie L. Schaeffer
Thomas D. Walker
Stephanie L. Schaeffer
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272

-and-

Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
Counsel for Debtor

APPROVED BY:

/s/Ilan D. Scharf
   James I. Stang, Esq.
   Ilan D. Scharf, Esq.
   PULCHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
   Telephone: (310) 277-6910
   Facsimile: (310) 201-0760
   Email: jstang@pszjlaw.com
Counsel for the Official Committee of Unsecured Creditors of the Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole
Attorney for Arrowhead Insurance and Great American Insurance

Copy to:

U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103
ustpregion20.aq.ecf@usdoj.gov
Albuquerque, NM 87103