UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF     Case No. 18-13027-t11
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole

     Debtor.

**APPLICATION TO EMPLOY KENNEDY, MOULTON & WELLS, P.C. AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

     The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel and pursuant to 11 U.S.C. §§ 327(e), 328, and 329, hereby requests that the Court approve its employment of Kennedy, Moulton & Wells, P.C. ("KM&W") as special counsel for the Debtor in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of Debra J. Moulton under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

     1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

     2.     On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

     3.     The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

     4.     The Unsecured Creditors Committee was appointed in this case on December 18, 2018 Docket # 53.

5. The Debtor wishes to employ KM&W as its special counsel in this Bankruptcy Case as more particularly described below and in the Declaration.

6. KM&W represented the Debtor, prior to the Petition Date, in a pending civil action in the Second Judicial District for the State of New Mexico ("State Court Case") Cause No. D-202-CV-2018-07481 captioned *Thomas Paickattu v. Archdiocese of Santa Fe, et. al*. Although the State Court Case has been stayed, Thomas Paickattu has filed an adversary case against the Debtor (the "Adversary Case") in the Bankruptcy Court as Case No. 19-01011. KM&W's assistance will be required to address the Adversary Case and issues related to the State Court Case.

7. The employment of KM&W is appropriate and necessary to enable Debtor to successfully reorganize. KM&W is intimately familiar with the factual and legal issues in the State Court Case and the Adversary Case and such knowledge will be crucial in defending the Adversary Case. Therefore, Debtor wants to employ KM&W as its special counsel for the Adversary Case.

8. The Adversary Case, the State Court Case and the matters related to the Adversary Case and the State Court Case are the only matters in which KM&W will represent Debtor during the pendency of the Reorganization Case.

9. Subject to further order of this Court, it is proposed that KM&W be employed, effective as of the filing of this Application to provide legal advice and assistance in the Adversary Case, and in the event that the automatic stay is modified or lifted in the State Court Case. KM&W will not act as counsel with respect to bankruptcy matters generally.

10. The services provided by KM&W will not duplicate or overlap the efforts of any other professional retained by Debtor, including lead bankruptcy counsel Elsaesser Anderson Chtd. and local bankruptcy counsel Walker & Associates, P.C. The services to be provided by each of these professionals

are separate and different from the services to be provided by the other professionals and all are essential to the Debtor's reorganization efforts.

11. To the best of the Debtor's knowledge, information, and belief, after making reasonable inquiry, KM&W has no connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee for the District of New Mexico, or any person employed in the Office of the United States Trustee. Accordingly, KM&W is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code.

12. In light of the foregoing, the Debtor believes that KM&W is qualified to represent its interests and the interests of its estate.

13. The Debtor understands that KM&W intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1.1, the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the Petition Date. The fee applications will contain a detailed statement showing services performed by KM&W and compensation received in accordance with all applicable guidelines and Local Rule 2016-1.1.

14. Subject to Court approval, and to the extent it is able, Debtor proposes to pay KM&W its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse KM&W according to its customary reimbursement policies, subject to any applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. KM&W may be paid directly by Debtor's insurance company Catholic Mutual. All payments that KM&W receives from Catholic Mutual will be disclosed to the Court. KM&W's attorney who may perform legal services for the Debtor is Debra J. Moulton whose hourly rate is $190 for issues related to the Adversary Case and matters related to issues raised in the Adversary Case and State Court Case  Any

other attorneys who may be employed by KM&W would be billed at their regular hourly rates. Law clerks and paralegals would be billed at $75 per hour.

15. KM&W itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at KM&W's actual cost. KM&W also charges for telecopies, photocopies ($0.10 per page), and gross receipts tax on fees and costs. Further, although considered normal expenses charged to its clients, KM&W has informed the Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.,* Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

16. If the application to employ KM&W is granted, KM&W will render monthly statements to Debtor, Catholic Mutual and other parties in interest. KM&W seeks authority to be paid monthly from the Debtor, upon receipt of KM&W's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. KM&W seeks authority to be paid monthly from Catholic Mutual, upon receipt of KM&W's billing statements. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331. KM&W's fee applications would contain a detailed statement showing services performed by KM&W for compensation received.

17. As of the Petition Date, ADSF does not owe KM&W any amounts for legal services rendered before the Petition Date. All amounts paid were paid in the ordinary course of the business relationship between ADSF and KM&W.

18. The Debtor has not paid and KM&W has not received a pre-petition retainer in any amount.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§327(e), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing Debtor to employ and retain KM&W as special counsel for the Debtor effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

>Respectfully submitted,
>WALKER & ASSOCIATES, P.C.
>By: *filed electronically 3/13/2019*
>　　Thomas D. Walker
>　　Stephanie L. Schaeffer
>　　500 Marquette Ave NW, Suite 650
>　　Albuquerque, NM 87102
>　　Telephone: (505) 766-9272
>　　Facsimile: (505) 766-9287
>　　e-mail: twalker@walkerlawpc.com
>A*ttorneys for Debtor in Possession*

I hereby certify that, on March 13, 2019,
in accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), a true copy of the
foregoing was served via the Court's CM/ECF
notification facilities to those parties who are
registered CM/ECF participants in this case.

*s/ filed electronically*
Stephanie L. Schaeffer

-5-

Case 18-13027-t11　　Doc 124　　Filed 03/13/19　　Entered 03/13/19 10:00:40 Page 5 of 11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico corporation sole,
         Debtor.

Chapter 11

Case No.: 18-13027-t11

# VERIFIED DISCLOSURE OF DEBRA J. MOULTON IN CONNECTION WITH DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF KENNEDY, MOULTON & WELLS, P.C. AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

I, Debra J. Moulton, hereby declare under penalty of perjury, pursuant to Fed. R. Bankr. P. 2014(a) and 2016(b), that to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the following statements and am competent to testify to the following statements.

2. I am admitted to and practice before the bar in the state of New Mexico. I am a member in good standing in the New Mexico state bar. I have been licensed to practice law since 1990. I am a Partner in the law firm of Kennedy, Moulton & Wells, P.C. ("KMW").

3. I am duly authorized by KMW to make all statements which I have made herein on behalf of KMW and with respect to the Debtor's Application to Employ Kennedy, Moulton & Wells, P.C. as Special Counsel for the Debtor and Debtor-In- Possession (the "Application").

4. I am filing this Declaration in support of the Application. To the extent that any information disclosed herein requires amendment or modification upon KM&W's completion of further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same.

5. This declaration is submitted also as the statement required pursuant to §§ 328,

VERIFIED DISCLOSURE OF DEBRA J. MOULTON - 1

329, and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Rule 2016-1(a) of the Local Rules of the United States Bankruptcy Court, District of New Mexico (the "Local Rules").

**Services to be provided**

6. KM&W will provide the Debtor with advice and representation regarding pending civil action in the Second Judicial District for the State of New Mexico ("State Court Case") Cause No. D-202-CV-2018-07481 captioned *Thomas Paickattu v. Archdiocese of Santa Fe, et. al*. and the corresponding adversary case filed against the Debtor by Thomas Paickattu in the Bankruptcy Court as Case No. 19-01011 (the "Adversary Case"). KM&W will not act as counsel with respect to bankruptcy matters generally.

**Professional Compensation**

7. Compensation paid to KM&W for services rendered in connection with this case is to be a reasonable fee, based upon customary hourly rates normally charged to clients of KM&W. All amounts paid by Debtor or Catholic Mutual post-petition to KM&W shall be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330 and 331. KM&W did not receive a prepetition retainer.

8. KM&W's attorneys who may perform legal services for the Debtor include Debra J. Molton whose hourly rate is $190.00; any other personnel who may work on this matter including partners ($190 per hour); and paralegals and clerks ($75). Hourly rates will be charged based on the individual's normal billing rate, expertise, and experience. KM&W reserves the right to change its hourly rates and shall notify Debtor and obtain any required Court approval in advance of any rate increases before the increase goes into effect.

9. KM&W itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, court fees, deposition expenses, computerized legal research, and expert witness fees, all at cost, faxes ($0.15 per page) and photocopying ($0.10 per page). KM&W does not charge separately for word processing, in town messenger service, or secretarial overtime, all of which are included as part of its overhead.

10. KM&W has informed Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.*, Case No. 11-01-10779 SA (Bankr. D.N.M. June 28, 2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

11. No promises have been received by KM&W or any attorney or professional of KM&W as to payment of compensation in connection with this case in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders. KM&W has no agreement with any other entity to share with such entity any compensation received by KM&W, except as permitted under § 504(b)(1) of the Bankruptcy Code.

12. The bankruptcy estate and Catholic Mutual will be the source of payment of compensation to KM&W, subject to court approval. No compensation for legal services rendered and reimbursement of expenses incurred in representation of Debtor has been promised to KM&W from any source other than Debtor or Catholic Mutual. KM&W has not agreed, and will not agree, to share compensation with any person or entity except employees of KM&W.

13. KM&W requests that it be paid by Catholic Mutual on a monthly basis, upon receipt of KM&W's billing statements and prior to the Court's allowance of KM&W's

compensation.

14. KM&W requests that if the Debtor is paying KM&A, that KM&W be paid by the Debtor on a monthly basis, upon receipt of KM&W's billing statements and prior to the Court's allowance of KM&W's compensation, seventy-five percent (75%) of billed fees, one hundred percent (100%) of reimbursable costs and one hundred percent (100%) of applicable gross receipts tax on fees and costs that are paid.

15. KM&W intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 case and for reimbursement of expenses incurred, no less frequently than every 180 days, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and the Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that KM&W incurs.

**Disinterestedness**

16. KM&W is required to disclose to this Court any and all connections with Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

17. KM&W has no connections with Debtor.

18. As of the Petition Date, Debtor does not owe KM&W any amounts for legal services rendered before the Petition Date.

19. KM&W's connections with the office of the U.S. Trustee and any of its employees extend only to KM&W's involvement as counsel for debtors, trustees, and creditors in other cases in the Bankruptcy Court.

20. KM&W does not represent any of Debtor's known creditors or any of their

known attorneys, and KM&W does not have an insider relationship, as "insider" is defined in § 101(31) of the Bankruptcy Code, with any of Debtor's known creditors or any of their known attorneys, to the best of KM&W's knowledge, after reasonable due diligence. In connection herewith, KM&W performed a review of the connections and relationships between KM&W and Debtor's known secured creditors, Debtor's twenty largest unsecured creditors, and Debtor's officers and directors, as well as other parties in interest with respect to the Chapter 11 case. In conducting this review, KM&W searched its database of clients and opposing parties for the names of the foregoing parties. In light of the extensive number of creditors and other parties in interest, KM&W has been unable to conclusively identify all potential relationships. However, to the extent that KM&W becomes aware of any additional relationships, KM&W will promptly file a supplemental declaration.

21. In addition, KM&W or its employees may subscribe to telephone and other utility services, and may purchase other goods and/or services, from vendors of Debtor.

22. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, KM&W holds no interest adverse as to Debtor with respect to the matters for which it is to be employed. Accordingly, I submit that KM&W is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

23. Based upon the foregoing, I respectfully submit that the requirements for KM&W's retention as special insurance counsel for Debtor have been met.

The undersigned verifies under penalty of perjury that the above is true and correct.
DATED: March 12, 2019.

        /s/ *Debra J. Moulton*
        DEBRA J. MOULTON

FILED BY:
WALKER & ASSOCIATES, P.C.

By: */s/ filed electronically*
Thomas D. Walker
Stephanie L. Schaeffer
500 Marquette Ave., NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
*Counsel for Debtor in Possession*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 13th day of March 2019, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

*/s/ Stephanie L. Schaeffer*
Stephanie L. Schaeffer

VERIFIED DISCLOSURE OF DEBRA J. MOULTON - 6