UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re: Roman Catholic Church of the
Archdiocese of Santa Fe, a New
Mexico Corporation Sole,

                                                       Case No. 18-13027-t11

    Debtor.

## OBJECTION OF SONS OF THE HOLY FAMILY, INC.
## TO CREDITOR JOHN DOE (VICTIM)'S
## MOTION FOR RELIEF FROM STAY

      Creditor Sons of the Holy Family, Inc. ("Sons") objects to the Motion for Relief From Stay (the "Motion") [Doc 121] filed by Creditor John Doe (Victim) (the "Movant") and as grounds therefor would show the Court that the Motion should be denied.

      The Motion seeks to lift the automatic stay to allow the pending state court litigation of this particular claimant (the "Subject State Court Action") to proceed to final judgment against the Debtor Roman Catholic Church of the Archdiocese of Santa Fe (the "Debtor"). Sons is a co-defendant of the Subject State Court Action. Of course, this entire bankruptcy is because of the pending state court actions filed by a number of alleged victims. As this Court saw in the bankruptcy of the Roman Catholic Church of the Diocese of Gallup, Cause No. 13-13676 t11, (the "Gallup Case") the best result for all parties is a negotiated plan of reorganization that minimizes the amount spent on attorneys' fees and maximizes the amount available to pay claimants.

      Lifting the automatic stay to allow the Subject State Court Action to proceed will cost the Debtor money that could otherwise be put into a fund for the alleged victims. The confirmed plan of reorganization in the Gallup Case provided for contributions to the fund for the alleged victims by Participating Parties. Sons anticipates that it will be interested in negotiating such an

agreement. A number of other organizations and individuals (including The Catholic Church of the Vatican in Rome, *ex rel.* Pope Francis and the Servants of the Paraclete) are also named as defendants and are at least potentially Participating Parties if this bankruptcy follows the pattern of the Gallup Case. Lifting the automatic stay to allow the Subject State Court Action to proceed will cost the other defendants money that could otherwise be put into a fund for the alleged victims.

Sons filed its proof of claim as Claim 3 on March 5, 2019, asserting that while it denied any liability in the Subject State Court Action, if it had liability, it was entitled to contribution or indemnity from the Debtor. The validity of that claim is substantiated by the various allegations in the Motion. Paragraph 5 advises the Court that the claims brought in the Subject State Court Action include conspiracy among the Defendants, under which a finding of joint and several liability of all Defendants is sought based upon inextricably intertwined alleged facts and conduct of all Defendants. Paragraph 9 of the Motion alleges, "Defendant Former Priest Marvin Archuleta was, at all relevant times herein, a Catholic priest employed by the Archdiocese of Santa Fe . . ." Paragraph 10 alleges, "Defendant 'Other Priest' was another Catholic priest who was employed by the Archdiocese of Santa Fe . . ." Paragraph 11 alleges that those two priests "were acting as actual and de facto representatives of the Holy See and the Archdiocese of Santa Fe . . ." Paragraph 15 finally asserts allegations regarding the Sons and states that the Sons was "controlled or influenced by the Debtor Archdiocese of Santa Fe, in whole or pertinent part."

As this Court is well aware, for purposes of determining whether the automatic stay should be modified, "there is no clear definition of what constitutes 'cause'" and "discretionary relief from the stay must be determined on a case by case basis." *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987). However, the twelve *Curtis* factors are often used as a guide. *In re*

*Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) are often used as a guide. The analysis of those factors is as follows:

1. The relief sought of a stay lift will not result in a partial or complete resolution of the issues. The Movant filed a Complaint for Denial of Discharge for Debtor, Case 19-01037 raising essentially the same factual claims as asserted in the Subject State Court Action. This factor argues against lifting the stay.

2. The lifting of the stay will directly interfere with the bankruptcy case. The whole purpose of the bankruptcy case is to resolve all of these claims as a package. The Debtor has recognized that trying to deal with them in a piecemeal fashion is simply not going to work. Lifting the stay eviscerates the bankruptcy. This factor argues against lifting the stay.

3. The foreign proceeding does not involve the debtor as a fiduciary as contemplated by the *Curtis* factor. This factor is neutral.

4. The trial court is not a specialized tribunal with any particular expertise. This factor argues against lifting the stay.

5. Sons understands that the Debtor's insurance carrier has not assumed responsibility for the defense or damages. The cases such as this are what caused the bankruptcy to be filed. This factor argues against lifting the stay.

6. The action involves third parties, but the action "essentially" involves the Debtor, as shown by the above cited allegations in the Motion. This factor argues against lifting the stay.

7. The litigation would prejudice other creditors and interested parties by putting this case ahead of the rest. All parties would be benefited by saving the costs and

expenses of litigating the Subject State Court Action so the money can be used to fund a plan. This factor argues against lifting the stay.

8. The judgment in the other forum would not be subject to equitable subordination. This factor is neutral.

9. Success in the Subject State Court Action would result merely in a determination of the claim. It would not result in a judicial lien unless the Court also lifted the stay for enforcement actions, but Sons does not understand that relief is sought. This factor argues against lifting the stay.

10. Judicial economy calls for the stay to remain in effect. This factor argues against lifting the stay.

11. The Subject State Court Action was filed on October 24, 2018, and Plaintiff amended his complaint on November 29, 2018, less than a week before the Debtor filed this bankruptcy action. Sons has not been properly named as a defendant or served with process in the Subject State Court Action, and Sons files this Response as a Creditor in this proceeding, without waiver of the requirement of service in the Subject State Court Action. The case was assigned to the Hon. David K. Thomson, who is no longer on the district court bench since his elevation to the New Mexico Supreme Court. This factor argues against lifting the stay.

12. The stay would not prejudice the Movant any more than all the other claimants in his same situation. The lifting of the stay would harm the other claimants by diverting funds from the plan. The Movant alleges the wrongful acts occurred in approximately 1984-86, over 20 years before he filed his complaint. There is no emergency pending that requires an immediate resolution of his claim. In any event, a determination of

4

his claim would still not result in a recovery until the plan process has concluded. This factor argues against lifting the stay.

The *Curtis* factors do not call for a lifting of the automatic stay.

The *Crespin* factors agree. The analysis of those factors set out in *In re Crespin*, 581 B.R. 904 (Bankr. D.N.M. 2018) is as follows:

1. There is no specialized tribunal, arguing against lifting the stay.

2. The lifting of the stay would dramatically adversely affect the administration of the bankruptcy by causing both great expense and chaos as every other claimant sought stay relief and litigation. This factor argues against lifting the stay.

3. The claims allowance process would be destroyed. For example, the allocation process adopted in the Gallup Case would be undercut. This factor argues against lifting the stay.

4. Judicial economy mandates a resolution similar to the Gallup Case, not piecemeal litigation combined with nondischargeability litigation. This factor argues against lifting the stay.

5. Lifting the stay for this case will prejudice all the other claimants by distracting the Debtor and causing expense that will reduce the funds available to fund the plan. This factor argues against lifting the stay.

6. The litigation commenced by the creditor is in the beginning stage, but there are serious questions about the validity of the claim. It is unknown at this time whether the claimant is likely to succeed.

7. The balance of the hurt is that this entire reorganization process will be destroyed if the automatic stay is lifted to allow the litigation to proceed. The harm is far greater

5

on the Debtor and the other parties in interest than the Movant. This factor argues against lifting the stay.

The *Crespin* factors strongly reject a stay lift.

The Subject State Court Action was one of the most recently filed, but the Movant wants to jump in front of all other claimants. If the Court allows this litigation to proceed, it will be opening the Pandora's box of the chaos of all the other cases, to a large extent resulting in the money that should be used to fairly compensate claimants being spent on lawyers.

WHEREFORE, Sons of the Holy Family, Inc., prays that the Court deny the Motion to Lift the Automatic Stay and for such other and further relief as the Court deems just.

Respectfully submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Paul M. Fish*
　　Paul M. Fish
　　Martha G. Brown
　　Spencer L. Edelman
　　P.O. Box 2168
　　Albuquerque, New Mexico 87103
　　(505) 848-1800
　　*Attorneys for Sons of the Holy Family, Inc.*

In accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(2)(D), this certifies that
service of the foregoing document was made
this 1st day of April, 2019, via the
notice transmission facilities of the case
management and electronic filing system
of the Bankruptcy Court.

By: */s/ Paul M. Fish*
　　Paul M. Fish

*W3393168.DOCX*

6