UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF　　　　　　　　　　Case No. 18-13027-t11
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole
　　　　　Debtor.

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

The Roman Catholic Church of the Archdiocese of Santa Fe (the "**Debtor**") in the above-captioned case (the "**Reorganization Case**"), submits this Objection to "Creditor John Doe's Motion for Relief from Stay" [Doc. No. 121] ("**Motion**") filed by John Doe (the "**Movant**"). First, Motion is rendered moot by the fact that the Movant filed a proof of claim in the Reorganization Case. Second, even if the Motion was not moot, there is no cause for stay relief. Instead, the factors applicable to the Motion weigh fully in favor of leaving the stay in place and denying the Motion.

### I. FACTUAL BACKGROUND

1.　　On or about October 24, 2018, Movant filed a Complaint (the "**Complaint**") in the First Judicial District Court in the State of New Mexico Santa Fe County (the "**State Court**") as Cause no. D-101-CV-2018-03085 captioned (the "**State Court Action**").

3.　　The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 3, 2018 ("**Petition Date**"). Since the Petition Date, the Debtor has been operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

### II. LEGAL ARGUMENT

　　A.　　**The Motion is Moot**.

The Motion should be denied as moot. The Movant filed a proof of claim and thereby submitted to the jurisdiction of the Bankruptcy Court. The filing of the proof of claim invokes the

particular procedures and substance of bankruptcy law concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution. "By filing a claim against a bankruptcy estate, the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1991) (*per curium*) (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58-59, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). "When a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a prepetition contract claim arising under state law." *S.G. Phillips Constructors, Inc. v. City of Burlington, Vermont (In re S. G. Phillips Constructors, Inc.),* 45 F.3d 702, 704 (2d Cir. 1995) (*citing Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.),* 896 F.2d 1384, 1389-90 (2d Cir. 1990)). This law has been adopted and analyzed in the Tenth Circuit. In *In re Applied Thermal Sys., Inc.*, 294 B.R. 784, 788–89 (Bankr. N.D. Okla. 2003), the bankruptcy court stated:

> The United States Supreme Court has consistently held that a creditor who files a proof of claim against the estate of a bankrupt consents to the jurisdiction of the bankruptcy court for a full determination of the claims between the creditor and the estate. Indeed, the Supreme Court has held that filing a proof of claim waives such entitlements as a creditor's Seventh Amendment right to a jury trial; the right of a state or commonwealth to invoke sovereign immunity under the Eleventh Amendment; and, of relevance here, the right to have private claims heard by an Article III court as established in *Katchen*.

*In re Applied Thermal Sys., Inc.*, 294 B.R. 784, 788–89 (Bankr. N.D. Okla. 2003), citing *Katchen v. Landy*, 382 U.S. 323, 335, 86 S. Ct. 467, 476, 15 L. Ed. 2d 391 (1966).

By filing a proof of claim, Movant has consented to have his claims against the Debtor determined by this Court or the Federal District Court. He no longer has a right to have his claim heard in the State Court, and the Motion is moot.

### B. No Cause Exists to Lift or Modify the Stay.

Even if the Motion was not rendered moot by the filing of the Movant's proof of claim (which it was), no cause exists to lift the automatic stay. The Motion seeks relief from the Stay for "cause" as contemplated by 11 U.S.C. § 362(d)(1). Because the Motion involves the stay of a judicial proceeding, only Section 362(d)(1) is applicable.[1] The burden is on the Movant to prove that "cause" exists to lift the stay. See 2 Collier on Bankruptcy ¶ 362.10, at 362-76; *In re Potter*, 2008 WL 753739, at *4 (Bankr. D.N.M. Mar. 19, 2008) (when "the creditor seeks relief for 'cause' other than a lack of equity, the moving party must nevertheless make a prima facie showing of 'cause.'").

The automatic stay is intended "to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Crespin.*, 581 B.R. 904 (Bankr.D.N.M. 2018). "The stay ensures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another." *In re Curtis,* 40 B.R. 795, 798 (Bankr. D. Utah 1984), quoting *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2nd Cir. 1976).

To determine whether cause exists for relief from the automatic stay, courts in the Tenth Circuit apply the factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984). This Court has refined the *Curtis* factors to those deemed most relevant. *In re Crespin.*, 581 B.R. 904 (Bankr.D.N.M. 2018). Under *Crespin*, the following factors are the most relevant to stay relief motions:

> i. Specialized Tribunal. Bankruptcy courts often defer to specialized tribunals to determine disputes involving divorce; child custody; probate

---

[1] 11 U.S.C. § 362(d)(2), (3), and (4) address particular circumstances inapplicable to this Motion.

proceedings; government contract claims; social security disability claims; and workers' compensation claims.

      ii.     Estate Administration. Does granting stay relief hinder or delay administration of the estate?

      iii.    The Claims Allowance Process. Allowing or disallowing claims is a core bankruptcy function. *See* 28 U.S.C. § 157(b); 11 U.S.C. § 502.

      iv.    Judicial Economy. Would lifting the stay promote judicial economy? Does one court have a busier docket than the other? Would judicial effort have to be duplicated?

      v.     Litigation Expense. Would it be cheaper for the parties to litigate in bankruptcy court or the other tribunal?

      vi.    Prejudice to other Creditors. Would lifting the stay potentially prejudice other creditors for any reason?

      vii.   Likelihood of Success. How likely is the creditor to prevail on its claim?

      viii.  Balance of the Hurt. Is there some reason, not taken into account by the above factors, that either the creditor or the estate would be prejudiced by lifting the stay or keeping it in place? One example would be if the dispute involved third parties who were not subject to bankruptcy court jurisdiction, so that, if the stay were not modified, the creditor could be subject to inconsistent judgments.

*In re Crespin.*, 581 B.R. 904, 908-909 (Bankr.D.N.M. 2018).

The *Curtis* factors, as modified by *Crespin,* overwhelmingly weigh in favor of maintenance of the stay in the Reorganization Case to protect all creditors equally and prevent a state court race to the courthouse.

    1.    <u>No Specialized Tribunal Exists for the State Court Action</u>

While the State Court is certainly qualified to hear the State Court Action, the State Court Action is not a specialized matter, and there is no special forum (e.g. tax court) in which it must be tried. *See Crespin*, 581 B.R. at 909 (listing examples of specialized tribunals). Because there is no "special forum" in which to try the Movant's claims, this factor does not favor stay relief.

2. <u>Estate Administration</u>.

Another factor favoring leaving the automatic stay in place is the inextricable way the State Court Action is tied to the Reorganization Case and how allowing the State Court Action to proceed will interfere with the administration of the bankruptcy case. This is "[t]he most important factor…Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." *Curtis*, 40 B.R. at 806. The Movant's claims are inextricably linked to the Reorganization Case and were among the factors that precipitated the filing. The assets available to satisfy claims, including Movant's claims, are limited. Movant's State Court action may deplete assets such that other claims cannot be satisfied. The "first come, first served" approach Movant would advocate is antithetical to the bankruptcy process and its overwhelming purpose of fairness and equity among claim holders. This will interfere with the administration of the Reorganization Case and harm the Debtor's other creditors.

The Debtor has a fiduciary duty to all creditors. *See* 11 U.S.C. §§ 704(a), 1106(a), and 1107(a). Forcing the Debtor to defend against the State Court Action will increase the administrative expenses in this case, distract the Debtor from its reorganization, and could result in Movant receiving a greater *pro rata* recovery than other creditors. This result is contrary to the purpose of the Bankruptcy Code.

3. <u>Claims Allowance Process</u>.

The Movant has filed a proof of claim with the Bankruptcy Court but asks to be allowed to liquidate its claim in another forum. The proposed process would severely limit the Debtor's ability to effectively fashion a claims allowance process within the Bankruptcy Court. Further, chapter 11 plans are supposed to be confirmed promptly. If the Movant is allowed to liquidate the claim

in State Court, the Debtor may have to wait years to fully liquidate Movant's claim, delaying recoveries to other creditors. Additionally, the Debtor is early in the claims process having just set a Claims Bar Date. The Debtor and the Official Unsecured Creditors Committee are working diligently together to present a consensual plan to the Court.

   4.   Judicial Economy.

This factor weighs heavily against stay relief. The interests of judicial economy will not be served by trying the Movant's case in State Court. There is no reason to liquidate the Movant's claims outside of the bankruptcy court, and there are many reasons not to. Any time or fees spent on the litigating the Movant's cases cannot be replaced. Moreover, the administrative costs that would accrue in the Reorganization Case would be prohibitive. *See In re Sunland*, 508 B.R. 739, 745-746 (Bankr. D.N.M. 2014) (noting that where litigation will be lengthy, claimants are better off having their claims administered through the bankruptcy case in a timely manner).

   5.   Litigation Expense.

The Debtor's estate must not be forced to bear years more of reorganization fees as well as time diverted from the mission and ministry as it waits for the Movant's claims to be resolved in the State Court (and perhaps through appeal), nor should its creditors.

   6.   Prejudice the Interests of the Other Creditors and Interested Parties.

The undertaking of prolonged litigation in the State Court Action will prejudice the bankruptcy estate and interfere with the bankruptcy proceeding. As set forth above, if the Debtor is forced to defend against the State Court Action in the State Court, it will divert the estate's limited resources from the Debtor's efforts to reorganize and pay all of its creditors in an equitable manner. If Movant is allowed to recover from the Debtor's insurers outside of the bankruptcy case,

the policies may be exhausted, leaving no funds with which to pay other claimants. This factor weighs strongly against lifting the stay.

7. Likelihood of Success.

No significant discovery or litigation has been undertaken in the State Court Case. The parties are early in the litigation process and determining whether the Movant will prevail is not readily discernible.

8. Impact of Stay and Balance of Harms Tilts in Debtor's and Other Creditors' Favor.

This factor is essentially an amalgam of all the other factors, and very clearly indicates why the stay must remain in place. The real harms the Court must balance in the context of the Motion are the harms to the creditors if stay relief is granted. *See In re Sunlandm Inc.*, 508 B.R. at 745. The Motion ignores the great disparity in the treatment that Movant and other creditors (both tort claimants and non-tort claimants) will receive if the stay is lifted. The Debtor's other creditors will suffer harm if the stay is lifted as to the State Court Action. Conversely, if Movant's claim is administered in the bankruptcy case, the claim will be administered efficiently and fairly. Movant will not suffer any harm if the stay is maintained.

### III. CONCLUSION

The Motion is moot and should be denied. Additionally, no cause exists to modify or lift the automatic stay. Permitting certain claims to be litigated in State Court will interfere with the administration of the Reorganization case, will prejudice other creditors, will result in prohibitive administration costs, and will not promote judicial efficiency. No single unsecured claim (such as Movant's) can be permitted to overwhelm and foreclose other claims of similar origin and priority.

-7-

Case 18-13027-t11    Doc 147    Filed 04/01/19    Entered 04/01/19 10:51:17 Page 7 of 8

The Debtor respectfully requests that the Court deny the Motion and grant Debtor all other just and proper relief.

                                              Respectfully submitted,

*/s/ Stephanie L. Schaeffer*
Thomas D. Walker
Stephanie L. Schaeffer
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
Fax: (505) 722-9287
twalker@walkerlawpc.com
sschaeffer@walkerlawpc.com

and

*/s/ Bruce A. Anderson*
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
Counsel for Debtor

Pursuant to F.R.C.P. 5(b)(3), F.R.C.P. 9036 and NM LBR 9036-1(b), I hereby certify that service of the foregoing was made on April 1, 2019 via the notice transmission facilities of the Bankruptcy Court's case management and electronic filing system.

*/s/Stephanie L. Schaeffer*
Stephanie L. Schaeffer