| | |
|---|---|
| *In re*: <br><br> **ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE**, a New Mexico Corporation Sole, <br><br> Debtor; | Chapter 11 <br><br> Case No. 18-13027-11 |

### CREDITOR'S REPLY TO OBJECTION OF SONS OF THE HOLY FAMILY, INC. TO CREDITOR JOHN DOE (VICTIM)'S MOTION FOR RELIEF FROM STAY

CREDITOR JOHN DOE, by and through counsel, Merit Bennett of The Bennett Law Group, respectfully replies to the Objection of Sons of the Holy Family, Inc. to Creditor John Doe (Victim)'s Motion for Relief from Stay [DOC.146] filed on April 1, 2019, by Creditor Sons of the Holy Family, Inc. ("Sons"), because the objection is unwarranted, against public policy and unsupported in certain respects by existing authority.

Relief from the stay would allow the ongoing litigation against Debtor Archdiocese of Santa Fe, along with claims against other Defendants, including Sons of the Holy Family, Inc., who are not parties to this Bankruptcy proceeding, to proceed without delay to judgment. The merits of Mr. Doe's claims, which Mr. Doe contends are non-dischargeable under 11U.S.C. § 523(a)(6), should be adjudicated by the state court where the case was filed and where the issues are intertwined with claims against other named defendants.

**Argument**

I.  **Cause Exists to Lift the Stay.**

First, while stay relief will not resolve all the issues of the reorganization case, it will further the resolutions of the issues between Debtor and Mr. Doe. Second, the state court proceedings will not interfere with the bankruptcy case, since an insurance carrier is likely covering defense costs. Once a debtor files a bankruptcy petition, the automatic stay provisions of 11 U.S.C. § 362(a) stay most legal proceedings against the debtor. *See* 11 U.S.C. § 362(a). Nevertheless, the Bankruptcy Code also grants discretion to the bankruptcy courts to lift the stay "for cause." *See* 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define what constitutes "cause," so "courts must determine when discretionary relief is appropriate on a case-by-case basis." *See*, e.g., *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 345 (4th Cir. 1992) (citations omitted). "[A] desire to permit an action to proceed to completion in another tribunal may provide . . . cause." *See In re* 210 W. *Liberty Holdings, LLC*, 400 B.R. 510, 514 (*Bankr*. N.D.W. Va. 2009) (quoting *H.R.* Rep. No. 95-595, at 343 (1977)). Deciding whether to lift the stay is within the discretion of the bankruptcy court. *In re Robbins*, 964 F.2d at 345 (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)); *In re* Joyner, 416 B.R. 190, 191 (*Bankr*. M.D.N.C. 2009).

In determining whether to grant relief from the automatic stay, courts "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Robbins*, 964 F.2d at 345 (citing *Peterson v. Cundy* (In re *Peterson*)), 116 B.R. 247, 249 (D. Colo. 1990)). Various courts have enumerated different factors to consider in determining whether to lift the automatic stay to allow a creditor to continue pending litigation in a different forum. *See*, e.g., *Sonnax Indus., Inc. v. Tri*

*Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Johnson*, 115 B.R. 634, 636 (*Bankr*. D. Minn. 1989); *In re Curtis*, 40 B.R. 795, 799-800 (*Bankr*. D. Utah 1984); *In re Kearney*, 2018 WL 4726002.3 (*Bankr*. D. N.M. 2018). While the Court often uses the Curtis factors as a guide, they are not dispositive. This Court need not consider the Curtis factors to determine whether "cause" to lift the automatic stay is proper. The Tenth Circuit has not "set forth a precise framework or exhaustive set of factors for analyzing whether cause exists." *Chizzaliv. Gindi* (*In re Gindi*),642F.3d865,872 (1Oth Ctr.2011), overruled on other grounds, *TW Telecom Holdings, Inc. v. Carolina Internet, Ltd.*, 661 F.3d 495 (10th Cir. 2011). Section 362(d)(1) requires the court to find "cause" before lifting the automatic stay. Whether "cause" exists depends on the totality of the circumstances. *In re R.J Groover Constr. L.L.C.*, 411 B.R. 473,477 (*Bankr*. S.D. Ga. 2008).

In making the determination of whether to grant relief from the automatic stay, the court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Ewald*, 298 B.R. at 80 (citing *In re Robbins*, 964 F.2d at 345). Other factors that may be considered include: (i) whether the litigation involves state law issues, so the expertise of the bankruptcy court is not needed; (ii) whether granting relief from the automatic stay will promote judicial economy and whether there would be greater interference with the bankruptcy case, (iii) whether lifting the automatic stay will disrupt the bankruptcy case and (iv) whether the bankruptcy estate can be protected if the stay is lifted. *See In re Robinson*, 169 B.R. at 359; *In re Kearney*.

3

**II.     The Debtor's Estate Will Not Be Prejudiced If the Stay Is Lifted.**

First, permitting the Action to proceed will not harm the Debtor's estate or its creditors because the Plaintiff's claims against the Debtor's estate must be resolved, and the Bankruptcy Court will retain control over the claims allowance process in the Bankruptcy Case. *See In re Robbins*, 964 F.2d at 346- 47 (concluding that lifting the automatic stay would not harm the debtor's estate because the bankruptcy court would control matters relating to allowance of claims). *In re Mid-Atlantic Handling Systems*, 304 B.R. at 131; *see* also, *In re Wheeler Group, Inc.*, 75 B.R. 200 (*Bankr*. S.D. Ohio 1987) ("The liquidation of claims is a necessary step in bringing any bankruptcy case to a conclusion.").

Second, even if the Debtor will incur litigation costs in connection with the Action, the cost of defending the Action is not a sufficient basis for denying relief from the stay. *SeeWalker v. Wilde* (*In re Walker*), 927 F.2d 1138, 1143 (10th Cir. 1991); *In re Santa Clara County Fair Association, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995).  Notably, it is unclear whether the Debtor is in any event incurring any of the costs of its defense in the Action-it did not list its trial counsel as a creditor in its Petition.

Finally, the Plaintiffs note that the Debtor could also be prejudiced by delay in the Action. By all reports, the Defendant Priest Marvin Archuleta who raped Creditor when Creditor was a minor is elderly and in increasingly poor health and now faces criminal prosecution in Santa Fe.  In denying the Debtor's motion for a stay of the Action pending appeal, given the Debtor's priest's failing health, granting a stay may prevent the Creditor from adequately deposing Defendant Archuleta and otherwise presenting Mr. Doe's case to a jury.  "While Congress intended the automatic stay to have broad application, the legislative history of [S]ection 362 clearly indicates

4

Congress' recognition that the stay should be lifted in appropriate circumstances." *In re Robbins*, 964 F.2d at 345.

### III. Issues in the Pending Litigation Involve Only State Law.

This supports lifting the stay. It is clear that the pending state court litigation involves issues of state law; specifically, the state court action involves claims of sexual assault and other claims under New Mexico Law. Such a cause of action does not involve any issues of bankruptcy law and, therefore, does not require the expertise of this Court. Where there are no issues in any claims that require bankruptcy expertise, this factor weighs in favor of the party seeking relief. *In re Joyner*, 416 B.R. at 192; *see* also *In re White*, 410 B.R. at 201; *In re Thomas*, 211 B.R. 838, 841-43 (*Bankr. D.S.C.* 1997).

### IV. Modifying the Stay Will Promote Judicial Efficiency.

Modifying the stay will promote judicial economy, and there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court, which also supports lifting the stay in this case. *See In re Robbins*, 964 F.2d at 345. When a movant is seeking relief to continue pending litigation, "the burden on the debtor and the estate [is] much less" if relief is granted because "both the individual seeking relief and the debtor have already poured resources into the state case. There is also a current criminal case pending against Defendant Archuleta by the New Mexico Attorney General based on the case of John Doe. In other words, both parties are already 'invested' heavily into the outcome of the litigation." *In re White*, 410 B.R. at 202.

In addition, and more importantly, since the state court litigation involves both Debtor Defendants as well as individual and other non-Debtor Defendants, who are not debtors in this case,

5

not lifting the automatic stay would risk fragmented litigation and could potentially divest the movant of an opportunity to litigate his claim. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (*Bankr*. N.D. Ohio 1984) ("A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships."). "The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount." Id. at 567. "Accordingly, lifting the automatic stay will foster judicial economy by allowing the adjudication of liability and the liquidation of claims to occur among all defendants in a single forum. Moreover, based upon the review of the state court complaints, this Court finds that the sexual harassment claims brought by the Movants in their state court lawsuits are 'personal injury tort' claims, within the scope of 28 U.S.C. § 157(b)(2)(B) and (O)." *See*, e.g., *In re White*, 410 B.R. at 203 (adopting the interpretation that personal injury tort claims "can involve invasions of personal rights" and declining to "limit that phrase to include only claims which allege actual physical injury"); *see* also *In re Mason*, 514 B.R. 852, 857-58 (*Bankr*. E.D. Ky. 2014) (finding that sexual harassment claims are "personal injury tort" claims).

Therefore, pursuant to 28 U.S.C. § 157(b)(5), this Court does not have jurisdiction to liquidate or estimate these claims for purposes of distribution, and accordingly, if the stay were not lifted, these claims would still have to be liquidated in another court. *See*, e.g., *Pieklik v. Hudgins* (*In re Hudgins*), 102 B.R. 495, 498 (*Bankr*. E.D. Va. 1989) ("Ultimately, the issue must be tried or settled, and it is the prerogative of this Court . . . to allow the matter to proceed."). The filing of a

6

proof of claim would not change this result. *In re Mason*, 514 B.R. at 860; *Thomas v. Adams* (*In re Gary Brew Enters., Ltd.*), 198 B.R. 616, 620 (*Bankr*. S.D. Cal. 1996).

## V.     The Estate Will Be Properly Protected.

The estate will not incur unnecessary litigation expenses, nor will the estate be divested of property of the estate. *Secrest v. Secrest* (*In re Secrest*), 453 B.R. 623, 629 (*Bankr*. E.D. Va. 2011); *see* also, *In re Joyner*, 416 B.R. at 193 ("[A]ny judgment against the Debtor obtained in the State Court Action may not be enforced against the Debtor or property of the bankruptcy estate unless and until further relief from the automatic stay has been granted by the bankruptcy court."). It is undisputed that the Debtor Defendants are being defended pursuant to their Insurance Policies, and that the insurer has retained New Mexico defense counsel.

Debtor Defendants' insurance carrier assumed responsibility for the costs of defending the litigation, so there is no significant burden on the Debtor Defendants or the estate in lifting the stay and allowing the litigation to proceed. *See In re Bock Laundry Mach*. Co, 37 B.R. at 567-68.

Moreover, public policy plays an important role in the present analysis. In *America West Airlines*, the court considered public policy to be "an important factor when determining whether the stay should be modified." *America West Airlines*, 148 B.R. at 924. There, as here, the public policy to be considered was the "strong public policy support[ing] resolving priest abuse claims in a venue that is public and allows the community to benefit from bringing these wrongs to justice." The Court in *Holtcamp v. Littlefield* (*In re Holtcamp* ), 669 F.2d 505 (7th Cir.1982), affirmed a decision to modify the stay to allow an action based on state law claims to proceed in state court. The fact that the state court action involved non-bankruptcy issues which did not require the expertise of the Bankruptcy Court and could be handled elsewhere militated toward a finding that

7

the state court was the proper tribunal for the action. ld., at 509. In the instant case, the Action involves non-bankruptcy common-law claims that may best be heard in the District Court of New Mexico.

Defending the claim at issue is a *de minimis* cost compared to the fees and costs of the bankruptcy proceeding, Id., at 923. Strong public policy supports the modification of the stay.

**VI.    The Bankruptcy Estate Will Be Protected Even If the Automatic Stay Is Lifted**

Considerations of judicial economy support this Bankruptcy Court exercising its discretion to lift the stay. Under Bankruptcy Code section 362(d)(1), cause may exist to modify the automatic stay in order to allow a creditor to continue litigating a pending non-bankruptcy action against a debtor for the purpose of liquidating its claims against the debtor. The legislative history to Bankruptcy Code section 362(d)(1) is clear on this point: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297.

In determining whether to grant relief from the automatic stay, courts have found that the debtor's bankruptcy estate is protected where the plaintiffs are required to seek enforcement of any judgment obtained through litigation in another forum in the bankruptcy court. *See In re Robbins*, 964 F.2d at 346-47 (finding that bankruptcy court correctly determined that lifting stay would not harm the bankruptcy estate where the bankruptcy court retained jurisdiction to determine allowance of claims against the estate); *In re Ewald*, 298 B.R. at 81 ("The bankruptcy estate will be protected

8

as [the plaintiff] must seek enforcement of any judgment through [the bankruptcy court]."). Here, the Plaintiff is seeking only to continue to prosecute the Action in the District Court to obtain a judgment on his claims. The Plaintiff agrees that he will be entitled to enforce any judgment obtained in the Action through the Bankruptcy Court and in the Bankruptcy Case.

## Conclusion

For the reasons stated herein, Creditor John Doe respectfully requests that the Court overrule and deny Objection of Sons of the Holy Family, Inc. to Creditor John Doe (Victim)'s Motion for Relief from Stay [DOC.146], and grant him any other relief that the Court deems just and proper.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: /s/ Merit Bennett
Merit Bennett, Esq.
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Creditor*

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E), this certifies that service of the foregoing document was served this 15th day of April 2019, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

 /s/ *Merit Bennett*
filed electronically 4/15/2019