# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,

      Debtor-in-Possession.

Chapter 11

Case No. 18-13027-t11

## JOINT MOTION TO APPROVE ORDER OF MEDIATION

The Roman Catholic Church of The Archdiocese of Santa Fe, a New Mexico corporation sole, Debtor-in-Possession, ("Archdiocese" or "Debtor"), by counsel, and the Unsecured Creditors Committee ("Committee"), by counsel, respectfully request that the Court enter a mediation order (the "Order") in substantially the form attached hereto as <u>Exhibit A</u>. The Debtor and the Committee recognize that additional parties will participate in the mediation process, and request that such additional parties that participate shall be bound by the terms of the Order.

WHEREFORE, the Debtor and the Committee respectfully request that the Court enter a mediation order in substantially the form attached hereto as <u>Exhibit A</u> and grant all other just and proper relief.

      WALKER & ASSOCIATES, P.C.

      By:<u>/s/Thomas D. Walker</u>
          Thomas D. Walker
          Stephanie L. Schaeffer
          500 Marquette N.W., Suite 650
          Albuquerque, New Mexico 87102
          (505) 766-9272
          twalker@walkerlawpc.com
          sschaeffer@walkerlawpc.com
      Counsel for Debtor

      -and-

ELSAESSER ANDERSON, CHTD.
By:/s/Ford Elsaesser_____
   Ford Elsaesser
   Bruce A. Anderson
   320 East Neider Avenue, Suite 102
   Coeur d'Alene, ID  83815
   (208) 667-2900
   Fax: (208) 667-2150
   ford@eaidaho.com
   brucea@eaidaho.com
Counsel for Debtor

and

PACHULSKI STANG ZIEHL & JONES LLP

By:/s/James I. Stang_____
   James I. Stang
   Ilan D. Scharf
   10100 Santa Monica Blvd., #1300
   Los Angeles, CA 90067
   310-277-6910
   310-201-0760 (fax)
   jstang@pszjlaw.com
   ischarf@pszjlaw.com
Counsel for Unsecured Creditors Committee

I hereby certify that, on August 20, 2019, in accordance with NM LBR 9036-1 and Fed. R. Civ. P. Rule 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are  registered CM/ECF participants in this case and otherwise as indicated above.

*s/ filed electronically*
Stephanie L. Schaeffer

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO**

In re:

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico corporation sole,

        Debtor-in-Possession.

Chapter 11

Case No. 18-13027-t11

## MEDIATION ORDER

The Roman Catholic Church of The Archdiocese of Santa Fe, a New Mexico corporation sole, Debtor-in-Possession, (the "Debtor") and the Official Committee of Unsecured Creditors (the "UCC"), and all other parties that participate in the mediation together the "Mediation Parties"[1] have stipulated to the mediation of the claims filed by the Sexual Abuse Claimants in the bankruptcy case, and all related issues, including but not limited to insurance policies and coverage (the "Dispute"). The Court being sufficiently advised, and having determined that entry of this order is appropriate; HEREBY ORDERS:

---

[1] Additional parties may participate in the Mediation, and will be bound by the terms of this order.

1. <u>Appointment of Mediator.</u> Judge Leonidas Papas (the "Mediator") is hereby appointed as mediator to mediate the Dispute among the Mediation Parties. The mediation conducted pursuant to this order is referred to below as the "Mediation."

2. <u>Mediation Procedures</u>.

(a) <u>Time and Place of Mediation, and Confidential Mediation Statement.</u> The Mediation shall take place on a date or dates and at a location to be determined and noticed by the Mediator after consulting with counsel for the Mediation Parties.

The Mediator shall have the authority to establish the time for all Mediation activities, including joint and private meetings between the Mediator and Mediation Parties during the course of the Mediation. The Mediation Parties shall submit a confidential mediation statement to the Mediator on or before a date set and noticed by the Mediator prior to the date scheduled for the Mediation. The confidential mediation statement shall include such information as requested by the Mediator, which may include a statement of the facts and issues, the position of the Mediation Party submitting the statement, citation to the principal authorities upon which the Mediation Party relies, citation to the docket numbers of the pleadings that frame the issues, copies of any documents deemed by the Mediation Party to be critical to resolution of the Dispute, a candid discussion of the Mediation Party's bargaining strength, bargaining weaknesses, and suggestions for settlement. The confidential mediation statement may also include such other documents and information the Mediation Party wishes to include.

(b) <u>Attendance by Persons with Settlement Authority</u>. In addition to counsel, a representative of each of the Mediation Parties shall attend the Mediation conference in person. Such representatives must have complete authority to negotiate and settle all disputed issues and amounts.

(c)     The Mediation Procedure, and Good Faith Participation. The Mediator shall have authority to control all procedural aspects of the Mediation, including when the Mediation Parties will meet jointly and/or separately with the Mediator. The Mediator may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

3.     Modification of Mediation Procedures and Addition of Mediation Parties. Different or additional reasonable requirements or procedures for the Mediation may be established by the Mediator or agreed upon by the Mediation Parties and Mediator. Any party who participates in the mediation process either voluntarily or by Court order will be bound to the Mediation Procedures and all provisions of this order as if they were a named Mediation Party. Furthermore, Mediation Parties added by stipulation or by order of the Court may be compelled to attend the Mediation by the Mediator.

4.     Report of Result of the Mediation. After the Mediation concludes, the Mediator will report to chambers staff whether the Mediation resulted in a settlement.

5.     Confidentiality. There shall be absolute mediation privilege, and all communications during the Mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not be used for any purpose other than Mediation. Submissions to the Mediator shall not be delivered to anyone else without the consent of the submitting party. Any statements made by the Mediator, any of the Mediation Parties, or other parties that participate in the mediation process shall not be divulged by any of the participants in the Mediation (or their attorneys, representatives, or agents) or by the Mediator to the Court or to any third party. Except for an executed settlement agreement, all records, reports, or other

documents received or made by a Mediator while serving such capacity shall be confidential and shall not be provided to the Court. The Mediator shall not be compelled to divulge such records, reports, or other documents or to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court. Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the Mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Mediation Parties with respect to a possible settlement of the Dispute; (b) admissions made by any of the Mediation Parties in the course of the Meditation and (c) proposals made or views expressed by the Mediator. Nothing in this paragraph, however, precludes a report to the Court of (i) whether a settlement was reached or (ii) any material failure on the part of one or more of the Mediation Parties to comply with the party's obligations under this order. Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation. The Mediator and Mediation Parties may agree on confidentiality provisions in addition to those stated in this Order.

6. <u>Discovery</u>. The Mediation Parties shall cooperate in pre-mediation discovery. The Court shall hold hearings on short notice on any discovery dispute. The Court expects the Mediation Parties to obtain such information as they may deem reasonable to participate meaningfully in the Mediation.

7. <u>Immunity.</u> The Mediator, as a court appointed mediator, shall be immune from claims arising out of acts or omissions incident to the Mediator's services rendered in connection with the Mediation.

8. <u>Compliance with Bankruptcy Code and Rules</u>. Nothing in this order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

9. <u>Termination of the Mediation Process</u>. Any of the Mediation Parties may at any time file a motion with the Court to withdraw from the Mediation for cause.

10. <u>Compensation of Mediator.</u> The Mediator shall be compensated at the rates described on the attached Exhibit A ("Fee Schedule"). The Debtor is authorized to deposit in advance with the Mediator a refundable retainer in the amount of $50,000.00, and the Mediator is authorized to draw from the retainer the Mediator's fees and expenses, as invoiced, according to the Fee Schedule. The Debtor is further authorized to replenish the retainer when requested as it is depleted, and to pay the Mediator's fees and expenses as invoiced if they exceed the retainer balance.

11.

*** END OF ORDER ***

SUBMITTED BY:

WALKER & ASSOCIATES, P.C.
By: /s/Thomas D. Walker_____
    Thomas D. Walker
    Stephanie L. Schaeffer
    500 Marquette N.W., Suite 650
    Albuquerque, New Mexico 87102
    (505) 766-9272
    twalker@walkerlawpc.com
    sschaeffer@walkerlawpc.com

and

ELSAESSER ANDERSON, CHTD.
By: /s/Ford Elsaesser
    Ford Elsaesser
    Bruce A. Anderson
    320 East Neider Avenue, Suite 102
    Coeur d'Alene, ID  83815
    (208) 667-2900
    Fax: (208) 667-2150
    ford@eaidaho.com
    brucea@eaidaho.com
Counsel for Debtor

APPROVED BY:

PACHULSKI STANG ZIEHL & JONES LLP

By:/s/James I. Stang
    James I. Stang
    Ilan D. Scharf
    10100 Santa Monica Blvd., #1300
    Los Angeles, CA 90067
    310-277-6910
    310-201-0760 (fax)
    jstang@pszjlaw.com
    ischarf@pszjlaw.com
Counsel for Unsecured Creditors Committee



**JUDICATE WEST**
Alternative Dispute Resolution

*Results Beyond Dispute*℠

1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344

www.judicatewest.com

# HON. LEO PAPAS, (RET.)
## MEDIATION FEE SCHEDULE
### Effective 7/1/2018

| Fees Due | Fee Type | Amount | Comments |
|---|---|---|---|
| Upon Submission | None | No Charge | |
| Upon Scheduling | Standard Case Management Fee (CMF) | $250 per party | non-refundable; per session |
| Mediation Fee** | Full Day – California | $8,800* | fee split equally among the parties or per agreement |
| | Half Day – Southern CA Only | $5,000*^ | |

^ *Half days available for AFTERNOON sessions only*

### Standard mediations are set for full day sessions

- **Full Day Rates** consist of ten (10) hours inclusive of review and preparation time, additional time is billed at prevailing hourly rate

- **Half Day Rates** consist of five (5) hours inclusive of review and preparation time, additional time is billed at prevailing hourly rate

### Case Management Fees may include any of the following value added services and amenities:

- Case management by an experienced industry professional assigned to your case through to its conclusion
- Obtain agreement from all parties to a suitable mediator, date, time and venue
- Document handling and storage

- Neutral conference facility with private and/or semi-private client business center, current technologies, and support from our friendly and responsive staff
- Lunch, plus a variety of complimentary snacks and beverages are available daily, and dinner for afternoon sessions scheduled late into the evening

**Each neutral is an independent contractor who sets his/her own rates. Rates may vary depending on venue, number of parties, and subject matter.
*** Cancellation and continuance policies may also vary by neutral therefore please see below for details.

### ** PAYMENT FOR MEDIATOR SERVICES & RETAINER AGREEMENT

The fees for services, other than mediation session time include but are not limited to, the review of submitted materials and post-session continued mediation work often conducted telephonically or electronically (this is much more extensive work than standard follow-up which is included at no charge) and intersession review of additional materials, as needed. The latter potential charges are not enforced without consent of the parties. Discretionary **Refundable Retainer(s)** may be charged for these anticipated services, which includes the possibility of additional mediation time. The rate for these services is to be shared on a pro rata basis, unless modified by mutual consent of the parties. Parties must advance all fees in order to secure reserved date(s). Only unused time billed as "Retainer" or "Additional Retainer" is refundable. **PLEASE NOTE:** All Judicate West (JW) invoices are due and payable upon receipt. <u>Our agreement to render services is with the attorney or representative of the parties and payment is and remains the responsibility of the recipient and/or their firm or company until received in full.</u>

### *** CANCELLATION, CONTINUANCE & REFUND POLICY

<u>All continuances/cancellations must be requested in writing and copied to all parties</u>. If a matter scheduled for **one day or less** is canceled/continued **14 days** or less from the scheduled mediation date, the mediation fee is non-refundable and due and payable by the party(ies) requesting the action. If a **multiday** matter is continued or canceled **30 days** or less from the mediation date, full payment for lost time is non-refundable and due and payable. <u>No fee will be due for any portion of the vacated time filled by Judicate West.</u> Multiple continuances by the same party outside the applicable policy will result in a $250 additional CMF upon rescheduling. Refunds will be issued on cases canceled beyond the applicable policy, less the non-refundable CMF and preparation time expended prior to cancellation. **PLEASE NOTE:** All unused time reserved for the mediation session is non-refundable. <u>JW reserves the right to cancel any hearing where all fees have not been received timely by the stated invoice due date.</u>

Downtown Los Angeles Office • 601 S. Figueroa Street, Suite 4000 • Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 West Broadway, Suite 2400 • San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street, Suite 1950 • San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd., Suite 2040 • Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street, Suite 2200 • Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495