UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF　　　　　　　　　Case No. 18-13027-t11
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole

　　　　Debtor.

## APPLICATION TO EMPLOY PEIFER, HANSON, MULLINS & BAKER, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel and pursuant to 11 U.S.C. §§ 327(e), 328, and 329, hereby requests that the Court approve its employment of Peifer, Hanson, Mullins & Baker, P.A. (the "Peifer firm") as special counsel for the Debtor in accordance with the terms and conditions set forth below. This Application is supported by the Declaration of Sara N. Sanchez under Bankruptcy Rule 2014 (the "Declaration"), which is filed herewith. In further support of this Application, the Debtor states as follows:

1.　　This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.　　The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.　　The Unsecured Creditors Committee was appointed in this case on December 18, 2018. *See* Doc. No. 53.

5. The Debtor wishes to employ the Peifer firm as its special counsel in this Bankruptcy Case as more particularly described below and in the Declaration.

6. Sara N. Sanchez, who is currently employed by the Peifer firm, represented the Debtor as part of Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A. ("Stelzner") prior to the Petition Date in pending civil actions in the State of New Mexico ("Litigation Cases"), settling claims alleged outside of judicial proceedings against the Debtor, and responding to inquiries and investigations by law enforcement agencies. Ms. Sanchez also represented the Debtor post-petition in evaluating the claims filed in the Bankruptcy Case, negotiating with other parties in the Bankruptcy Case, and formulating a plan of reorganization.

7. Ms. Sanchez's assistance is still required in formulating a plan of reorganization that can address the claims made in the Litigation Cases, and her assistance will also be needed if the stay of the Litigation Cases should be modified for any reason. Ms. Sanchez's continued assistance is also needed for the provision of legal advice, services and representation to Debtor on various post-petition legal matters.

8. The employment of the Peifer firm is appropriate and necessary to enable Debtor to successfully reorganize. Ms. Sanchez is intimately familiar with the factual and legal issues in the Litigation Cases and her knowledge will be crucial not only to formulation of a plan, but also in negotiating with other parties to the Bankruptcy Case. Therefore, Debtor wants to employ the Peifer firm as its special counsel in the Litigation Cases, matters related to the Litigation Cases.

9. The Litigation Cases, the matters related to the Litigation Cases, responding to inquiries and investigations by law enforcement agencies, and providing legal advice and representation as needed on post-petition legal matters, are the only matters in which the Peifer firm will represent Debtor during the pendency of the Bankruptcy Case.

10. Subject to further order of this Court, it is proposed that the Peifer firm be employed, effective as of the date of this Application, to provide legal advice and assistance in formulating a plan of reorganization, to negotiate with other parties in the Bankruptcy Case, including the plaintiffs in the Litigation Cases, and in the event that the automatic stay is modified or lifted as to any of the Litigation Cases, to potentially represent the Debtor in some such cases, to respond to inquiries and investigations by law enforcement agencies and to provide general corporate and employment law counsel. The Peifer firm will not act as counsel with respect to bankruptcy matters generally.

11. The services provided by the Peifer firm will not duplicate or overlap the efforts of any other professional retained by Debtor, including lead bankruptcy counsel Elsaesser Anderson Chtd., local bankruptcy counsel Walker & Associates, P.C., or special bankruptcy counsel Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A. The services to be provided by each of these professionals are separate and different from the services to be provided by the other professionals and all are essential to the Debtor's reorganization efforts.

12. To the best of the Debtor's knowledge, information, and belief, the Peifer firm does not represent or hold an interest adverse to the Debtor or to the estate with respect to the matters on which the Peifer firm is to be employed.

13. In light of the foregoing, the Debtor believes that the Peifer firm is qualified to represent its interests and the interests of its estate.

14. The Debtor understands that the Peifer firm intends to apply to the Court for allowances of compensation and reimbursement of expenses as permitted by and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1.1, the United States Trustee guidelines, and the Court's orders, for services performed and expenses incurred on and after the date of this Application. The fee applications will contain a detailed statement showing services performed by the

Peifer firm and compensation received in accordance with all applicable guidelines and Local Rule 2016-1.1.

15. Subject to Court approval, and to the extent it is able, Debtor proposes to pay the Peifer firm rates that are lower than the Peifer firm's customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse the Peifer firm according to its customary reimbursement policies, subject to any applicable guidelines set forth by this Court or the United States Trustee, and submits that such rates are reasonable. The Peifer firm anticipates that it will receive payments from the Debtor's insurance companies pursuant to policies that provide for representation. The Peifer firm proposes that the insurance companies be allowed to pay the Peifer firm pursuant to the insurance policies.

16. The Peifer firm's attorneys who may perform legal services for the Debtor include Sara N. Sanchez, whose hourly rates are $250 for issues related to the Litigation Cases and matters related to issues raised in the Litigation Cases. Other partners who may be employed by the Peifer firm would be billed at $250 per hour; associate attorneys would be billed at $225 per hour. Law clerks and paralegals would be billed at $95 per hour.

17. The Peifer firm itemizes and charges separately for certain reasonable costs and expenses, which may include postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses, and expert witness fees, at the Peifer firm's actual cost. The Peifer firm also charges for telecopies, photocopies ($0.15 per page), and gross receipts tax on fees and costs. Further, although considered normal expenses charged to its clients, the Peifer firm has informed the Debtor that, limited to this bankruptcy case, it will not charge Debtor for any of the following services, pursuant to this Court's opinion in *In re Furr's Supermarkets, Inc.,* Case No. 11-01-10779 SA (Bankr. D.N.M. June 28,

2001): secretarial work, secretarial overtime, overtime meals, late work transportation allowances, and word processing, proofreading, or other miscellaneous support services.

18. If the application to employ the Peifer firm is granted, the Peifer firm will render monthly statements to Debtor and other parties in interest. The Peifer firm seeks authority to be paid monthly, upon receipt of the Peifer firm's billing statements and before the fees and costs are allowed, 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. All fees, costs, and gross receipts tax would be subject to ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328, 330, and 331. The Peifer firm's fee applications will contain a detailed statement showing services performed by Peifer for compensation received.

19. As of the date of this Application, the Peifer firm has not received any payments from the Debtor for legal services, and the Debtor does not owe the Peifer firm any amounts for legal services.

WHEREFORE, the Debtor respectfully requests the entry of an order, pursuant to §§327(e), 328, and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, authorizing Debtor to employ and retain the Peifer firm as special counsel for the Debtor effective as of the date this Application was filed and granting Debtor all such other relief as the Court deems just and proper.

    Respectfully submitted,

    WALKER & ASSOCIATES, P.C.

    By: *filed electronically 2/3/2020*
        Thomas D. Walker
        500 Marquette Ave NW, Suite 650
        Albuquerque, NM 87102
        Telephone: (505) 766-9272
        Facsimile: (505) 766-9287
        e-mail: twalker@walkerlawpc.com
    *Attorneys for Debtor in Possession*

I hereby certify that, on February 3, 2020,
in accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), a true copy of the
foregoing was served via the Court's CM/ECF
notification facilities to those parties who are
registered CM/ECF participants in this case.

*s/ filed electronically*
Thomas D. Walker