## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>_____Debtor-in-Possession._____ | Chapter 11<br><br>Case No. 18-13027-t11 |

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE,
a New Mexico corporation sole,

      Plaintiff,

v.                                         Adversary No. _____

The U.S. Small Business Administration
and Jovita Corranza, solely as the Administrator
of the U.S. Small Business Administration,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS, AND INJUNCTIVE RELIEF

Plaintiff Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole, by counsel, brings this Complaint for Declaratory Judgment, Writ of Mandamus, and Injunctive Relief (the "Complaint") against the United States of America, the U.S. Small Business Administration and Jovita Corranza, solely as the Administrator of the U.S. Small Business Administration (collectively, the "SBA" or "Defendants") and alleges as follows:

### INTRODUCTION

1.      Under the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the "CARES Act"), Congress and the President temporarily added a new program entitled the "Paycheck Protection Program" to the SBA's 7(a) Loan Program (hereinafter referred to as the "PPP").

2. The PPP and its associated benefits are intended to provide economic relief to small businesses nationwide who are adversely impacted under the Coronavirus Disease 2019 ("COVID-19") Emergency Declaration issued by President Trump on March 13, 2020.

3. This is an action against the SBA under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* and section 525 of the United States Bankruptcy Code, 11 U.S.C. § 525, seeking: (a) declaratory judgment that the SBA's implementation of the PPP is unlawful, discriminatory against prospective borrowers who are debtors in bankruptcy, and beyond its statutory authority; (b) a writ of mandamus under 28 U.S.C. § 1361 to compel the SBA the remove its disqualification of bankruptcy debtors as viable applicants from all PPP applications, including the PPP Official SBA Form 2483 (the "PPP Application"); and (c) an order enjoining the SBA from denying the Plaintiff a loan under the PPP based on the Plaintiff's status as a chapter 11 debtor.

## THE PARTIES

4. Roman Catholic Church of the Archdiocese of Santa Fe is an archdiocese in New Mexico and is a corporation sole under New Mexico law with its principal place of business at 4000 St. Josephs Place NW, Albuquerque, New Mexico.

5. The SBA is an agency of the United States of America whose central office is located at 409 Third Street, S.Q., Washington DC 20416.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

7. Declaratory and injunctive relief is sought consistent with 5 U.S.C. § 706 and as authorized in 28 U.S.C. § 2201 and 2202.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1) and 28 U.S.C. § 1409(a).

9.     The Debtor states that it consents to the bankruptcy court hearing and determining all claims and issues in this adversary proceeding and entering final orders and judgments on all claims including money judgments as appropriate, subject to review under 28 U.S.C. § 158.

## FACTUAL BACKGROUND

10.     On December 3, 2018 (the "Petition Date"), Plaintiff filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico, commencing the case captioned *In re Roman Catholic Church of the Archdiocese of Santa Fe*, Case No. 8-13027-t11 (the "Chapter 11 Case").

11.     Since the Petition Date, the Plaintiff has been operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

12.     On March 27, 2020 the President of the United States signed into law the CARES Act, S. 3548, 116th Cong. (2020). The CARES Act is intended to, among other things, provide stimulus to the economy by distributing approximately $2.3 trillion to various industries, programs, and individuals.

13.     The PPP is set forth in Title I of the CARES Act and is a temporary, short-term program, and amends Section 7(a) of the Small Business Act (15 U.S.C. 636(a)), the regulatory scheme through which the SBA guarantees covered loans.

14.     The PPP allows lenders to give federally guaranteed loans to small businesses to cover payroll during the period of February 15, 2020 through June 30, 2020, as well as other expenses including payments of interest on mortgages, rent, utilities and interest on other debt.

15.     No collateral or personal guarantees are required to receive a PPP loan.

16.     Neither the SBA nor lenders charge any fees for the PPP loan.

- 3 -

17. The loan has very favorable terms in that it matures in 2 years and carries an interest rate of 1%.

18. Further, the PPP loan may be fully forgiven if the funds are used for payroll costs, interest on mortgages, rent, and utilities, and certain other conditions are met as set forth in the CARES Act.

19. Faith-based organizations like Plaintiff are eligible to receive funding under the PPP.

20. The PPP loan pool, however, is limited in size and the PPP is administered on a first-come-first-served basis.

21. To date, Congress has authorized up to $349 billion to the PPP. Additional funding is expected to be allocated to the PPP in a fixed amount. Accordingly, the PPP contains a finite amount of money.

22. The demand for the PPP program has been overwhelming.

23. On April 16, 2020, the SBA announced that the $349 billion authorized for the PPP had been exhausted.

24. Upon information and belief, Congress has reached a deal to allocate additional funds to the PPP.

25. The CARES Act grants the SBA emergency rule making authority and charges the SBA to issue regulations to carry out certain of the programs contemplated in the CARES Act, including the PPP. *See* CARES Act, section 1114.

26. On April 2, 2020, the SBA issued an interim final rule (the "First Interim Rule") providing guidance on, among other things, the eligibility requirements to receive a loan under the PPP.

27.     The First Interim Rule adopts the ineligibility standards set forth in section 120.110, title 13 of the Code of Federal Regulations ("CFR 120.110"), as further described in SBA's Standard Operating Procedure 50-10, Subpart B, Chapter 2 ("SOP 50-10"). *See* First Interim Rule, 2(c) ("Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and further described further in SBA's Standard Operating Procedure").

28.     The SOP 50-10 provides that a "Small Business Applicant" must, among other things: be an operating business; be located in the united states; be small (as defined by the SBA); and demonstrate the need for the desired credit. *See* SOP 50-10, pg. 85.

29.     The SOP 50-10 also provides that the businesses listed in CFR 120.110 are not eligible for an SBA loan. Bankruptcy debtors are not the listed as an ineligible business in CFR 120.110. Nothing in the SOP 50-10 makes the Plaintiff ineligible for a PPP loan.

30.     Notwithstanding the foregoing, on April 2, 2020, the SBA issued the PPP Application, that purports to disqualify bankruptcy debtors from participation in the PPP. A true and correct copy of the PPP Application is attached hereto as Exhibit A.

31.     Official SBA Form 2484, which is the Lender Application Form – Paycheck Protection Program Loan Guaranty ("PPP Lender Application"), states that the PPP loan cannot be approved unless the applicant certifies that neither the applicant nor any owner is presently involved in any bankruptcy. A true and correct copy of the PPP Lender Application is attached hereto as Exhibit B.

32.     On April 4, 2020, the SBA issued a supplemental interim final rule (the "Second Interim Rule") further providing guidance on the PPP. The Second Interim Rule does not provide that bankruptcy debtors are ineligible for the PPP loan. Defendants implemented the PPP in a manner that unlawfully excludes debtors in bankruptcy.

33.     Nothing in the CARES Act, SBA Regulations, SOP 50-10, the First Interim Rule or the Second Interim Rule authorizes or permits the SBA to exclude debtors in bankruptcy from the PPP.

34.     Plaintiff, like many other businesses, has been financially affected by the COVID-19 pandemic in ways that could not have been foreseen.

35.     On March 23, 2020, the New Mexico Department of Health issued a "stay at home" order, prohibiting mass gatherings and requiring all non-essential businesses to cease in-person operations.

36.     On April 6, 2020, the Governor issued Executive Order 2020-22, which expanded the Stay at Home Order through April 30, 2020.

37.     Plaintiff relies on, as its primary source of income, revenue derived from monthly parish assessments. The parishes derive a significant portion of their revenue from offertory collection during masses and, a significant portion of the offertory collections occur during Holy Week which includes Easter Sunday mass.

38.     Because the parishes have been closed to their parishioners and the public, the Plaintiff is experiencing a significant decrease in revenue and anticipates that for as long as the "stay at home" order remains in effect, it will struggle to continue making payroll payments.

39.     The Plaintiff is a business that Congress intended to benefit from the PPP to alleviate some of its payroll difficulties when it passed the CARES Act.

40.     However, when Plaintiff sought to apply for the PPP, it discovered that the Application would "not be approved" because Plaintiff is presently involved in a bankruptcy. In fact, the Application was "hard-coded" to answer "No" to the bankruptcy question (Question No.

1). Plaintiff submitted a supplemental statement with its Application correcting the hard-coded answer to Question No. 1.

41. Plaintiff will file a motion in the Bankruptcy Court seeking entry of an order pursuant to Bankruptcy Code section 364(b) authorizing Plaintiff to obtain post-petition financing on an unsecured basis (the "364 Motion").

COUNT I

Administrative Procedure Act – Exceeds Statutory Authority

42. Plaintiff hereby incorporates each and every allegation contained in foregoing paragraphs with the same force and effect as though fully set forth herein.

43. Under the APA, courts must "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

44. Defendants may only exercise authority conferred by statute.

45. The SBA issued the First Interim Rule which provides guidance on, among other things, the eligibility requirements to receive a loan under the PPP. The First Interim Rule adopts the ineligibility standards set forth in CFR 120.110, as further described in SOP 50-10.

46. SOP 50-10 provides that a "Small Business Applicant" must, among other things: be an operating business; be located in the United States; be small (as defined by the SBA); and demonstrate the need for the desired credit. *See* SOP 50-10, p. 85.

47. SOP 50-10 also states that the businesses listed in CFR 120.110 are not eligible for an SBA loan.

48. Bankruptcy debtors are not the listed as an ineligible business in CFR 120.110.

49. Notwithstanding the foregoing, the SBA issued the PPP Application, which purports to disqualify bankruptcy debtors from participation in the PPP. *See* Exhibit A.

- 7 -

50.     Further, the SBA issued the PPP Lender Application which states that the PPP loan cannot be approved unless the applicant certifies that neither the applicant nor any owner is presently involved in any bankruptcy. *See* <u>Exhibit B</u>.

51.     The SBA issued the Second Interim Rule which further provides guidance on the PPP. The Second Interim Rule does not provide that bankruptcy debtors are ineligible for the PPP loan.

52.     Defendants implemented the PPP in a manner that unlawfully excludes debtors in bankruptcy.

53.     Nothing in the CARES Act, SBA Regulations, SOP 50-10, the First Interim Rule, or the Second Interim Rule authorizes or permits the SBA to exclude debtors in bankruptcy from the PPP.

54.     Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is therefore "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA. 5 U.S.C. § 706(2)(C).

55.     The SBA has made a final determination with respect to the issuance of the PPP Application and the PPP Lender Application.

56.     There are no administrative appeals or remedies available to Plaintiff to seek review of the SBA's determination to issue the PPP Application and the PPP Lender Application.

57.     Defendants' violation of the APA causes ongoing and irreparable harm to Plaintiff.

58.     Plaintiff is entitled to a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA.

59. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on the Plaintiff's status as a chapter 11 debtor.

60. Plaintiff is likely to succeed on the merits of its claims against the SBA.

61. Plaintiff will suffer immediate and irreparable harm as a result of the unlawful debtor disqualification criteria because the PPP offers applicants guaranteed loans that are not otherwise obtainable in the private marketplace, the PPP funds have been exhausted, and will be rapidly depleted even after Congress enacts further relief.

62. Without a PPP loan, the Plaintiff will be forced to lay off or furlough essential employees which will have a permanent effect on the Plaintiff's bankruptcy estate and alter how the Chapter 11 Case will be administered.

63. Further, the balance of the hardships weighs heavily in favor of the issuance of injunctive relief.

64. Plaintiff has no adequate remedy at law.

## COUNT II

### Administrative Procedure Act – Arbitrary and Capricious

65. Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

66. The APA provides that courts must "hold unlawful and set aside" agency action that is "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

67. The SBA issued the First Interim Rule which provides guidance on, among other things, the eligibility requirements to receive a loan under the PPP. The First Interim Rule adopts the ineligibility standards set forth in CFR 120.110, as further described in SOP 50-10.

68.     SOP 50-10 provides that a "Small Business Applicant" must, among other things: be an operating business; be located in the United States; be small (as defined by the SBA); and demonstrate the need for the desired credit. *See* SOP 50-10, pg. 85.

69.     SOP 50-10 also provides that the businesses listed in CFR 120.110 are not eligible for an SBA loan. Bankruptcy debtors are not the listed as an ineligible business in CFR 120.110.

70.     Notwithstanding the foregoing, the SBA issued the PPP Application, that purports to disqualify bankruptcy debtors from participation in the PPP. *See* Exhibit A.

71.     Further, the SBA issued the PPP Lender Application which states that the PPP loan cannot be approved unless the applicant certifies that neither the applicant nor any owner is presently involved in any bankruptcy. *See* Exhibit B.

72.     The SBA issued the Second Interim Rule which further provides guidance on the PPP. The Second Interim Rule does not provide that bankruptcy debtors are ineligible for the PPP loan.

73.     Defendants implemented the PPP in a manner that unlawfully excludes debtors in bankruptcy.

74.     Nothing in the CARES Act, SBA Regulations, SOP 50-10, the First Interim Rule or the Second Interim Rule authorizes or permits the SBA to exclude debtors in bankruptcy from the PPP.

75.     Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is therefore "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA. 5 U.S.C. § 706(2)(A).

76.     The SBA has made a final determination with respect to the issuance of the PPP Application and the PPP Lender Application.

- 10 -

77.    There are no administrative appeals or remedies available to Plaintiff to seek review of the SBA's determination to issue the PPP Application and the PPP Lender Application.

78.    Defendants' violation of the APA causes ongoing harm to Plaintiff.

79.    Plaintiff is entitled to a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA.

80.    Further, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on the Plaintiff's status as a chapter 11 debtor.

81.    Plaintiff is likely to succeed on the merits of its claims against the SBA.

82.    Plaintiff will suffer immediate and irreparable harm as a result of the unlawful debtor disqualification criteria because the PPP offers applicants guaranteed loans that are not otherwise obtainable in the private marketplace, the PPP funds have been exhausted, and will be rapidly depleted even after Congress enacts further relief. Without a PPP loan, the Plaintiff will be forced to lay off or furlough essential employees which will have a permanent effect on the Plaintiff's bankruptcy estate and alter how the Chapter 11 Case will be administered

83.    Further, the balance of the hardships weighs heavily in favor of the issuance of injunctive relief.

84.    Plaintiff has no adequate remedy at law.

## COUNT III

Violation of 11 U.S.C. § 525 – Discriminatory Treatment of Chapter 11 Debtor

85.    Plaintiff hereby incorporates each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

86. Section 525(a) of the Bankruptcy Code provides in relevant part that "a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to . . . a person that is or has been a debtor under this title." 11 U.S.C. § 525(a). This list is illustrative rather than exhaustive.

87. The PPP is a government program designed to provide relief to small businesses affected by COVID-19.

88. The SBA is denying Plaintiff the benefits provided by the PPP through the debtor in bankruptcy disqualification sections in the PPP Application and PPP Lender Application in violation of section 525(a) of the Bankruptcy Code.

89. Plaintiff is not being denied access to the PPP because of its creditworthiness. In fact, the PPP was enacted to provide relief to struggling small businesses without regard to their creditworthiness.

90. But for the debtor in bankruptcy disqualification sections in the PPP Application and PPP Lender Application, Plaintiff is otherwise eligible for a PPP loan.

91. As such, the debtor in bankruptcy disqualification sections in the PPP Application and PPP Lender Application are interfering with Plaintiff's ability to obtain a "fresh start" and its ability to retain its employees many of whom are crucial to the Plaintiff's business as going concerns.

92. Through the bankruptcy disqualification sections in the PPP Application and PPP Lender Application, Defendants have discriminated against chapter 11 debtors generally, and Plaintiff in particular, in violation of Section 525(a) of the Bankruptcy Code.

93. Defendants' violation causes ongoing harm to Plaintiff.

- 12 -

94. Plaintiff is entitled to a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is unlawful and discriminatory against debtors in bankruptcy in violation of Section 525(a) of the Bankruptcy Code.

95. Further, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on the Plaintiff's status as a chapter 11 debtor.

96. Plaintiff is likely to succeed on the merits of their claims against the SBA.

97. Plaintiff will suffer immediate and irreparable harm as a result of the unlawful debtor disqualification criteria because the PPP offers applicants guaranteed loans that are not otherwise obtainable in the private marketplace, the PPP funds are exhausted, and will be rapidly depleted even after Congress enacts further relief.

98. Without a PPP loan, the Plaintiff will be forced to lay off or furlough essential employees which will have a permanent effect on the Plaintiff's bankruptcy estate and alter how the Chapter 11 Case will be administered.

99. Further, the balance of the hardships weighs heavily in favor of the issuance of injunctive relief.

100. Plaintiff has no adequate remedy at law.

COUNT IV

MANDAMUS UNDER 28 U.S.C. §1361

101. Plaintiff hereby incorporates each and every allegation contained in foregoing paragraphs with the same force and effect as though fully set forth herein.

102. The Defendants have the non-discretionary duty to comply with the CARES Act and the provisions of the PPP to apply criteria to the PPP that are substantively and/or procedurally

- 13 -

valid and to avoid imposing criteria to the PPP that are substantively and/or procedurally *ultra vires*.

103. Plaintiff is entitled to a writ of mandamus under 28 U.S.C. § 1361 to compel the SBA the remove from all PPP applications, including the PPP Application and the PPP Lender Application its disqualification of bankruptcy debtors as viable applicants because SBA acted beyond its statutory authority in implementing such disqualifying factors.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA;

B. For entry of preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on Plaintiff's status as a chapter 11 debtor;

C. For a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA; and (b) preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on Plaintiff's status as a chapter 11 debtor;

D. For a declaratory judgment that Defendants' implementation of the PPP in a manner that causes debtors in bankruptcy, including Plaintiff, to be ineligible is unlawful and discriminatory against debtors in bankruptcy in violation of Section 525(a) of the Bankruptcy Code; and (b) preliminary and permanent injunctive relief enjoining Defendants from denying Plaintiff a loan under the PPP based on Plaintiff's status as a chapter 11 debtor;

E.     For entry of a writ of mandamus under 28 U.S.C. § 1361 to compel the SBA to remove from all PPP applications, including the PPP Application and the PPP Lender Application its disqualification of bankruptcy debtors as viable applicants because SBA acted beyond its statutory authority in implementing such disqualifying factors; and

F.     All other relief as may be just and proper.

Respectfully submitted,

*/s/ Ford Elsaesser*
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com

-and-

*/s/ Thomas D. Walker*
Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
Fax:  (505) 722-9287
twalker@walkerlawpc.com
*Counsel for Plaintiff*

- 15 -



# Paycheck Protection Program
## Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other | **DBA or Tradename if Applicable** |
|---|---|---|

| **Business Legal Name** | |
|---|---|

| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone** |
|---|---|---|
| | | ( )  - |
| | **Primary Contact** | **Email Address** |
| | | |

| Average Monthly Payroll: | $ | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ | Number of Employees: |
|---|---|---|---|---|
| Purpose of the loan<br>(select more than one): | ☐Payroll ☐Lease / Mortgage Interest ☐Utilities ☐Other (explain):_____ | | | |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br><br>Initial here to confirm your response to question 5 →  _____ | ☐ | ☐ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br><br>Initial here to confirm your response to question 6 →  _____ | ☐ | ☐ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☐ |



**Paycheck Protection Program**
**Borrower Application Form**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

<u>CERTIFICATIONS AND AUTHORIZATIONS</u>

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

<u>CERTIFICATIONS</u>

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

\_\_\_\_\_ The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

\_\_\_\_\_ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

\_\_\_\_\_ The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

\_\_\_\_\_ The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

\_\_\_\_\_ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

\_\_\_\_\_ During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

\_\_\_\_\_ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than  $1,000,000.

\_\_\_\_\_ I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____  _____
Signature of Authorized Representative of Applicant        Date

_____  _____
Print Name                   Title



# Paycheck Protection Program
## Borrower Application Form

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial



# Paycheck Protection Program
## Borrower Application Form

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

SBA Form 2483 (04/20)



# Paycheck Protection Program
# Lender Application Form - Paycheck Protection Program Loan Guaranty

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

The purpose of this form is to collect identifying information about the Lender, the Applicant, the loan guaranty request, sources and uses of funds, the proposed structure (which includes pricing and the loan term), and compliance with SBA Loan Program Requirements. This form reflects the data fields that will be collected electronically from lenders; no paper version of this form is required or permitted to be submitted. As used in this application, "Paycheck Protection Program Rule" refers to the rules in effect at the time you submit this application that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

<u>Instructions for Lenders</u>
All Paycheck Protection Program (PPP) loans are processed by all Lenders under delegated authority from SBA. This application must be submitted and signed electronically in accordance with program requirements, and the information requested is to be retained in the Lender's loan file.

**A. Lender Information**

| | |
|---|---|
| Lender Name: | Lender Location ID: |
| Address: | City: | St: | Zip: |
| Lender Contact: | Ph: ( ) - | Cell or Ext: ( ) - |
| Contact Email: | Title: |

**B. Applicant Information**

Check One:
☐ Sole Proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC ☐ Independent contractor
☐ Eligible self-employed individual ☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization
☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other

Applicant Legal Name: _____

DBA: _____      Business Tax ID: _____

Applicant Address: _____    City, State, Zip: _____

Applicant Primary Contact: _____    Phone: ( ) -

**C. Loan Structure Information**

| Amount of Loan Request: | $ | Guarantee %: | 100% | Loan Term in # of Months: | 24 | Payment: | Deferred 6 mos. |
|---|---|---|---|---|---|---|---|

Applicant must provide documentation to Lender supporting how the loan amount was calculated in accordance with the Paycheck Protection Program Rule and the CARES Act, and Lender must retain all such supporting documentation in Lender's file.

| Interest Rate: | 1% | |
|---|---|---|

**D. Loan Amount Information**

| | |
|---|---|
| Average Monthly Payroll multiplied by 2.5 | $ |
| Refinance of Eligible Economic Injury Disaster Loan, net of Advance (if Applicable; see Paycheck Protection Program Rule) | $ |
| **Total** | $ |

**E. General Eligibility** *(If the answer is no to either, the loan cannot be approved)*

| | |
|---|---|
| • The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan. | ☐ Yes   ☐ No |
| • The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry. | ☐ Yes   ☐ No |

**F. Applicant Certification of Eligibility** *(If not true, the loan cannot be approved)*

| | |
|---|---|
| • The Applicant has certified to the Lender that the Applicant is eligible under the Paycheck Protection Program Rule. | ☐ True |

**G. Franchise/License/Jobber/Membership or Similar Agreement** *(If applicable and no, the loan cannot be approved)*

| | |
|---|---|
| • The Applicant has represented to the Lender that it is a franchise that is listed in the SBA's Franchise Directory. | ☐ Yes   ☐ No |

# EXHIBIT B

SBA Form 2484 (Revised 04/20)                                                    1

| **H. Character Determination** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant is subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or is presently incarcerated, or on probation or parole. | ☐ Yes | ☐ No |
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant has within the last 5 years, for any felony: 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment). | ☐ Yes | ☐ No |

| **I. Prior Loss to Government/Delinquent Federal Debt** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy. | ☐ Yes | ☐ No |
| • The Applicant has certified to the Lender that neither the Applicant nor any of its owners, nor any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government. | ☐ Yes | ☐ No |

| **J. U.S. Employees** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified that the principal place of residence for all employees included in the Applicant's payroll calculation is the United States. | ☐ Yes | ☐ No |

| **K. Fees** *(If yes, Lender may not pass any agent fee through to the Applicant or offset or pay the fee with the proceeds of this loan)* | | |
|---|---|---|
| • Is the Lender using a third party to assist in the preparation of the loan application or application materials, or to perform other services in connection with this loan? | ☐ Yes | ☐ No |

### SBA Certification to Financial Institution under Right to Financial Privacy Act (12 U.S.C. 3401)

By signing SBA Form 2483, Borrower Information Form in connection with this application for an SBA-guaranteed loan, the Applicant certifies that it has read the Statements Required by Law and Executive Orders, which is attached to Form 2483. As such, SBA certifies that it has complied with the applicable provisions of the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401) and, pursuant to that Act, no further certification is required for subsequent access by SBA to financial records of the Applicant/Borrower during the term of the loan guaranty.

### Lender Certification

On behalf of the Lender, I certify that:

• The Lender has complied with the applicable lender obligations set forth in paragraphs 3.b(i)-(iii) of the Paycheck Protection Program Rule.
• The Lender has obtained and reviewed the required application (including documents demonstrating qualifying payroll amounts) of the Applicant and will retain copies of such documents in the Applicant's loan file.

I certify that:

• Neither the undersigned Authorized Lender Official, nor such individual's spouse or children, has a financial interest in the Applicant.

Authorized Lender Official: _____  Date: _____
                                      Signature

Type or Print Name: _____  Title: _____

NOTE: According to the Paperwork Reduction Act, you are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated burden for completing this form, including time for reviewing instructions, gathering data needed, and completing and reviewing the form is 25 minutes per response. Comments or questions on the burden estimates should be sent to U.S. Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Rm. 10202, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

SBA Form 2484 (Revised 04/20)                    2