UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No. 18-13027-t11 |
| Debtor. | |

**MOTION TO APPROVE POST-PETITION LENDING
PURSUANT TO THE CARES ACT ON AN EMERGENCY BASIS**

The Roman Catholic Church of the Archdiocese of Santa Fe, Debtor-in-Possession in the above captioned Chapter 11 case (the "Debtor"), by counsel and pursuant to 11 U.S.C. § 364(a) and (b), moves the Court for entry of an order authorizing the Debtor to take any and all actions necessary to apply for and obtain lending and funds pursuant to the CARES Act, and as grounds, STATES:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 3, 2018 ("Petition Date").

2. Since the Petition Date, the Debtor has been operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). The statutory bases for the relief requested are 11 U.S.C. §§ 105, 361 and 364. This Motion is governed pursuant to F.R.B.P. 4001(c).

4. Under the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 (the "CARES Act"), Congress and the President temporarily added a new program entitled the "Paycheck Protection Program" to the SBA's 7(a) Loan Program (hereinafter referred to as the "PPP").

5. The PPP and its associated benefits are intended to provide economic relief to small businesses nationwide who are adversely impacted under the Coronavirus Disease 2019 ("COVID-19").

6. The Debtor has determined that the Debtor should be eligible PPP funding and has applied for funds under the PPP with Wells Fargo Bank .

7. The Debtor, like many other businesses, has been financially devastated by the COVID-19 pandemic in ways that could not have been foreseen.

8. On March 23, 2020, the New Mexico Department of Health issued a "stay at home" order, prohibiting mass gatherings and requiring all non-essential businesses to cease in-person operations.

9. On April 6, 2020, the Governor issued Executive Order 2020-22, which expanded the Stay at Home Order through April 30, 2020.

10. On April 23, 2020, the Stay at Home Order was extended through May 15, 2020.

11. The Debtor relies on, as its primary source of income, revenue derived from monthly parish assessments. The parishes derive the great majority of their revenue from offertory collection during masses and, a significant portion of the offertory collections occur during Holy Week which includes Easter Sunday mass.

12. Because the parishes have been closed to their parishioners and the public, the Debtor is experiencing a significant decrease in revenue and anticipates that for as long as the Stay at Home Order remains in effect the Debtor will struggle to continue making payroll payments. Even after the Stay and Home Order lifts, the Debtor anticipates that many parishioners will be hesitant to return to regular church attendance until more is known about control of the pandemic.

13. The Debtor is an entity that Congress intended to benefit from the PPP to alleviate some of its payroll difficulties when it passed the CARES Act.

14. It is in the best interest of the Debtor, the creditors and the Debtor's estate for the Debtor to apply for and obtain a loan under the PPP.

15. Further, the PPP funds are more like a grant in the nature of public assistance than they are a loan. To the extent that the funds are used for payroll, utilities, and otherwise as set forth in the PPP rules, the loan will be forgiven and will not constitute an additional obligation of the Debtor.

16. To the extent that portions of the loan are not forgiven, the Debtor requests that the balance owed on the loan, to the extent not forgiven pursuant to the CARES Act, be classified as unsecured credit with administrative expense status pursuant to 11 U.S.C. §364(a) and (b).

17. The proposed lending is an exercise of sound and reasonable business judgment; no alternative financing is available, as the PPP is unique and unprecedented; the financing is in the best interests of the estate and its creditors; and no better offers, bids, or timely proposals are before the Court. See *In re Phase-I Molecular Toxicology Inc.*, 285 B.R. 494, 495 (Bankr.D.N.M. 2002).

18. The funds originally authorized to be distributed under the PPP have been exhausted. Additional funding has been approved by Congress and the President. But the additional funding will also be rapidly exhausted. If the PPP loan is granted, the loan is supposed to be funded within 10 days of approval. Therefore, the Debtor requests that the Court enter an order authorizing the Debtor to borrow funds under the PPP program, on an emergency basis, on the grounds that it is urgent that the Debtor be so authorized while the funds are still available.

19. The Official Committee of Unsecured Creditors supports the relief requested in this Motion.

WHEREFORE, Debtor hereby requests that the Court enter an order authorizing the Debtor to take any and all actions necessary to borrow funds pursuant to the CARES Act and the PPP; that the balance owed on the loan, to the extent not forgiven pursuant to the CARES Act, be

classified as unsecured credit with administrative expense status pursuant to 11 U.S.C. §364(a) and (b), and granting the Debtor all other just and proper relief.

          Respectfully submitted:

          */s/ Bruce A. Anderson*
          Ford Elsaesser
          Bruce A. Anderson
          ELSAESSER ANDERSON, CHTD.
          320 East Neider Avenue, Suite 102
          Coeur d'Alene, ID  83815
          (208) 667-2900
          Fax: (208) 667-2150
          ford@eaidaho.com
          brucea@eaidaho.com
          Counsel for Debtor

          */s/ Thomas D. Walker*
          Thomas D. Walker
          WALKER & ASSOCIATES, P.C.
          500 Marquette N.W., Suite 650
          Albuquerque, New Mexico 87102
          (505) 766-9272
          Fax:  (505) 722-9287
          twalker@walkerlawpc.com
          Counsel for Debtor

In accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), this certifies that service
of the foregoing document was served this 28th
day of April 2020, via the notice transmission
facilities of the case management and electronic
filing system of the Bankruptcy Court.

s/filed electronically 4/28/2020
Thomas D. Walker