UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:                                                                                          Chapter 11

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE,                                        Case No. 18-13027-t11
a New Mexico corporation sole,

   Debtor.

**DEBTOR'S REPLY IN SUPPORT OF MOTION FOR ORDER OF CONTEMPT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

The Roman Catholic Church of the Archdiocese of Santa Fe, debtor-in-possession in the above-captioned Chapter 11 bankruptcy case ("Debtor"), by counsel, submits this Reply in Support of its Motion for Order of Contempt for Willful Violation of the Automatic Stay filed on April 20, 2020 (Doc. No. 343) (the "Motion for Contempt") and in Reply to attorney Andrew Indahl's Response to the Motion for Contempt filed on April 20, 2020 (Doc. No. 344) (the "Response").

A.   The Archbishop is Protected by the Automatic Stay. In his response, Indahl cites two cases to support his contention that the stay does not apply to the Archbishop. Neither of these cases concerned the bankruptcy of a corporation sole. In *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 138 (10th Cir. 1994), the president of a corporation sought stay protections in the corporation's bankruptcy case, and in *Fisher Sand & Gravel Co. v. W. Sur. Co.*, 2009 WL 4099768 (D.N.M. Oct. 20, 2009), the U.S. District Court held that a debtor's bonding company was not protected by the automatic stay. Here, the Archbishop is not the president of a corporation, nor is he a surety for the Debtor. The Debtor consists of the Archbishop, and suing the Archbishop in his capacity as Archbishop is, in effect, suing the Debtor. *See Roman*

*Catholic Bishop of Springfield v. City of Springfield (RCB)*, 760 F.Supp.2d 172, 177 n. 1 (D.Mass.2011). Therefore, the Automatic Stay applies to the Archbishop.

Indahl argues also that because the New Mexico Secretary of State lists several directors for the Debtor, the Debtor's status as a corporation sole should be disregarded. See Response, p. 4. This argument fails. The Debtor listed "directors" as required by the New Mexico Secretary of State who assist the Archbishop in administering the Archdiocese. This does not change the fact that the Debtor is organized as a corporation sole, and the Archbishop is the Archdiocese and has the sole authority to make decisions on behalf of the Debtor.

B.   The Complaint is an Attempt to Circumvent the Automatic Stay. In the Response, Indahl argues that he did not violate the Automatic Stay because he did not sue the Debtor by name. Response, p. 6. However, actions taken to circumvent the automatic stay are stayed themselves. *In re Republic Techs. Int'l, LLC*, 275 B.R. 508, 520 (Bankr. N.D. Ohio 2002) ("When a third party is taking action that circumvents the automatic stay in a debtor's bankruptcy case, a bankruptcy court may conclude that the third party's action should also be halted"). Indahl's suit against the Archbishop is a thinly veiled attempt to circumvent the Automatic Stay. The Complaint's allegations against the Archbishop mirror the allegations against the Archdiocese in the First Complaint (which Indahl knew was subject to the Automatic Stay) and pertain only to alleged acts undertaken in the Archbishop's capacity *as Archbishop*. *See* Exhibit A to the Motion for Contempt, ¶¶ 75, 77-79. It is clear that Indahl intended to take action against the Debtor through the Archbishop, and therefore, the Complaint is also subject to the Automatic Stay.

C.   Indahl's Stay Violations Were Willful. Indahl argues that because he did not name the Debtor directly in the Complaint, he did not willfully violate the Automatic Stay. *See* Response, p. 6. "A willful violation does not require specific intent to violate the automatic stay, but only that

the defendant has knowledge of the bankruptcy case and that the defendant's actions which violated the stay were intentional." *Kine v. Deutsche Bank National Tr. Co. (In re Kine)*, 420 B.R. 541, 547-48 (Bankr.D.N.M. 2009). Indahl had actual knowledge of the Automatic Stay and he intentionally filed the Complaint. Therefore, his violations were willful.

## CONCLUSION

For the reasons set forth in the Motion for Contempt and above, the Debtor respectfully requests the entry of an order: (a) holding that the Automatic Stay applies to the Archbishop; (b) determining that Indahl has committed a willful violation of the Automatic Stay, (c) determining that Indahl's actions taken in contravention of the Automatic Stay constitute civil contempt; (d) ordering Indahl to dismiss the Archbishop from the State Court Action; (e) awarding sanctions against Indahl in an amount not less than $10,000.00; and (f) granting the Debtor all other just and proper relief.

        WALKER & ASSOCIATES, P.C.

        By: */submitted electronically 5/20/2020*
           Thomas D. Walker
           500 Marquette Ave. NW, Suite 650
           Albuquerque, NM 87102
           (505) 766-9272
           twalker@walkerlawpc.com
        Attorneys for Debtor

I hereby certify that on May 20, 2020, a true and correct copy of the Motion was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/submitted electronically 5/20/2020*
Thomas D. Walker