UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE,

Case No. 18-13027-t11

Debtor.

## OBJECTION TO MOTION FOR LEAVE TO OBJECT TO CLAIM FILED BY CLAIMANT WHOSE IDENTITY IS CONFIDENTIAL

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole ("ASF" or the "Debtor"), the debtor and debtor in possession in the above-captioned case (the "Bankruptcy Case"), submits this Objection to the Motion for Leave to Object to Claim Filed by Claimant Whose Identity is Confidential (Doc. No. 717) (the "Motion") filed by J. Patrick Hough ( "Fr. Hough"). The Motion should be denied because Fr. Hough lacks standing to object to claims in this Bankruptcy Case, because permitting Fr. Hough to object to the claim will harm the Debtor's efforts to reorganize, and because the claim is the subject of a state court lawsuit that is currently stayed. In support of this Objection, the Debtor states as follows:

I. FACTUAL BACKGROUND

1. On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On the Petition Date, the automatic stay pursuant to 11 U.S.C. §362(a) (the "Automatic Stay") went into effect.

3. After the Petition Date, a confidential proof of claim (the "Claim") was filed in the Bankruptcy Case by confidential claimant John Doe 124. Fr. Hough was not named as a co-debtor in the Claim.

4. Post-petition, the Claimant filed a lawsuit captioned *John Doe 124 v. U.S. Central and Southern Province, Society of Jesus and Immaculate Conception – Albuquerque*; Case No. D-202-CV-2019-08893 (the "State Court Lawsuit"), in the Second Judicial District Court, Bernalillo County, New Mexico (the "State Court").

5. Fr. Hough was not named as a defendant in the State Court Lawsuit and is not a party to that lawsuit. Fr. Hough did not intervene in the State Court Lawsuit and did not timely remove the State Court Lawsuit to this Court.

6. Immaculate Conception is covered by one or more certificates (the "Certificates") provided by the Catholic Mutual Relief Society of America ("Catholic Mutual").

7. On December 3, 2020, this Court entered the Stipulated Order Partially Resolving Debtor's Second Amended Motion For Entry of an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. §§ 105(A) and 362(A)(3) to Stay Action Affecting Property of the Estate (the "Stay Order") (Doc. No. 565).

8. As set forth in the Order, the Certificates and the coverage they represent are property of the Estate, the Certificates cover the claims asserted in the State Court Lawsuit, the Certificates have finite limits, and payments to defend the State Court Lawsuit will deplete the coverage available under the Certificates, reducing the coverage available to pay all claimants. Order, ¶¶ H-N.

9. The State Court Lawsuit was also stayed by the State Court on April 28, 2021, which entered an order denying the Jesuits' request that the issue of Fr. Hough's liability be litigated immediately.

10. On June 17, 2021, Fr. Hough filed the Motion, seeking leave to object to the Claim in the Bankruptcy Court.

## II. LEGAL ARGUMENT

### A. Fr. Hough Lacks Standing to Object to the Claim

Fr. Hough is not a party in interest. Only a party in interest may object to proofs of claims filed in a bankruptcy case. 11 U.S.C. § 502(a). *See also In re Quintero*, 513 B.R. 127, 133 (Bankr. D.N.M. 2014) (stating that a party with no "pecuniary interest" in the outcome of the claim objection does not have standing to object). Here, Fr. Hough is not a creditor in this case, nor has he been identified by the Debtor or anyone else as a co-debtor in this case. The Debtor is not seeking indemnification or contribution from Fr. Hough. Fr. Hough is a stranger to this case without pecuniary interest in the allowance or disallowance of the Claim, and has no standing to object to the Claim. The Motion should therefore be denied.

### B. Granting the Motion Would Negate the Stay

The State Court Lawsuit was stayed by the Bankruptcy Court and the State Court for good reason – to preserve the Certificates and allow the insurance resources to be distributed to the claimants in an equitable manner. The Motion, which seeks to have the Claim adjudicated on its merits in the Bankruptcy Court, will result in the depletion of the Certificates. This Court has already determined that this is an unacceptable outcome.

### C. Granting the Motion will Interfere with the Administration of the Estate

Granting Fr. Hough's Motion will hinder the administration of the Estate, distract from the important and primary goals of the bankruptcy case of reaching a settlement with the claimants and negotiating a consensual plan, and will divert very limited resources from those goals. Fr. Hough's personal agenda against a confidential claimant is inconsistent with the goals of chapter

11 and has nothing to do with the Debtor. Fr. Hough is a classic interloper pursuing his own agenda at the expense of the Debtor and the creditors and to the detriment of the Estate.

        D.      <u>Fr. Hough Cannot Seek Declaratory Judgment in an Objection to a Claim</u>

As set forth above, Fr. Hough has no pecuniary interest in the adjudication of the Claim in Bankruptcy Court. If the Claim is allowed, he will not be responsible to contribute in any way. His only goal in objecting to the Claim is to "clear his name." In essence, he is seeking a declaration from this Court that he is not guilty of the misconduct of which he is accused. Fed.R.Bankr.P. Rule 3007(c) states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim…" Fed.R.Bankr.P. Rule 7001(9) specifies that declaratory judgment must be sought by adversary proceeding. Because the relief Fr. Hough seeks cannot be granted through an objection to the Claim, the Motion must be denied. An adversary proceeding is stayed by Code § 362 and may not be brought without relief from the stay, to which the Debtor objects.

        E.      <u>Objection to the Claim is Not Fr. Hough's Sole Remedy</u>

In the Motion, Fr. Hough states that because the State Court Lawsuit has been stayed, his only recourse is to attempt to clear his name by litigating a claim in a bankruptcy case in which he is not an interested party. This is simply untrue. His alternative and better courses of action include waiting to litigate his issues in the State Court Lawsuit until after the Bankruptcy Case has concluded and the stays have expired, or to attempt to intervene in the State Court Lawsuit, or file a separate action against the plaintiff, if Fr. Hough believes he can prove a defamation claim or other claim. Fr. Hough cannot proceed as he proposed in his Motion, and he has alternative avenues.

III.      <u>CONCLUSION</u>

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion and grant Debtor all other just and proper relief.

                Respectfully submitted,

                */s/ Thomas D. Walker*
                Thomas D. Walker
                WALKER & ASSOCIATES, P.C.
                500 Marquette N.W., Suite 650
                Albuquerque, New Mexico 87102
                (505) 766-9272
                Fax: (505) 722-9287
                twalker@walkerlawpc.com
                Attorneys for Debtor

Pursuant to F.R.C.P. 5(b)(3), F.R.B.P. 9036 and NM LBR 9036-1(b), I hereby certify that service of the foregoing was made on July 14, 2021, via the notice transmission facilities of the Bankruptcy Court's case management and electronic filing system.

*/s/ Thomas D. Walker*
Thomas D. Walker