UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico corporation sole,
                Debtor.

Chapter 11
Case No. 18-13027-t11

## MOTION FOR ORDER AUTHORIZING SALE OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 363 (DISCALCED CARMELITE NUNS OF SANTA FE, NEW MEXICO)

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case"), by counsel, hereby moves for an order authorizing the Debtor to sell its interest in certain real property pursuant to 11 U.S.C. § 363. In support of this Motion, the Debtor states as follows:

    1.    The Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157(a), (b)(1), and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N). Venue is proper in this District, pursuant to 28 U.S.C. § 1409(a).

    2.    On December 3, 2018 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    3.    The Debtor is a debtor-in-possession and is authorized to operate its business pursuant to 11 U.S.C. §§ 1107(a) and 1108.

    4.    The Unsecured Creditors Committee (the "UCC") was appointed in this case on December 18, 2018. *See* Docket No. 53.

    5.    In 1949, 1967, 1969, and 1993, Debtor transferred certain real property in Santa Fe County (the "Property") to The Discalced Carmelite Nuns of Santa Fe, New Mexico ("DCN"). The Property is more particularly described in the deeds, copies of which are attached hereto as Exhibits A, B, C, and D. A 2018 deed purported to reserve a right of first refusal in property

transferred in the 1949 deed and to remove a reversion reserved in the 1967 deed. A copy of the 2018 deed is attached hereto as <u>Exhibit E.</u>  Exhibits A, B, C, D, and E are referred to herein as the "Deeds."

6. DCN is currently using the Property as a Carmelite Monastery and for purposes incidental to the Monastery.

7. The 1967, 1969, 1993, and 2018 Deeds reserved rights in the Debtor in the nature of reversionary rights and rights of first refusal to purchase the Property in event DCN sold or conveyed the Property.  The rights reserved in the Deeds are referred to herein as the "Executory Interests."  See Exhibits B, C, D, and E.

8. On September 14, 2020, DCN filed a Motion to Abandon Property of the Estate (the "Motion to Abandon") (Doc. No. 495) in which DCN sought an order directing the Debtor to abandon its interests in the Property including the Executory Interests .  On October 5, 2020, the Debtor filed its objection to the Motion to Abandon. (Doc. No. 509).  The Debtor asserted that the interests sought to be abandoned are not burdensome to the Estate and are not of inconsequential value and benefit to the Estate and therefore are not subject to abandonment.  The Court has not ruled on the Motion to Abandon.

9. An order approving of the sale of the Executory Interests will make the Motion to Abandon moot.  In this Motion, Debtor requests that the order approving the sale also deny the Motion to Abandon

10. DCN has agreed to purchase and the Debtor has agreed to sell the Executory Interests in the Property for Two Hundred and Fifty Thousand Dollars ($250,000.00) (the "Purchase Price").  DCN will pay the Purchase Price within thirty (30) days of entry of the order

approving this Motion in exchange for a quitclaim deed transferring to DCN all of the Debtor's right, title, and interest in the Property.

11. The Debtor requests that the Court authorize the sale of the Executory Interests in the Property pursuant to 11 U.S.C. § 363(b).

12. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. Courts generally permit a debtor to sell property of the estate outside the ordinary course where the proposed sale is a sound exercise of the debtor's business judgment and when such sale is for fair and reasonable consideration and is in good faith. See *In re Premier Concrete, LLC*, 2010 WL 1780046 (Bankr.D.N.M.2010) (citing e.g. *In re General Motors Corp.,* 407 B.R. 463, 493–94 (Bankr.S.D.N.Y 2009); *In re Derivium Capital, LLC,* 380 B.R. 392, 404 (Bankr.D.S.C.2007); *In re Psychrometric Systems, Inc.,* 367 B.R. 670, 674 (Bankr.D.Colo.2007).

13. In *Premier*, Judge Jacobvitz outlined a multi-factored test for determining whether a sale is properly proposed within the debtor's business judgment:

> Non-exclusive factors used by courts in considering whether to grant a motion to sell (as first established *In re Lionel,* 722 F.2d 1063, 1071–72 (2nd Cir.1983), which articulated the "business judgment" test) include: 1) whether there was any improper or bad motive involved; 2) whether the <u>price is fair and reasonable</u> and whether the <u>transaction occurred at an arm's length</u>; and 3) whether there were adequate sales procedures, including <u>proper exposure to the market</u> and <u>fair and reasonable notice to all parties in interest</u>. *E.g. In re Castre,* 312 B.R. 426, 428 (Bankr.D.Colo.2004); *In re Medical Software Solutions* 286 B.R. 431, 440–441 (Bankr.D.Utah 2002). *See also In re Allison,* 39 B.R. 300, 303 (Bankr.D.N.M. 1984 ("reasonable and adequate notice must be given to all interested parties," the proposed sale or lease must be "economically reasonable" and that objecting parties will not be able to defeat a plan of reorganization)).

*Premier* at *2 (emphasis supplied).

14. The sale contemplated by this Motion satisfies all the non-exclusive factors for determining whether to grant a motion to sell under *Premier*:

    a. <u>There is no Bad or Improper Motive Involved.</u> DCN's interest in the Property is subject to the Executory Interests, and DCN wants to own the Property free of the Executory Interests. There is no improper motive on the part of DCN or the Debtor.

    b. <u>Price is Fair and Reasonable</u>. The value of the Executory Interests is difficult to determine. It is impossible to know whether or when the Executory Interests will vest in the Debtor. Considering these facts, the Debtor believes that the Purchase Price is reasonable.

    c. <u>Transaction Occurs at Arm's Length</u>. The sale of the Executory Interests to DCN is the product of arm's length negotiation between DCN and the Debtor, through their respective attorneys.

    d. <u>Proper Exposure to the Market</u>. The Executory Interests are not subject to being placed on the market or being sold to anyone other than DCN, so this factor is not applicable.

    e. <u>Fair and Reasonable Notice to all Parties in Interest</u>. The Debtor will serve notice of this Motion on all parties in interest.

15. Based on the foregoing, the Debtor has determined that, in its business judgment, the proposed sale of the Executory Interests to DCN is for fair and reasonable consideration, is in good faith, does not unfairly benefit any party in interest, will maximize the value of the Estate, and should be authorized.

16. The Debtor requests that the sale of the Executory Interests be free and clear of all liens, claims, and interests with any such liens, claims, and interests to attach to the net sale

proceeds with the same validity, priority, and to the extent that any such liens, claims and interests had on the Property prior to the closing of the sale pursuant to Section 363(f).

17. Grounds exist under Section 363(f) of the Bankruptcy Code for a sale of the Executory Interests free and clear of liens, claims and interests. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if – (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

18. The Debtor is not aware of any liens, claims, or interests attaching to the Executory Interests. Therefore, the Executory Interests should be sold free and clear of all liens, claims, and interests pursuant to Section 363(f).

19. The Debtor requests that DCN be determined to be a good-faith purchaser as contemplated by Section 363(m).

20. Pursuant to Section 363(m):

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchase or leased such property in good faith …

11 U.S.C. § 363(m).

21. The term "good faith" is not defined in the Code but courts have found good-faith purchasers when they purchase out of their own personal interest, were not solicited by the debtor or his agents to purchase the property, do not seek to obtain the property by fraud, and are not

- 5 -

acting in a manner grossly unfair to other bidders. See *In re Indep. Gas & Oil Producers, Inc.,* 80 Fed. Appx. 95, at 99 (10th Cir. 2003).

22. Upon information and belief, DCN is purchasing the Executory Interests out of its own interest. DCN was not solicited by the Debtor or its agents, to purchase the Executory Interests, does not seek to obtain the Executory Interests by fraud, and negotiated the Purchase Price in good faith, ultimately submitting its offer to purchase the Executory Interests in an amount and manner not unfair to other potential bidders.

23. The Debtor requests that the Court waive the 14-day stay of an order resulting from this Motion otherwise required by Fed. R. Bankr. P. 6004(h).

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. Approving this Motion;

B. Denying the Motion to Abandon;

C. Authorizing the sale to DCN of the Executory Interests for $250,000.00 to be paid within thirty (30) days of entry of the order granting this Motion in exchange for a quitclaim deed of the Executory Interests from the Debtor to DCN;

D. Authorizing the Debtor to take any and all actions necessary to close on the sale of the Executory Interests, including but not limited to the execution of a quitclaim deed in a form substantially similar to that attached hereto as Exhibit F;

E. Authorizing the transfer of the Executory Interests free and clear of: (a) all interests in the Executory Interests of any entity other than the estate pursuant to Section 363(f) including but not limited to liens, claims (as defined by Section 101(5) of the Bankruptcy Code), liabilities, encumbrances, rights, remedies, and restrictions of any kind or nature whatsoever whether arising before or after the Petition Date, whether *in rem* or *in personam*, liquidated or unliquidated,

contingent or non-contingent, senior or subordinate, whether at law or equity, including all claims or rights based on any theory of successor or transferee liability, all environmental claims, all changes in control provisions, (b) all rights to object or consent to the effectiveness of the transfer of the Executory Interests to DCN, and (c) all rights at law or equity (collectively, "Claims");

F. Finding that all persons and entities who have asserted, could have asserted, or otherwise may in the future assert a cause of action against the Debtor or the Executory Interests relating to their Claims, be forever barred, estopped and permanently enjoined from asserting such causes of action or Claims against DCN, its successors in interest, affiliates, and assignees and against the Executory Interests of whatsoever nature;

G. Determining that DCN is a good faith purchaser of the Executory Interests as that term is used in Section 363(m) of the Bankruptcy Code;

H. Retaining exclusive jurisdiction to interpret, enforce and implement the terms and provisions of the order approving the sale;

I. Determining that the order approving the sale is not stayed as provided by Rule 6004(h) and the Debtor and DCN may close on the sale immediately; and

J. Granting the Debtor all other just and proper relief.

> Respectfully submitted by:
>
> WALKER & ASSOCIATES, P.C.
> *s/filed electronically 12/23/2021*
> Thomas D. Walker
> 500 Marquette N.W., Suite 650
> Albuquerque, N.M. 87102
> (505) 766-9272
> e-mail: twalker@walkerlawpc.com
> *Attorneys for Debtor in Possession*

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was made on December 23, 2021, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court, on all parties entitled to receive electronic filings.

*s/ filed electronically 12/23/2021*
Thomas D. Walker

# WARRANTY DEED

Edwin V. Byrne, Archbishop of Santa Fe, _____, for consideration paid, grant**s** to Discalced Carmelite Nuns of Santa Fe, _____, the following described real estate in Santa Fe _____ County, New Mexico:

Beginning at the Northwest corner of the property, from which point the flagpole atop the Capitol Building bears North 48° 49' West, and from which the corner common to Sections 25, 30, 31 and 36, Township 17 North, Ranges 9 and 10 East, bears South 89° 28' West 206.4 feet; thence South 76° 0' West 2390 feet; thence from said beginning corner South 5° 06' East 212.72 feet to an iron pipe, the Southwest corner of the tract hereby conveyed; thence North 74° 25' East 229.73 feet to an iron pipe, the Southeast corner of the tract hereby conveyed; thence North along the East boundary which is the center line of an adobe wall North 8° 25' East 81 feet to a point at the intersection of a wall running East from this point; thence running East along said wall North 86° 10' East 52 feet to a point on the wall at the intersection of a wall running North from this point; thence North 1° 20' West 71.2 feet along the center line of said wall to the Northeast corner of the property hereby conveyed; thence North 89° 28' West 304 feet to the Northwest corner of the property hereby conveyed, and the place of beginning; containing approximately 1.2 acres; bounded on the North by Mount Carmel Road, on the South, East and West by the property of the grantor herein.

with warranty covenants.

WITNESS my hand and seal this 28th day of January, 19 49.

_____ (SEAL) + Edwin V. Byrne (SEAL)
_____ (SEAL) ARCHBISHOP OF SANTA FE (SEAL)

STATE OF NEW MEXICO,
County of Santa Fe } ss.

On this 28th day of January, 19 49, before me personally appeared Edwin V. Byrne, Archbishop of Santa Fe, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

Witness my hand and seal the day and year last above written.

My commission expires 3-15, 19 52.

_____ Notary Public.

#91797

STATE OF NEW MEXICO, County of Santa Fe

EXHIBIT A

27-3 SHORT FORM QUITCLAIM DEED—New Mexico Statutory Form—Rev. 2/60

246349

# QUITCLAIM DEED

THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, A CORPORATION SOLE, JAMES P. DAVIS, ARCHBISHOP for consideration paid, quitclaims to THE DISCALCED CARMELITE NUNS, SANTA FE, NEW MEXICO

the following described real estate in SANTA FE County, New Mexico:

A tract of land situated and being in ward number one in the city of Santa Fe, New Mexico and being more particularly described as follows: Beginning at the northwest corner of this tract which is a point on the center of Mount Carmel Road from whence the center of a sanitary sewer manhole cover number B 1 - 83 bears S 68° 16' W 32.10' feet, thence along the center of Mount Carmel Road and along a curve to the right whose radius is 352.82' feet for an arc length of 89.45' feet and whose chord is N 61° 55' E 89.02' feet to a point, thence N 89° 10' E 430.13' feet to the northeast corner of this tract, from whence the center of a sanitary sewer manhole cover number B 1 - 84 bears S 82° 14' W 43.38' feet, thence S 0° 11' W 102.36' feet to a point, thence S 86° 36' W 51.11' feet to a point, thence S 9° 52' W 74.62' feet to a point, thence S 3° 53' E 52.88' feet to the southeast corner of this tract, thence S 55° 56' W 311.20' feet, to the southwest corner of this tract, thence N 36° 36' W 28.15' feet to a point, thence 28° 08' W 91.75' feet to a point, thence N 27° 01' W 300.17' feet to a point, thence N 12° 59' W 16.38' feet to the northwest corner, the point and place of beginning, containing 3.00 acres more or less, all as shown on plat of survey made by George Rivera, Registered Land Surveyor on November 10, 1966 and bearing his plat number C-61 G.R.L.S.

Subject to all reservations, restrictions, easements, and conditions of record, and "To have and to hold the above Real Property for use as a Carmelite Monastery; but when such use is discontinued, the real property shall fall back to the grantor, its successors or assigns."

WITNESS my hand and seal this 13 day of January 1967
The Roman Catholic Church of the Archdiocese of Santa Fe, a corp. sole

(Seal) James P. Davis, Archbishop (Seal)

## ACKNOWLEDGMENT FOR NATURAL PERSONS

STATE OF NEW MEXICO
COUNTY OF _____ ss.

The foregoing instrument was acknowledged before me this _____ day of _____, 19___
by _____
My commission expires _____
(Seal) Notary Public

## ACKNOWLEDGMENT FOR CORPORATION

STATE OF NEW MEXICO
COUNTY OF Bernalillo ss.

The foregoing instrument was acknowledged before me this 13th day of January, 1967 by James P. Davis, Archbishop of R.C.Ch. of Archd. of S. Fe, New Mexico, corporation, on behalf of said corporation.
My commission expires _____
(Seal) Gertrude Lewis, Notary Public

STATE OF NEW MEXICO
COUNTY OF SANTA FE
hereby certify that this instrument was filed for record on the 18 day of Jan. A.D. 1967 at 3:15 o'clock P.M., and was duly recorded in book 246 of the records of 349 page
Witness my hand and Seal of Office
PITA T. GONZALES
County Clerk, Santa Fe Co., N.M.
Rose M Olivas, Deputy

EXHIBIT B

# QUITCLAIM DEED

**ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE** ("Grantor"), a corporation sole, grants and quitclaims to the **DISCALCED CARMELITE NUNS** ("Grantee"), a nonprofit corporation, whose address is 49 Mount Carmel Rd., Santa Fe, N.M. 87505, the following described real estate in Santa Fe County, New Mexico:

See legal description in the Warranty Deed from Grantor to Grantee attached hereto as Exhibit A (the "Property").

\* This Quitclaim Deed hereby removes and negates the reversion imposed upon the Property by the reversion language in the deed attached as Exhibit B. By acceptance of this Quitclaim Deed, Grantee agrees that, in the event the use of this Property as a Carmelite Monastery is discontinued, Grantee shall offer to sell the Property to Grantor for the then fair market value of the Property as agreed to by Grantor and Grantee.

Dated: Nov 29, 2018

ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF SANTA FE,
a corporation sole

By: _____John C. Wester_____
† Most Rev. John C. Wester,
Archbishop and President

STATE OF NEW MEXICO  )
                     ) ss.
COUNTY OF BERNALILLO )

This instrument was acknowledged before me on Nov. 29, 2018 by the Most Rev. John C. Wester, Archbishop and President of the Roman Catholic Church of the Archdiocese of Santa Fe, a corporation sole, on behalf of the corporation.

_____Gloria V. Sisneros_____
NOTARY PUBLIC

My commission expires: Feb. 29 2020

OFFICIAL SEAL
Gloria V. Sisneros
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: Feb. 29 2020


EXHIBIT C

# WARRANTY DEED

Edwin V. Byrne, Archbishop of Santa Fe, _____, for consideration paid, grant S___ to Discalced Carmelite Nuns of Santa Fe, _____, the following described real estate in Santa Fe _____ County, New Mexico:

Beginning at the Northwest corner of the property, from which point the flagpole atop the Capitol Building bears North 48° 49' West, and from which the corner common to Sections 25, 30, 31 and 36, Township 17 North, Ranges 9 and 10 East, bears South 89° 28' West 206.4 feet; thence South 76° 0' West 2390 feet; thence from said beginning corner South 5° 06' East 212.72 feet to an iron pipe, the Southwest corner of the tract hereby conveyed; thence North 74° 25' East 229.73 feet to an iron pipe, the Southeast corner of the tract hereby conveyed; thence North along the East boundary which is the center line of an adobe wall North 8° 25' East 81 feet to a point at the intersection of a wall running East from this point; thence running East along said wall North 86° 10' East 52 feet to a point on the wall at the intersection of a wall running North from this point; thence North 1° 20' West 71.2 feet along the center line of said wall to the Northeast corner of the property hereby conveyed; thence North 89° 28' West 304 feet to the Northwest corner of the property hereby conveyed, and the place of beginning; containing approximately 1.2 acres; bounded on the North by Mount Carmel Road, on the South, East and West by the property of the grantor herein.

WITNESS my hand and seal this 28th day of January, 19 49.

_____ (SEAL)  + Edwin V. Byrne _____ (SEAL)
_____ (SEAL)  ARCHBISHOP OF SANTA FE _____ (SEAL)

STATE OF NEW MEXICO,
County of Santa Fe } ss.

On this 28th day of January, 19 49, before me personally appeared Edwin V. Byrne, Archbishop of Santa Fe, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

Witness my hand and seal the day and year last above written.

My commission expires 3-15, 19 52.

_____ Notary Public.

#91797

STATE OF NEW MEXICO, County of Santa Fe

BK 39, pg 14
Doc # 91797

e-Recorded 1874005 11/30/18 SFC

#91797-1

Case 18-13027-t11   Doc 908   Filed 12/23/21   Entered 12/23/21 13:38:05 Page 12 of 19

246349

# QUITCLAIM DEED

THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, A CORPORATION SOLE, JAMES P. DAVIS, ARCHBISHOP for consideration paid, quitclaims to THE DISCALCED CARMELITE NUNS, SANTA FE, NEW MEXICO the following described real estate in SANTA FE County, New Mexico:

A tract of land situated and being in ward number one in the city of Santa Fe, New Mexico and being more particularly described as follows: Beginning at the northwest corner of this tract which is a point on the center of Mount Carmel Road from whence the center of a sanitary sewer manhole cover number B 1 - 83 bears S 68° 16' W 32.10' feet, thence along the center of Mount Carmel Road and along a curve to the right whose radius is 352.82' feet for an arc length of 89.45' feet and whose chord is N 81°55' E 89.02' feet to a point, thence N 89° 10'E 430.13' feet to the northeast corner of this tract, from whence the center of a sanitary sewer manhole cover number B 1 - 84 bears S 82° 14'W 43.38' feet, thence S 0° 11'W 102.36' feet to a point, thence S 86°36'W 51.11' feet to a point, thence S 9°52'W 74.62' feet to a point, thence S 3°53' E 52.88' feet to the southeast corner of this tract, thence S 55°56'W 311.20' feet, to the southwest corner of this tract, thence N 36°36'W 28.15' feet to a point, thence 28°08'W 91.75' feet to a point, thence N 27° 01'W 300.17' feet to a point, thence N 12° 59'W 16.38' feet to the northwest corner, the point and place of beginning, containing 3.00 acres more or less, all as shown on plat of survey made by George Rivera, Registered Land Surveyor on November 10, 1966 and bearing his plat number C-61 G.R.L.S.

Subject to all reservations, restrictions, easements, and conditions of record, and "To have and to hold the above Real Property for use as a Carmelite Monastery; but when such use is discontinued, the real property shall fall back to the grantor, its successors or assigns."

WITNESS my hand and seal this 13 day of January 1967

The Roman Catholic Church of the Archdiocese of Santa Fe, a corp. sole

(Seal) James P. Davis, Archbishop (Seal)

### ACKNOWLEDGMENT FOR NATURAL PERSONS

STATE OF NEW MEXICO
COUNTY OF _____

The foregoing instrument was acknowledged before me this ___ day of _____, 19__
by _____

My commission expires _____
(Seal)                                Notary Public



STATE OF NEW MEXICO
COUNTY OF SANTA FE
I hereby certify that this instrument was filed for record on the ___ day of Jan. A.D. 19 67 at 3:15 o'clock P.M., and was duly recorded in book 242 of the records of ___ page
Witness my hand and Seal of Office
PITA T. GONZALES
County Clerk, Santa Fe Co., N.M.
Rose M Olivas
Deputy

### ACKNOWLEDGMENT FOR CORPORATION

STATE OF NEW MEXICO
COUNTY OF _____   ss.

The foregoing was acknowledged before me this 13th day of January, 1967 by James P. Davis Archbishop of R.C.Ch. of Archd. of S. Fe New Mexico corporation, on behalf of said corporation.

My commission expires _____
(Seal)                                Notary Public

ANY WD—Rev. 5-75—New Mexico Statutory Form    THE VALLIANT CO. ALBUQUERQUE, N. M.

# WARRANTY DEED

1017549

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a corporation sole
_____, for consideration paid, grants
to DISCALCED CARMELITE NUNS OF SANTA FE, a New Mexico nonprofit corporation

whose address is Santa Fe, New Mexico

the following described real estate in Santa Fe County, New Mexico:

SEE EXHIBIT "A" ATTACHED HERETO

COUNTY OF SANTA FE ) SS
STATE OF NEW MEXICO )  847788
I hereby certify that this instrument was filed
for record on the 28 day of Jul A.D.
19 94, at 9:38 o'clock __ m
and was duly recorded in book 1017
page 549-551 of the records of
Santa Fe County.
Witness my Hand and Seal of Office
Jona G. Armijo
County Clerk, Santa Fe County, N.M.
_____ Deputy

with warranty covenants.
WITNESS My hand and seal this 27th day of May, 19 93.

_____(Seal)  ROMAN CATHOLIC CHURCH OF THE _____(Seal)
                          ARCHDIOCESE OF SANTA FE, a corporation sole
_____(Seal)  By: Rev Ron Wolf _____(Seal)
                          Very Reverend Ron Wolf, JCL, Chancellor of
                                               the Archdiocese

## ACKNOWLEDGMENT FOR NATURAL PERSONS

STATE OF NEW MEXICO  }
                     } ss.
COUNTY OF _____ }

The foregoing instrument was acknowledged before me this _____ day of _____, 19 ____,
by _____
   (Name or Names of Person or Persons Acknowledging)

My commission expires:
(Seal)                                    _____
                                          Notary Public

## ACKNOWLEDGMENT FOR CORPORATION

FOR RECORDER'S USE ONLY

STATE OF NEW MEXICO    }
                       } ss.
COUNTY OF BERNALILLO   }

The foregoing instrument was acknowledged before me this 27th
day of May, 19 93,
by Ron Wolf, JCL,
   (Name of Officer)
Chancellor of Roman Catholic Church of the
(Title of Officer)   (Name of Corporation Acknowledging)
Sole                 Archdiocese of Santa Fe
(State of Incorporation) corporation, on behalf of said corporation.

9/15/95        _____
               Notary Public

**EXHIBIT D**

# EXHIBIT "A"

Beginning at a point on the Southerly side of Mount Carmel Road, from which point the corner of Sections 25, 30, 31 and 36, Township 17 North, Ranges 9 and 10 East, Corbet an Smythe Survey, bears South 76° 00' West a distance of 2390 feet; from said point and place of beginning, marked by a 1/2-inch iron pipe, thence South 27° 01' East a distance of 300.00 feet to a point marked by a 1/2-inch iron pipe; thence South 28° 08' East a distance of 91.75 feet to a point marked by a 1/2-inch iron pipe; thence South 36° 36' East a distance of 210.0 feet to a point marked by a 1/2-inch iron pipe, and located at or near the Southerly edge of the Arroyo Chamizos; thence South 49° 55' West a distance of 73.2 feet to a point which is the most Southerly corner of this tract; thence North 27° 48' West a distance of 65.9 feet to a point; thence North 43° 48' West a distance of 105.5 feet to a point; thence North 64° 19' West a distance of 67.95 feet to a point; thence North 80° 24' West a distance of 403.2 feet to the most Westerly corner of this tract, and from which point the center of a service manhole at the intersection of Camino Del Monte Sol and the Old Santa Fe Trail bears South 44° 25' West a distance of 23.3 feet; thence along the Easterly edge of Camino Del Monte Sol North 19° 48' East a distance of 230.55 feet to a point; thence along the Southerly edge of Mount Carmel Road North 61° 47' East a distance of 167.5 feet to a point; thence North 67° 30' East a distance of 95.4 feet to the point and place of beginning; all as shown on that plat of survey with amended certificate dated June 6th, 1949, entitled "Tract of Land Surveyed for John G. Meem, Precinct 3, Santa Fe, New Mexico," a copy of which Survey is attached as Exhibit "B".

SUBJECT TO all reservations, restrictions, easements and conditions of record and

SUBJECT TO the following restrictions during the period of ownership of the real property described herein ("Real Property") by the Discalced Carmelite Nuns of Santa Fe ("Grantee"), which restrictions the Grantee accepts by acceptance of this Deed, the breach of any one of which restrictions shall cause an automatic reversion of the Real Property to the Roman Catholic Church of the Archdiocese of Santa Fe, a corporation sole, its successors or assigns, without further consideration:

(1) the Real Property shall be used as a Carmelite Monastery or as property incident to use as a Carmelite Monastery;

(2) if the Real Property is sold or conveyed, it shall be sold in whole, and not in any part less than the whole parcel herein conveyed; and

(3) if the Real Property is sold or conveyed, the Grantor herein shall have the right of first refusal to purchase such Real Property for a price not to exceed the consideration given herein, if any, plus a growth factor equal to the increase, if any, in the Consumer Price Index of the U.S. Department of Labor, during the period of ownership of the Real Property by the Grantee herein.



SF-1 SHORT FORM QUITCLAIM DEED—New Mexico Statutory Form—Rev. 2/60

5&

295714

# QUITCLAIM DEED

THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, A CORPORATION SOLE, JAMES P. DAVIS, ARCHBISHOP ..................... for consideration paid, quitclaim........ to THE DISCALCED CARMELITE NUNS, SANTA FE, NEW MEXICO

the following described real estate in ........ Santa Fe ........ County, New Mexico:

Beginning at the southwest corner of the tract herein described from whence the Center of sanitary sewer manhole on Mount Carmel Road bears N.32°22'W 529.40' feet, and the northeast rail post on top of a concrete headwall of 3-10'x8' C.B.C. bears S 25°-37'W 80.45' feet, thence from said point of beginning N 36° 36' W 89.90' feet to the northwest corner of the tract herein described, thence N. 55° 56' E 311.20' feet to the northeast corner of the tract herein described, thence S 3° 53' E 128.85' feet to the southeast corner of the tract herein described, thence S 61° 01' W 243.40' feet to the southwest corner the point and place of beginning, containing 0.646 acres, all as shown on plat of survey prepared by George Rivera Reg. Prof. Land Surveyor No. 3149 on Nov. 24, 1969 and bearing his plat number A2-238.

Subject to all reservations, restrictions, easements, and conditions of record, and "To have and to hold the above Real Property for use as a Carmelite Monastery; but when such use is discontinued, the real property shall fall back to the grantor, its successors or assigns".

COUNTY OF SANTA FE ) SS
STATE OF NEW MEXICO ) 348,560
I hereby certify that this instrument was filed for record on the 13 day of _____ A.D., 1972, at 11:27 o'clock A. M., and was duly recorded in book 295 page 714-715 of the records of Santa Fe County
Witness my Hand and Seal of Office
CAROLINA R. GONZALES
County Clerk, Santa Fe County, N.M.
Priscilla Vigil
Deputy

WITNESS my hand and seal this 18th day of December, 19 69

THE ROMAN CATHOLIC CHURCH, ARCHDIOCESE OF
(Seal) SANTA FE, A CORPORATION SOLE (Seal)

(Seal) James P. Davis (Seal)
Archbishop-President

## ACKNOWLEDGMENT FOR NATURAL PERSONS

STATE OF NEW MEXICO } ss.
COUNTY OF BERNALILLO

The foregoing instrument was acknowledged before me this ........ day of ........, 19 69,
by ........
(Name or Names of Person or Persons Acknowledging)

My commission expires:
(Seal)
................................. Notary Public

## ACKNOWLEDGMENT FOR CORPORATION

STATE OF NEW MEXICO } ss.
COUNTY OF Bernalillo

FOR RECORDER'S USE ONLY

The foregoing instrument was acknowledged before me this 18th day of December, 19 69,
by James P. Davis
(Name of Officer)
Archbishop-President of Roman Catholic Church, Archdiocese of Santa Fe
(Title of Officer)          (Name of Corporation Acknowledging)
a New Mexico                corporation, on behalf of said
(State of Incorporation)
corporation.
My commission expires: _____
Notary Public

THE VALLIANT CO. ALBUQUERQUE, N. M.

**EXHIBIT E**

# QUITCLAIM DEED

The Most Rev. John C. Wester, the Archbishop of Roman Catholic Church of the Archdiocese of Santa Fe and the Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole ( together, the "Grantor"), for good and valuable consideration, the receipt and adequacy of which is acknowledged, hereby quitclaims to The Discalced Carmelite Nuns of Santa Fe, New Mexico ("Grantee"), all of Grantor's right, title, and interest in and to the real property described in attached Exhibit A.

Further, and without limiting the scope of this quitclaim deed, Grantor expressly quitclaims to Grantee all right, title, and interest in and to the reversionary interests and rights of first refusal, however described or characterized, in: (1) the Quitclaim Deed filed as document number 246349 on January 19, 1967 at book 246, page 349 in the records of the Santa Fe County Clerk; (2) the Quitclaim Deed filed as document number 295714 on November 13, 1972 at book 295, pages 714-715 in the records of the Santa Fe County Clerk; (3) the Warranty Deed filed as document number 847788 on January 28, 1994 at book 1017, pages 549-551 in the records of the Santa Fe County Clerk; and (4) the Quitclaim Deed filed as document number 1874005 on November 30, 2018 in the records of the Santa Fe County Clerk.

GRANTOR:

_____
Most Rev. John C. Wester
Archbishop of the Roman Catholic Church of the Archdiocese of Santa Fe

**State of New Mexico**
**County of Bernalillo**

This instrument was acknowledged before me on _____ by the Most Rev. John C. Wester, Archbishop of the Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole.

_____        (seal)
Notary Public

My Commission Expires:_____

# EXHIBIT A

CARMELITE TRACT CONSISTING OF 3.647 Ac. +/- DESCRIBED ON THAT PLAT OF LOT CONSOLIDATION FOR DISCALCED CARMELITE NUNS OF SANTA FE, RECORDED SEPTEMBER 1, 2021 AS INSTRUMENT #1964818 IN BOOK 881, PAGE 048, OF THE RECORDS OF THE COUNTY CLERK OF SANTA FE COUNTY, NEW MEXICO, COMBINING 3 PREVIOUS DEEDS OF RECORD INTO 1 CARMELITE TRACT UPC # 1-055-098-263-031 & A PORTION OF PARCEL #I 992228575 LYING WITHIN THE CITY OF SANTA FE, SANTA FE COUNTY, NEW MEXICO.

AND

VACANT PROPERTY CONSISTING OF 3.11875 Ac. +/- DESCRIBED ON THAT ARCHAELOGICAL EASEMENT SURVEY PREPARED FOR DISCALCED CARMELITE NUNS OF SANTA FE, RECORDED ON MAY 6, 2010 IN BOOK 716, PAGE 037 OF THE RECORDS OF THE COUNTY CLERK OF SANTA FE COUNTY, NEW MEXICO, BEING THE SAME PROPERTY DESCRIBED IN THE WARRANTY DEED FILED AS DOCUMENT NUMBER 847788 ON JANUARY 28, 1994 AT BOOK 1017, PAGES 549-551 IN THE RECORDS OF THE COUNTY CLERK OF SANTA FE COUNTY, NEW MEXICO.