

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No. 18-13027-t11 |
| Debtor-in-Possession. | |

## THIRD STIPULATED MEDIATION ORDER

The Roman Catholic Church of The Archdiocese of Santa Fe, a New Mexico corporation sole, Debtor-in-Possession, (the "Debtor"), the Official Committee of Unsecured Creditors (the "UCC"), the Debtor's insurance carriers (CNA Insurance Company, Arrowood Indemnity Company, Great American Insurance Company, St. Paul/Travelers, United States Fire Insurance Company, Catholic Mutual Group, together, the "Carriers"), and all other parties that participate in the mediation (together the "Mediation Parties"[1]) have stipulated to the mediation of the claims

---

[1] Additional parties may participate in the Mediation, and will be bound by the terms of this order.

filed by the Sexual Abuse Claimants in the bankruptcy case, and all related issues, including but not limited to insurance coverage issues (the "Dispute"). The Court having heard the positions of the parties at the Status Conference held on December 17, 2021, being sufficiently advised, and having determined that entry of this order is appropriate; HEREBY ORDERS:

1. <u>Appointment of Mediator.</u> Paul J. Van Osselaer (the "Mediator") is hereby appointed, effective as of December 17, 2021, as mediator to mediate the Dispute among the Mediation Parties. The mediation conducted pursuant to this order is referred to below as the "Mediation."

2. <u>No Release of Prior Mediator.</u> At this time, Judge Alan Malott is not released as mediator. Judge Malott's attendance at the Mediation is not required.

3. <u>Mediation Procedures</u>. The Mediation Parties shall adhere to the following procedures (the "Mediation Procedures"):

(a) <u>Time and Place of Mediation.</u> The Mediation shall take place on January 11, 12 and 13, 2022 at a location to be determined and noticed by the Mediator after consulting with counsel for the Mediation Parties. Additional Mediation sessions may be noticed by the Mediator and are covered by this Order. The Mediator shall have the authority to establish the time for all Mediation activities, including joint and private meetings between the Mediator and Mediation Parties during the course of the Mediation.

(b) <u>Confidential Mediation Statement</u>. At the request of the Mediator, the Mediation Parties shall submit confidential mediation statements to the Mediator on or before dates set and noticed by the Mediator prior to the dates scheduled for the Mediation. The confidential mediation statements shall include such information as requested by the Mediator, which may include statements of the facts and issues, the positions of the Mediation Parties submitting the statements,

citations to the principal authorities upon which the Mediation Parties rely, citations to the docket numbers of the pleadings that frame the issues, copies of any documents deemed by the submitting Mediation Parties to be critical to resolution of the Dispute, a candid discussion of the Mediation Parties' bargaining strengths, bargaining weaknesses, and suggestions for settlement. The confidential mediation statements may also include such other documents and information the Mediation Parties wish to include.

(c) <u>Attendance by Persons with Settlement Authority</u>. In addition to counsel, a representative of each of the Mediation Parties shall attend the Mediation conferences in person, unless excused by the Mediator. Such representatives must have complete authority to negotiate and settle all disputed issues and amounts. The Court was informed of conflicting obligations on January 13, 2022 of the representative of Great American. Great American's representative will be allowed to participate on that date by telephone or video. The Mediator shall use his judgment with respect to further requests to participate other than in person, always with the goal of having the most productive Mediation possible.

(d) <u>The Mediation Procedures, and Good Faith Participation</u>. The Mediation Parties are ordered to participate in the Mediation in good faith. The Mediator shall have authority to control all procedural aspects of the Mediation, including when the Mediation Parties will meet jointly and/or separately with the Mediator. The Mediator may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

4. <u>Modification of Mediation Procedures and Addition of Mediation Parties</u>. Different or additional reasonable requirements or Mediation Procedures may be established by the Mediator or agreed upon by the Mediation Parties and Mediator, including COVID-related safety protocols.

Any party who participates in the mediation process either voluntarily or by Court order will be bound to the Mediation Procedures and all provisions of this order as if they were a named Mediation Party. Furthermore, Mediation Parties added by stipulation or by order of the Court may be compelled to attend the Mediation by the Mediator.

5. <u>Reports of Status and Results of the Mediation.</u> During the Mediation process, upon request of the Court, the Mediator shall provide to the Court Mediation status reports. After the Mediation concludes, the Mediator will report to chambers staff whether the Mediation resulted in a settlement. If a mediated settlement is reached among some but not all of the Mediation Parties, the Mediator's status report regarding such settlement shall not include the Mediator's opinion on the terms of the settlement.

6. <u>Confidentiality</u>. There shall be absolute mediation privilege, and all communications during the Mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not be used for any purpose other than Mediation. In the event that the existence of the Mediation is used in support of a motion or a plan of reorganization, the Court reserves jurisdiction to determine whether the mediation privilege or confidentiality of the Mediation is applicable. Submissions to the Mediator shall not be delivered to anyone else without the consent of the submitting party. Any statements made by the Mediator, any of the Mediation Parties, or other parties that participate in the mediation process shall not be divulged by any of the participants in the Mediation (or their attorneys, representatives, or agents) or by the Mediator to the Court or to any third party. Except for an executed settlement agreement, all records, reports, or other documents received or made by a Mediator while serving such capacity shall be confidential and shall not be provided to the Court. The Mediator shall not be compelled to divulge

such records, reports, or other documents or to testify in regard to the Mediation in connection with any arbitral, judicial, or other proceeding, including any hearing held by this Court. Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the Mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Mediation Parties with respect to a possible settlement of the Dispute; (b) admissions made by any of the Mediation Parties in the course of the Meditation and (c) proposals made or views expressed by the Mediator. Nothing in this paragraph, however, precludes a report to the Court of (i) whether a settlement was reached, or (ii) any material failure on the part of one or more of the Mediation Parties to comply with the party's obligations under this order. Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation. The Mediator and Mediation Parties may agree on confidentiality provisions in addition to those stated in this Order. Nothing in this paragraph shall prohibit any of the Mediation Parties from disclosing documents pertaining to the Mediation or the results of the Mediation to reinsurers or as necessary pursuant to accounting or regulatory reporting requirements. Any reinsurer or other person who receives information or documents pertaining to the Mediation shall be subject to the terms of this Order, including all confidentiality provisions.

7. <u>Discovery</u>. The Mediation Parties shall cooperate in discovery pursuant to F. R. Bankr. Rules 7028-7037 and subject to the applicable rules, exceptions and privileges. The Court shall hold hearings on short notice on any discovery dispute.

8. _Immunity._ The Mediator, as a court-appointed mediator, shall be immune from claims arising out of acts or omissions incident to the Mediator's services rendered in connection with the Mediation.

9. _Compliance with Bankruptcy Code and Rules_. Nothing in this order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

10. _Termination of the Mediation Process_. Any of the Mediation Parties may at any time file a motion with the Court to withdraw from the Mediation for cause.

11. _Compensation of Mediator_. The Mediator shall be compensated as follows:

   A. The Mediator charges $700.00 per hour, plus gross receipts tax, if applicable. Expenses incurred by the Mediator, including but not limited to travel expenses such as airfare and lodging, are charged at the amount incurred, with receipts provided.

   B. The Mediator shall submit monthly invoices to the Debtor showing the dates and hours of service performed by the Mediator.

   C. The Debtor is hereby authorized and directed to pay the Mediator's fees and expenses in full, in sound exercise of Debtor's business judgment, upon receipt of the invoices from the Mediator, without further order from the Court. The Mediator's fees and expenses paid by the Debtor shall constitute an administrative expense of the Estate pursuant to 11 U.S.C. §503(b).

   D. At the conclusion of the Mediation, the total cost of the Mediation shall be

assessed against the Debtor and the Carriers in amounts to which the Debtor and the Carriers agree or as is determined by the Court upon request of the Debtor.

12. <u>Effects of Prior Order.</u>  The terms of the Second Mediation Order entered on April 7, 2020 [Docket No. 336] (the "Second Mediation Order") shall remain in full force and effect except to with respect to the following: (a) Judge Malott shall not have any ongoing obligations to confer with the Mediation Parties regarding the Mediation or to attend the Mediation; (b) Judge Malott shall not be entitled to any compensation for any services rendered or expenses incurred after December 1, 2021 unless Judge Malott participates as co-mediator at the request of the Mediator and the Mediation Parties;  (c) Judge Malott shall not have any further obligations under Paragraphs 3 and 5 of the Second Mediation Order; and (d) Judge Malott's absence from the Mediation shall have no effect on the rights, duties, or obligations of any Mediation Party.

*** END OF ORDER ***

APPROVED AND SUBMITTED BY:

WALKER & ASSOCIATES, P.C.
By: <u>s/ approved 12/30/2021</u>
Thomas D. Walker
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
twalker@walkerlawpc.com

and

ELSAESSER ANDERSON, CHTD.
Ford Elsaesser
Bruce A. Anderson
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
Counsel for Debtor

APPROVED BY:

PACHULSKI STANG ZIEHL & JONES
LLP

By: <u>Approved by email 12/30/2021</u>
James I. Stang
Ilan D. Scharf
10100 Santa Monica Blvd., #1300
Los Angeles, CA 90067
310-277-6910
310-201-0760 (fax)
jstang@pszjlaw.com
ischarf@pszjlaw.com
Counsel for Unsecured Creditors Committee

APPROVED AS TO FORM:
MARY JOHNSON
Assistant United States Trustee
District of New Mexico
<u>/s/ Approved by email 1/4/2022</u>
JAIME A. PENA
Trial Attorney
Office of the U.S. Trustee
421 Gold St. SW, Rm. 112
P.O. Box 608
Albuquerque, NM 87103
(202) 573-6968
Jaime.A.Pena@usdoj.gov

APPROVED:

<u>/s/ Approved by email 1/4/2022</u>
Everett J. Cygal
Schiff Hardin LLP
Counsel for Catholic Mutual Group

<u>/s/ Approved by email 1/3/2022</u>
Bruce D. Celebrezze
Bruce.Celebrezze@clydeco.us
Lisa E. Pullen
pullenl@civerolo.com
Counsel for Arrowood Indemnity Company, formerly known as Royal Indemnity Company, successor by merger to Royal Insurance Company of America

/s/ Approved by email 1/3/2022
Catalina J. Sugayan
Catalina.Sugayan@clydeco.us
Counsel for Great American Insurance Company
Joshua D. Weinberg
jweinberg@ruggerilaw.com
Sarah Hunkler
shunkler@ruggerilaw.com
Counsel for Great American Insurance Company

/s/ Approved by email 1/3/2022
Scott Meyers
spmyers@travelers.com
Ed Zawitoski
ezawitos@travelers.com
St. Paul Fire & Marine Insurance Company,
a wholly owned subsidiary of The Travelers Companies, Inc.

/s/ Approved by email 1/3/2022
Jillian G. Dennehy
Jillian.Dennehy@kennedyslaw.com
George Calhoun
george@ifrahlaw.com
Christopher R. Carroll
Christopher.Carroll@kennedyslaw.com
Counsel for United States Fire Insurance Company