# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: <br><br> ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-13027-t11 |

## OBJECTION TO DEBTOR'S MOTION TO FILE
## CONFIDENTIAL INSURANCE DOCUMENTS UNDER SEAL

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Church of the Archdiocese of Santa Fe (the "**Debtor**" or "**Diocese**"), by and through its undersigned counsel, hereby objects to the *Debtor's Motion to File Confidential Insurance Documents Under Seal* [Docket No. 924]. In support of its objection, the Committee respectfully states as follows:

1. The Committee objects to the Motion on the basis that the Insurance Pleading (as defined in the Motion) does not fall within a category of document that may be sealed pursuant to 11 U.S.C. § 107(b). That statute only allows sealing documents that are either a confidential business information or scandalous or defamatory.

2. As stated by one bankruptcy court in the Tenth Circuit:

> Public access is a foundational attribute of the Federal Judiciary. As a matter of federal common law, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The right of public access is "rooted in the public's First Amendment right to know about the administration of justice." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994); *see also In re Inslaw, Inc.*, 51 B.R. 298, 299 (Bankr.

D.C. 1985) ("Public access to judicial records is
'fundamental to a democratic state'").

*In re Petersen*, 597 B.R. 434,437 (Bankr. D. Colo 2019).

3. Section 107(b) codifies well-established federal common law and provides a statutory framework for bankruptcy courts to authorize documents to be filed under seal. The statute provides as follows:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

4. "The statutory mandate of broad public access under Section 107 also is supported by the procedural framework of Fed. R. Bankr. P. 9018 and 9037." *Peterson*, 597 B.R. at 438; *see also In re Anthracite Capital, Inc.*, 492 B.R. 162,171 (Bankr. S.D.N.Y. 2019). Rule 9018 provides that

> the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect an entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation."

5. Section 107(b) only applies to information falling within one of the categories listed in the statute. *See Petersen, supra* (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2nd Cir. 1994) ("if the information fits any of the specified categories [of Section 107(b)], the court is required to protect a requesting

interested party"); *In re Global Crossing Ltd*., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied ...."; finding certain information was protected because it was "commercial")).

6. Limiting "the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *Anthracite Capital, id*., (quoting *Geltzer v. Andersen Worldwide, S.C.,* 2007 WL 273526, at *2-3, 2007 U.S. Dist. LEXIS 6794, at *7 (S.D.N.Y. Jan. 30, 2007))(internal citations omitted). Thus, a party seeking such extraordinary relief must provide specific factual and legal authority demonstrating that a particular document is entitled to the protections afforded by section 107. *Id.*

7. Neither the Settlement Agreements (as defined in the Motion) nor the Insurance Pleading may be sealed pursuant to section 107(b). They are clearly not scandalous or defamatory. Nor do they contain business, commercial or trade secrets. They are settlement agreements entered into long before this chapter 11 case commenced. They are only confidential to the greatest extent permitted by law. *See* Motion at par. B. The extent of the law does not extend past section 107. Once the Diocese determined that it was necessary to seek declaratory relief with respect to the Settlement Agreements, the Diocese may file the agreements with the Court and there is no basis in the law to maintain their confidentiality.

8. The Diocese cannot point to any reason that they may be sealed under section 107. The Diocese's sole reason to seek to file the documents under seal is an internal requirement of the documents. Notably, courts will generally decline to file settlements under seal on the sole basis that the terms of the agreement require filing under seal. *See, e.g., Anthracite Capital, id*. (citing *In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003)(describing a

ten factor test to determine whether settlements proposed under Fed.R.Bankr.P. 9019 may be filed under seal)).[1] Clearly, the law embodied in section 107 does not allow these documents to be kept confidential if filed with the Court.

9. While there may have been a business reason to maintain the confidentiality of the Settlement Agreements prior to commencement of the chapter 11 case, there is no reason to do so after the bar date has passed. No individual can factor the terms of the agreement into a decision to pursue claims against the Diocese. In fact, given that the Diocese is a debtor in a chapter 11 case, the need for transparency is overwhelming and creditors should not be kept in the dark where section 107, federal common law and public policy clearly provide that the Settlement Agreements and the Insurance Pleading may not be filed under seal. As such, the Court should deny the Motion.

---

[1] The *Hemple* factors are:

1. the necessity of the settlement to the viability of the bankruptcy case;
2. whether the confidentiality provision is truly essential to the settlement, i.e., whether the settlement would be withdrawn if the confidential provision were not honored;
3. whether the creditors have been notified of the request for approval of the settlement without disclosure of the amount or terms of settlement, and, if so, whether any objection was interposed;
4. if there has been an objection to the request to file the agreement under seal, whether the objection demonstrates harm to the public's need to know;
5. whether the creditors will clearly benefit from the settlement notwithstanding a lack of access to the specific terms of that settlement;
6. whether the debtor will suffer irreparable harm if the settlement agreement is not filed under seal;
7. whether the parties would be able to keep the terms of the settlement confidential in the absence of a bankruptcy filing;
8. whose interests are being protected by allowing the filing of the settlement agreement under seal and whether there is any negative impact either on the estate or in the treatment of other interested parties in the case;
9. what is the likelihood of other parties actually obtaining the details of the agreement if it is not filed under seal; and
10. whether the document needs to be kept under seal permanently or some shorter time period could suffice.

*In re Hemple, id*. The Hemple factors do not support sealing the documents at issue.

WHEREFORE, the Committee requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2022

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Ilan D. Scharf*
James I. Stang (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Tel: 310-277-6910
Fax: 310-201-0760
jstang@pszjlaw.com

- and –

Ilan D. Scharf  (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: 212-561-7721
Fax: 212-561-7777
ischarf@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

Pursuant to F.R.C.P. 5(b)(3), F.R.B.P. 9036 and NM LBR 9036-1(b), I hereby certify that service of the foregoing was made on February 3, 2022 via the notice transmission facilities of the Bankruptcy Court's case management and electronic filing system.

*/s/ Ilan D. Scharf*
Ilan D. Scharf