IT IS ORDERED

Date Entered on Docket: June 22, 2022

_____
The Honorable David T. Thuma
United States Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No. 18-13027-t11 |
| Debtor-in-Possession. | |

### STIPULATED SUPPLEMENTAL MEDIATION ORDER

This matter came before the Court upon the stipulation of the Debtor and the Official Committee of Unsecured Creditors (the "UCC") to supplement the Court's Third Stipulated Mediation Order to expand the Mediator's role to include voluntary mediation with third party religious orders. Based upon the stipulation as shown on the signatures of counsel below, and the Court otherwise being sufficiently advised, and having determined that entry of this order is appropriate; HEREBY ORDERS:

1. <u>Mediator.</u> Paul J. Van Osselaer (the "Mediator") was appointed mediator in this case in the Third Stipulated Mediation Order (the "Third Order") (Doc. No. 918). This Order continues and expands the Mediator's role to include mediation (the "Mediation") of issues and disputes (the "Dispute") among the Debtor, claimants, the UCC, and any third party religious orders that agree to participate in mediation with the consent of the Debtor and the UCC (the "Religious Orders"), and the Religious Orders' insurers. Together, the Debtor, claimants, the UCC, the Religious Orders, and the Religious Orders' insurers are referred to herein as the "Mediation Parties."[1]

2. <u>Release of Prior Mediator.</u> Judge Alan Malott is hereby released as mediator and will no longer have any responsibilities as mediator in this case. The Debtor's attorneys Walker & Associates, P.C. are directed to return to the Debtor the $30,000.00 retainer held in trust.

3. <u>Mediation Procedures</u>.

(a) <u>Time and Place of Mediation.</u> The Mediation shall take place on a date or dates and at locations to be determined and noticed by the Mediator after consulting with counsel for the Mediation Parties. The Mediator shall have the authority to establish the time for all Mediation activities, including joint and private meetings between the Mediator and Mediation Parties during the course of the Mediation.

(b) <u>Confidential Mediation Statement</u>. At the request of the Mediator, the Mediation Parties shall submit confidential mediation statements to the Mediator on or before dates set and noticed by the Mediator prior to the dates scheduled for the Mediation. The confidential mediation statements shall include such information as requested by the Mediator, which may include statements of the facts and issues, the positions of the Mediation Parties submitting the statements,

---

[1] If additional parties participate in the Mediation, they will be bound by the terms of this Order.

citations to the principal authorities upon which the Mediation Parties rely, citations to the docket numbers of the pleadings that frame the issues, copies of any documents deemed by the Mediation Parties to be critical to resolution of the Dispute, a candid discussion of the Mediation Parties' bargaining strengths, bargaining weaknesses, and suggestions for settlement. The confidential mediation statements may also include such other documents and information the Mediation Parties wish to include.

(c) <u>Mediation Voluntary; Attendance by Persons with Settlement Authority; Good Faith Participation</u>. The Mediation with the Religious Orders is voluntary. For each Party that choses to participate, in addition to counsel, a representative shall attend with complete authority to negotiate and settle all disputed issues and amounts. All Mediation Parties that participate shall participate in good faith.

(d) <u>The Mediation Procedure</u>. The Mediator shall have authority to control all procedural aspects of the Mediation, including when the Mediation Parties will meet jointly and/or separately with the Mediator.

4. <u>Modification of Mediation Procedures and Addition of Mediation Parties</u>. Different or additional reasonable requirements or procedures for the Mediation may be established by the Mediator or agreed upon by the Mediation Parties and Mediator, including COVID-related safety protocols. Any party who participates in the mediation process will be bound to the Mediation Procedures and all provisions of this order as if they were a named Mediation Party.

5. <u>Reports of Status and Results of the Mediation.</u> During the Mediation process, upon request of the Court, the Mediator shall provide to the Court Mediation status reports. After the Mediation concludes, the Mediator may report to chambers staff whether the Mediation resulted in a settlement with any of the Religious Orders.

6. _Confidentiality_. There shall be absolute mediation privilege, and all communications during the Mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not be used for any purpose other than Mediation. Submissions to the Mediator shall not be delivered to anyone else without the consent of the submitting party. Any statements made by the Mediator, any of the Mediation Parties, or other parties that participate in the mediation process shall not be divulged by any of the participants in the Mediation (or their attorneys, representatives, or agents) or by the Mediator to the Court or to any third party. Except for an executed settlement agreement, all records, reports, or other documents received or made by a Mediator while serving such capacity shall be confidential and shall not be provided to the Court. The Mediator shall not be compelled to divulge such records, reports, or other documents or to testify in regard to the Mediation in connection with any arbitral, judicial, or other proceeding, including any hearing held by this Court. Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the Mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Mediation Parties with respect to a possible settlement of the Dispute; (b) admissions made by any of the Mediation Parties in the course of the Meditation and (c) proposals made or views expressed by the Mediator. Nothing in this paragraph, however, precludes a report to the Court of (i) whether a settlement was reached, or (ii) any material failure on the part of one or more of the Mediation Parties to comply with the party's obligations under this order. Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation

Party without an obligation of confidentiality that relates to the Mediation. The Mediator and Mediation Parties may agree on confidentiality provisions in addition to those stated in this Order.

7. <u>Discovery</u>. The Mediation Parties shall cooperate in pre-mediation discovery. The Court shall hold hearings on short notice on any discovery dispute. The Court expects the Mediation Parties to obtain such information as they may deem reasonable to participate meaningfully in the Mediation.

8. <u>Immunity.</u> The Mediator, as a court-appointed mediator, shall be immune from claims arising out of acts or omissions incident to the Mediator's services rendered in connection with the Mediation.

9. <u>Jurisdiction; Compliance with Bankruptcy Code and Rules</u>. By participating in the Medication, the Mediation Parties consent to jurisdiction of the Court in the Bankruptcy Case. Nothing in this order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

10. <u>Termination of the Mediation Process</u>. Any of the Mediation Parties may at any time voluntarily withdraw from the Mediation upon notice to the Mediator. Withdrawing Mediation Parties will remain responsible for their shares of the Mediator's compensation.

11. <u>Compensation of Mediator</u>. The Mediator shall be compensated as follows:

    A.  The Mediator charges $700.00 per hour, plus gross receipts tax, if applicable. Expenses incurred by the Mediator, including but not limited to travel expenses such as airfare and lodging, are charged at the amount incurred, with receipts provided.

B. The Mediator shall submit monthly invoices to the Debtor and the participating Religious Orders showing the dates and hours of service performed by the Mediator. The Debtor's share of the Mediator's charges for mediation involving Religious Orders is limited to one-third of the charges. The participating Religious Order or Orders are responsible for and will pay two-thirds of the Mediator's charges.

C. The Debtor is hereby authorized and directed to pay its one-third share of the Mediator's fees and expenses in full, in sound exercise of Debtor's business judgment, upon receipt of the invoices from the Mediator, without further order from the Court. The Mediator's fees and expenses paid by the Debtor shall constitute an administrative expense of the Estate pursuant to 11 U.S.C. §503(b).

12. <u>Effects of Prior Order.</u> The Third Mediation Order entered on January 11, 2022 [Docket No. 918] (the "Third Mediation Order") remains in full force and effect.

*** END OF ORDER ***

SUBMITTED BY:
WALKER & ASSOCIATES, P.C.
By: */s/ submitted electronically*
    Thomas D. Walker
    500 Marquette N.W., Suite 650
    Albuquerque, New Mexico 87102
    (505) 766-9272
    Fax: (505) 766-9287
    twalker@walkerlawpc.com
and
ELSAESSER ANDERSON, CHTD.
    Ford Elsaesser
    Bruce A. Anderson
    320 East Neider Avenue, Suite 102
    Coeur d'Alene, ID  83815
    (208) 667-2900
    Fax: (208) 667-2150
    ford@eaidaho.com
    brucea@eaidaho.com
Counsel for Debtor

APPROVED BY:

PACHULSKI STANG ZIEHL & JONES LLP
By: *Approved by email 6/10/2022*
   James I. Stang
   Ilan D. Scharf
   10100 Santa Monica Blvd., #1300
   Los Angeles, CA 90067
   310-277-6910
   310-201-0760 (fax)
   jstang@pszjlaw.com
   ischarf@pszjlaw.com
Counsel for Unsecured Creditors Committee

APPROVED AS TO FORM:
Department of Justice
Office of the United States Trustee
By: *Approved by email 6/20/2022*
Jordan Sickman
Assistant United States Trustee
Admitted in Michigan, P69823
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita KS 67202
Telephone: (316) 269-6176
Facsimile: (316) 269-6182
Email: jordan.sickman@usdoj.gov
APPROVED:

ARENTFOX SCHIFF LLP
/s/ *Approved by email 6/16/2022*
J. Mark Fisher
mark.fisher@afslaw.com
Counsel for Catholic Mutual Group

CLYDE & CO US LLP

/s/ *Approved by email 6/16/2022 but only in connection with mediation regarding the Servants of the Paraclete*

Brian Harrison
Harrison, Brian (Brian.Harrison@clydeco.us)
Bruce D. Celebrezze
Bruce.Celebrezze@clydeco.us
Counsel for Arrowood Indemnity Company, formerly known as Royal Indemnity Company, successor by merger to Royal Insurance Company of America

RUGGERI PARKS WEINBERG LLP

/s/ *Approved by email 6/16/2022*
Joshua D. Weinberg
jweinberg@ruggerilaw.com;
Sarah Hunkler
shunkler@ruggerilaw.com
Counsel for Great American Insurance Company


DENTONS US LLP

/s/ *Approved by email 6/16/2022*
Patrick C. Maxcy
patrick.maxcy@dentons.com
Counsel for St. Paul Fire & Marine Insurance Company,
a wholly owned subsidiary of The Travelers Companies, Inc.

/s/ *Approved by email 6/16/2022*
Jillian G. Dennehy
Jillian.Dennehy@kennedyslaw.com
George Calhoun
george@ifrahlaw.com
Christopher R. Carroll
Christopher.Carroll@kennedyslaw.com
Counsel for United States Fire Insurance Company