UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ROMAN CATHOLIC CHURCH OF
THE ARCHDIOCESE OF SANTA FE, a New Mexico
Corporation Sole

Case No.18-13027-t11

Debtor.

### DISCLOSURE OF PHILIP GUDWIN IN CONNECTION WITH THE DEBTOR'S APPLICATION TO EMPLOY SANTA FE PROPERTIES (PHILIP GUDWIN) AS REAL ESTATE BROKER FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

I, Philip Gudwin, hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am a real estate broker duly licensed by the State of New Mexico. I am filing this declaration in support of the application (the "Application") of the Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico Corporation sole, the debtor and debtor-in-possession (the "Debtor") for entry of an order authorizing the Debtor to employ Santa Fe Properties (Philip Gudwin) ("Broker") as real estate broker for the Debtor in the above-captioned Chapter 11 reorganization case (the "Bankruptcy Case").

2. I am authorized by Broker to make this declaration.

3. To the extent that any information disclosed herein requires amendment or modification upon my completion of further analysis, or as additional creditor information becomes available to me, a supplemental declaration will be submitted to the Court reflecting the same.

4. This declaration is also submitted as the statement required pursuant to Sections 328 and 504 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy

Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

5. To the best of my knowledge, information, and belief, after making reasonable inquiry, including reviewing the non-confidential mailing matrix, Broker has no connection with the Debtor, the Debtor's creditors, or any other party in interest in this case, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

    a. Broker was employed in this case to market the real property located at 49/50 Mt. Carmel Rd., Santa Fe, New Mexico (the "Mt. Carmel Property"). *See* Doc. No. 475. The sale of the Mt. Carmel Property was approved by this Court, has closed and funded, and Broker has been paid its commission in full. *See* Debtor's Report of Sale filed on July 6, 2022 (Doc. No. 1009).

    b. Broker or its employees may subscribe to telephone and other utility services and may purchase other goods or services from vendors of the Debtor.

    c. I have not reviewed the confidential proofs of claims to which I do not have access.

6. It is contemplated that Broker will be compensated for its brokerage services on a commission basis as set forth in the Listing Agreement attached to the Application as Exhibit A.

7. Broker charges gross receipts tax on commissions.

8. Other than set forth in the Listing Agreement, Broker has not shared or agreed to share with any other person or entity, any compensation paid or to be paid by the Debtor in or in connection with this bankruptcy case, as permitted under Bankruptcy Code § 504(b)(1).

9. No promises have been received by Broker or any employee of Broker as to payment of compensation in connection with this case in accordance with the provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's orders. The Bankruptcy Estate, through the Debtor, will be the source of payment of Broker's compensation, subject to court approval. No compensation for services rendered and reimbursement of expenses incurred in representation of the Debtor has been promised to Broker from any source other than the Bankruptcy Estate.

10. Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, Broker holds no interest adverse to the Debtor with respect to the matters for which it is to be employed. Accordingly, I submit that Broker is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

11. Based upon the foregoing, I respectfully submit that the requirements for Broker's retention as real estate broker for the Debtor have been met.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 17, 2022.

By: _____
Philip Gudwin

Submitted by:
WALKER & ASSOCIATES, P.C.
*s/filed electronically 08/17/2022*
Thomas D. Walker
500 Marquette N.W., Suite 650
Albuquerque, N.M. 87102
(505) 766-9272
(505) 722-9287 (fax)
twalker@walkerlawpc.com
*Attorneys for the Debtor*

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing

- 3 -

Case 18-13027-t11    Doc 1045    Filed 08/17/22    Entered 08/17/22 17:46:28 Page 3 of 4

document was made on August 17, 2022, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court, on all parties entitled to receive electronic filings.

*s/ filed electronically 08/17/2022*
Thomas D. Walker