# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,

Debtor.

Chapter 11

Case No. 18-13027-t11

## DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 422 AND AMENDED PROOF OF CLAIM 422-2 FILED BY MICK RICH CONTRACTORS

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole, Debtor-in-Possession in the above-captioned Chapter 11 case (the "Debtor"), by counsel and pursuant Fed.R.Bankr.P. Rule 3007 and NM-LBR Rule 3007-1, objects to Proof of Claim No. 422 filed by Mick Rich Contractors ("Creditor"). In support of this Objection, the Debtor states as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334, and Miscellaneous Order No. 84-0324 filed in the United States District Court for the District of New Mexico on March 19, 1992.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On December 3, 2018, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

5. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate and manage its property as a debtor-in-possession. Debtor is a party in interest. 11 U.S.C. § 1109(b).

6. On March 8, 2019, the Court entered its Order Fixing Time for Filing Proofs of Claims (the "Bar Date Order")[1], in which the Court ordered that any entity holding a pre-petition claim against the Debtor must file a proof of claim on or before June 17, 2019. See Doc. No. 116.

7. On March 8, 2021, Creditor filed Proof of Claim No. 422 in the amount of $126,679.06, and on August 18, 2022, Creditor filed an amended proof of claim (Claim No. 422-2) (the "Claim"). Creditor's original claim was filed by Creditor's former attorneys. *See* Claims Registry.

8. In the Claim, Creditor states that Debtor owes Creditor for "Gross Receipts Taxes erroneously unpaid by the Archdiocese." *See* Claim 422.

## THE CLAIM IS NOT PROPERLY SUPPORTED

9. A proof of claim is prima facie evidence of the validity of a claim only if it is legally sufficient. *In re Alpers Holdings USA*, 2008 WL 160203, *3 (Bankr.S.D.N.Y. Jan 15, 2008).

10. Claims based on writings must be supported with documentation. *See* Fed.R.Bankr.P. Rule 3001(c)(1) ("When a claim…is based on a writing, the original or a duplicate shall be filed with the proof of claim.").

11. Creditors are required to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." See Fed. R. Bankr. P. Official Form 10.

---

[1] The Bar Date Order was amended by the Amended Bar Date Order, entered March 19, 2019 as Doc. No. 130. The Bar Date Order was amended to correct paragraph numbers. There are no substantive changes. All deadlines set forth in the Amended Bar Date Order relate back to entry of the Bar Date Order.

12. Failure of a creditor to provide evidence of its claim is grounds for disallowance of such claim. *See In re Kirkland*, 572 F.3d 838, 841 (10th Cir. 2009) (reinstating the bankruptcy court's disallowance of a claim for failure to provide evidence supporting the claim).

13. Creditor did not attach any documents in support of the Claim. S*ee* Claim.

14. The Claim does not comply with the requirements of Bankruptcy Rule 3001 and does not contain sufficient information to allow the Debtor to determine the validity of the underlying claim.

15. The Claim should be disallowed because it is not supported at all by any documentation.

## THE CLAIM IS UNENFORCEABLE AGAINST THE DEBTOR

16. Claims that are unenforceable against the Debtor and property of the Debtor are disallowed. 11 U.S.C. 502(b)(1).

17. The Claim does not include any agreement between Creditor and the Debtor, or any other evidence that Debtor is obligated to Creditor to pay Creditor's taxes or in any other way.

18. The Claim does not comply with the requirements of Bankruptcy Rule 3001, does not contain sufficient information to support the stated claim and, on its face, is not a claim enforceable against the Debtor.

19. The Claim should be disallowed because it is unenforceable against the Debtor under applicable law.

## THE CLAIM WAS NOT TIMELY FILED.

20. Claims for which the proof of such claim is not timely filed are disallowed. 11 U.S.C. § 502(b)(9).

21. The deadline to file proofs of claims for general unsecured creditors was June 17, 2019. *See* Notice of Bar Date.

22. The Claim is a general unsecured claim.

23. Upon information and belief, Creditor had actual knowledge of the Bankruptcy Case in time to file a timely proof of claim.

24. Further, Creditor has not moved to deem its claim timely filed.

25. The Claim should be disallowed because it was untimely filed.

## OTHER GROUNDS FOR OBJECTION RESERVED

26. The Debtor reserves the right to amend, modify, or supplement this Objection. Should the grounds for objection stated in this Objection be overruled, the Debtor reserves the right to object on any other grounds including, but not limited to:

    A. The Claim is unenforceable against the Debtor under applicable law.

    B. There is no contract or agreement, written or otherwise, supporting the Claim.

    C. The Claim may be barred by the applicable statute of limitations.

    D. The Claim is barred because any and all amounts owed to Creditor were paid in full.

27. Notwithstanding anything contained in this Objection, nothing herein shall be construed as a waiver of any rights that the Debtor may have to assert the Estate's claims, defenses and counterclaims against the Creditor.

WHEREFORE, the Debtor respectfully requests that the Court enter an order disallowing Proof of Claim No. 422, as amended and 422-2 in its entirety and granting the Debtor all other just and proper relief.

Respectfully submitted:
WALKER & ASSOCIATES, P.C.
 */s/ filed electronically* _____
Thomas D. Walker
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
E-mail: twalker@walkerlawpc.com
*Attorneys for Debtor*

Certificate of Service: In accordance with NM LBR 9036-1, Fed. R. Civ. P. 5(b)(3), and Fed.R.Bankr.P. Rules 3007, 7004(h), and 9014, this certifies that on September 15, 2022 service of the foregoing document was made on all parties entitled to notice via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court, and via U.S. Mail to the following parties:

Mick Rich Contractors
Attn: Officer, Managing Agent, or General Agent
8401 Firestone NE
Albuquerque, NM 87113

Mick Rich Contractors, Inc.
c/o David Gorman, Registered Agent
40 First Plaza Center, NW, Ste. 740
Albuquerque, NM 87102

Mick Rich Contractors
Attn: Officer, Managing Agent, or General Agent
PO Box 90203
Albuquerque, NM 87199


*/s/ Thomas D. Walker*
Thomas D. Walker