## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW MEXICO

**In re:**

**ROMAN CATHOLIC CHURCH OF THE**
**ARCHDIOCESE OF SANTA FE, a New**
**Mexico Corporation Sole,**

**Chapter 11**
**Case No. 18-13027-t11**

       **Debtor.**

## CLAIMANT NO. 461'S MOTION TO ALLOW LATE-FILED PROOF OF CLAIM

COMES NOW Claimant John Doe a/k/a Claimant No. 461 (having submitted Claim No.

436), by and through counsel, below-signed, and respectfully moves the Court to deem his proof

of claim timely filed for excusable neglect.  See Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is

required or allowed to be done at or within a specified period ... the court for cause shown may at

any time ... permit the act to be done where the failure to act was the result of excusable

neglect.").  Claimant respectfully requests the Court exercise its equitable power to do justice in

this case and allow Claimant's late-filed claim due to circumstances outside his reasonable

control.

1. On December 3, 2018, the Roman Catholic Church of the Archdiocese of Santa Fe (the
   Archdiocese), filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the
   United States Code (11 U.S.C. § 101 et seq.) with the United States Bankruptcy Court for
   the District of New Mexico.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This is a
   core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Court may enter a
   final order consistent with Article III of the U.S. Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Rules 3003 and 9006 of the Federal Rules of Bankruptcy Procedure.

4. During his youth, and prior to the Petition Date, John Doe a/k/a Claimant No. 461 was sexually assaulted by an employee/agent of the Archdiocese and is therefore a Sexual Abuse Claimant.

5. By order dated March 8, 2019, the Court set the deadline for proofs of claim as June 17, 2019 at 5:00 p.m. MT ("the Bar Date") which included Sexual Abuse Claimants.

6. Claimant was not served with notice of the bankruptcy filing and was not listed as a potential creditor.

7. Claimant was not served with notice of the Bar Date.

8. Claimant had no notice of the bankruptcy case or the Bar Date by anyone at St. Thomas the Apostle in Abiquiu, where he was abused as a child and where he still attends church regularly.

9. Claimant has significant psychiatric issues including schizoaffective disorder and has been hospitalized periodically for extended lengths of time since long before this case was filed.

10. An "SQ" case was first opened for Claimant in the State of New Mexico in 2007. See SQ-2007-44.

11. Because of his psychiatric illness and intermittent incapacity, Claimant was not aware of and missed the deadline to file his proof of claim in this case.

12. Claimant is a creditor and a party in interest in this bankruptcy proceeding; he filed Claim No. 436 on August 29, 2022 almost immediately upon learning of the case.

2

13. Claimant was informed by the Claims Administrator that he is only reviewing claims submitted through March 30, 2022; Claimant was not given an opportunity to submit supplemental documentation as to his claim or the reason for late filing through the Claims Administrator's portal.

14. Rule 3002(c)(6) was amended in 2017 to "expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bank. P. 3002, advisory committee's note to 2017 amendment. Courts have held that this rule should be interpreted broadly. See, e.g., In re Vanderpol, 606 B.R. 425, 429 (Bankr. D. Colo. 2019) ("Reading the rule narrowly would render it all but superfluous").

15. Likewise, Fed. R. Bankr. P. 9006(b)(2) allows the Court to enlarge the time to take certain actions when there is excusable neglect. See Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is required or allowed to be done at or within a specified period ... the court for cause shown may at any time ... permit the act to be done where the failure to act was the result of excusable neglect.").

16. The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. . . . These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Wooten, 620 B.R. 351, 356-57 (Bankr. D.N.M. 2020).

17. Not all of the Pioneer factors need to weigh in favor of the moving party for relief to be granted. See In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785 (Bankr.

S.D.N.Y. July 30, 2003) (granting relief requested even though court found against movant as to reason for the delay). Nevertheless, all four of the Pioneer factors must be weighed and balanced together as part of the "elastic concept" referred to by the Supreme Court. See Pioneer, 507 U.S. at 395; see Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F. 3d 248, 250-51 (2d Cir. 1997) (recognizing that Pioneer established a more liberal standard for determining excusable neglect and courts should engage in an equitable determination taking into account all relevant factors) (internal citations and quotations omitted).

18. Here, the factors outlined by the Supreme Court in Pioneer weigh heavily in favor of granting this motion on the basis of excusable neglect. See Pioneer, 507 U.S. at 395.

19. Failure to extend the bar date to allow Claimant to file a late claim would result in complete forfeiture and denial of his due process rights.

**I. Deeming Claimant's Proof of Claim Timely Filed Does Not Prejudice the Archdiocese**

20. The Debtor will not be prejudiced if this Court accepts Claimant's Proof of Claim as timely filed. In analyzing prejudice, courts weigh various considerations including "(1) size of the late claim in relation to the estate, (2) whether a disclosure statement or plan has been filed or confirmed with knowledge of the existence of the claim, and (3) the disruptive effect that the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated and negotiated." In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785 (Bankr. S.D.N.Y. July 30, 2003).

21. The value of Claimant's unsecured sexual abuse claim will not have a material impact on the funds available to other claimants and creditors. The relative value of the claim and

4

the number of total claims submitted both weigh in favor of acceptance of Claimant's claim.

22. A claim will not prejudice the success of the reorganization where, as here, no plan has been finalized.  See In re Enron Corp., 2003 WL 21756785 at *6 (permitting filing of late proof of claim and finding no prejudice because claims review and reconciliation process was in early stages and no plan or disclosure statement had yet been filed); In re Infiltrator Sys. Inc., 241 B.R. 278, 281 (Bankr. D. Conn. 1999) (permitting the late filed claim based upon the fact that "debtor has not yet filed a plan and is still engaged in assessing the validity and amounts of the timely filed claims, the impact upon the administration of the case allowing [the late filed] claim is not significant").

23. As the debtors and their estate will suffer no actual harm if Claimant is authorized to file a late claim, any hypothetical harm that may be raised by the Debtors will not rise to the level of prejudice. See In re O'Brien Envtl. Energy, 188 F.3d at 127 ("prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence").

## II. The Length of the Delay is Minor and Will Not Impact the Judicial Administration of Claims

24. The second Pioneer factor – length of delay and its potential impact on judicial proceedings – also weighs in favor of Claimant.  See Pioneer, 507 U.S. at 395.  "The critical consideration regarding this . . . factor is not the elapsed time of the delay, however, but rather the effect of that delay on the judicial administration of the case." In re Pilgrim's Pride Corp., No. 08-45664, 2011 WL 576070 (Bankr. N.D. Tex. Feb. 9, 2011) (deeming late-filed administrative claim timely filed); In re Beltrami Enters., Inc., 178 B.R. at 392 (in allowing late claim, court reasoned "there is no indication that in this

case the delay had had a negative impact on efficient court administration"); <u>In re Sacred Heart Hosp. of Norristown</u>, 186 B.R. 891, 897 (Bankr. E.D.Pa. 1995 (finding "the danger of prejudice to the debtor . . . is practically nil" where the claim "was effected prior to confirmation of the Debtor's liquidating plan, and therefore prior to the Debtor's making any distribution pursuant to its liquidating plan").

25. Deeming Claimant's claim timely filed will have no adverse effect on the judicial administration of this case. Reorganization efforts are yet to be finalized. Assets are being liquidated. The claims examiner is evaluating the claims. No distribution has been made. Claimant's single claim is relatively minor compared to the size of the bankruptcy. <u>See, e.g., Sacred Heart</u>, 186 B.R. at 897 ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process."); <u>Wooten</u>, 620 B.R. at 356 (allowing a late claim filed two weeks before debtors' Chapter 11 reorganization plan was con-firmed and noting that "[i]f the problem with a late filed claim is the claim rather than the lateness, there is no <u>Pioneer</u> prejudice," nor is there any prejudice if the debtor accrues attorney fees fighting the late claim or if a late claim requires redistribution of money among creditors); <u>see also</u> <u>In re Sacred Heart Hosp. of Norristown</u>, 186 B.R. 891, 897 (Bankr. E.D. Pa. 1995) (permitting late claim prior to debtor's making any distribution pursuant to its Chapter 11 liquidation plan).

26. For the same reasons that the Archdiocese is not prejudiced by the claim, granting this Motion will not unduly delay these bankruptcy proceedings. <u>See</u> <u>Wooten</u>, 620 B.R. at 357 (finding that "administration of the case was not delayed" by claim filed nearly six months late but before confirmation of debtors' reorganization plan); <u>see also</u> <u>In re</u>

6

Beltrami Enters., Inc., 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (admitting a claim filed two years late where there was no indication that the delay negatively impacted efficient court administration); Sacred Heart Hosp. of Norristown, 186 B.R. at 897 (noting that the impact of a several month claim delay upon the court proceedings was "practically nil").

27. The New Mexico Bankruptcy Court for the District of New Mexico allowed a late claim to be filed three years and three months after the bar date. Las Uvas Valley Dairies, 2021 BL 376523, at *7-8 (noting the "significant delay," but allowing the late claim because it was filed only three months after the court-approved settlement, a final creditor distribution had not yet occurred, and the late claimant waived rights to an earlier distribution).

28. The second Pioneer factor weighs in favor of granting this Motion on the basis of excusable neglect. See Pioneer, 507 U.S. at 395.

### III. Claimant Has Good Cause for the Delay

29. The third Pioneer factor – the reason for the delay – likewise weighs in Claimant's favor. Courts will examine the equities in light of the "liberal Pioneer standards." Sacred Heart, 186 B.R. 893 (considering "full equities of the parties"); see Pioneer, 507 U.S. at 395.

30. In the Tenth Circuit, courts give the most weight to the third Pioneer factor, the reason for delay, including whether the movant was at fault in causing the delay. U.S. v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004). See also Las Uvas Valley Dairies, 2021 BL 376523, at *8; In re Monge, 2020 Bankr. LEXIS 949, at *4 (Bankr. D.N.M., Apr 2, 2020); In re Otero County Hosp. Ass'n, Inc., 2013 Bankr. LEXIS 75, at *5 (Bankr. D.N.M., Jan. 4, 2013); see Pioneer, 507 U.S. at 395.

7

31. Claimant has good cause for filing his proof of claim late: he had no knowledge of the bankruptcy proceeding or the Bar Date prior to August 2022. Because of his psychiatric illness and incapacity, Claimant was not aware of and missed the deadline to file his proof of claim.

32. Immediately upon learning of this case, Claimant filed his Claim in August 29, 2022. This is not a situation where the claimant failed to take the filing deadline seriously, nor was this a tactical decision not to file a timely claim. Claimant has not acted in bad faith.

33. The equitable solution is to allow Claimant to file a late claim.

### IV. Claimant Acted in Good Faith

34. At worse, Claimant's failure to file a formal proof of claim could be considered inadvertence, mistake, or carelessness, but even if so, courts regularly find such neglect to be excusable. Pioneer, 507 U.S. at 388, 392 (excusable neglect may extend to "inadvertent delays" and that is "not limited strictly to omissions caused by circumstances beyond the control of the movant"); In re O'Brien Envtl. Energy, 188 F.3rd at 128 ("While it is certainly relevant that the delay in this case was due in part to lack of care on the part of [claimant], the concept of excusable neglect clearly anticipates this, i.e., neglect on the part of the one seeking to be excused).

35. This factor weighs, "as is usually the case with motions under [Bankruptcy] Rule 9006(b)(1), in the [claimant's] favor." See In re Delphi Corp., No. 05-44481, 2009 Bankr. LEXIS 571, at 17 (Bankr. S.D.N.Y. Jan. 20, 2009). "[T]he determination as to excusable neglect is at bottom an equitable one." Pioneer, 507 U.S. at 395.

36. Here, Claimant's only avenue of redress against the Archdiocese of Santa Fe for childhood sexual abuse is to file a late proof of claim in this bankruptcy case. To deny

8

him that right would result in complete forfeiture of the claim.  The equities weigh in

favor of Claimant.

37. Here, the circumstances of this filing demonstrate that Claimant has acted in good faith.

Claimant is not in control of his mental illnesses. Claimant came forward immediately

upon learning of the bankruptcy and the Bar Date.  Claimant's actions are consistent with

his explanation.  See In re Infiltrator Sys.. 241 B.R. at 281 ("The actions of [claimant] are

consistent with its explanation for not filing a proof of claim prior to the bar date").

Accordingly, the fourth Pioneer factor is satisfied.  See Pioneer, 507 U.S. at 395.

38. Claimant John Doe has not previously sought the relief requested herein from this or any

court.

WHEREFORE, for all the foregoing reasons, Claimant respectfully requests that the

Court grant his motion and deem his proof of claim, Claim No. 436, timely filed such that he be

allowed to have his claim evaluated by the Claims Administrator herein.

Respectfully submitted,

LAW OFFICE OF JAMISON BARKLEY,
LLC

  s/ Jamison Barkley
316 Garfield St.
Santa Fe, NM 87501
(505) 995-9602
jamison@jamisonbarkley.com

9

**EXHIBITS ATTACHED**

| EXHIBIT 1 | Affidavit of Claimant 461 |
|-----------|---------------------------|
| EXHIBIT 2 | Petition for Appointment of a Treatment Guardian, SQ-2007-444 |
| EXHIBIT 3 | Proposed Form of Order Granting this Motion |

**CERTIFICATE OF SERVICE**

In accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(2)(EE), this certifies that
service of the foregoing document was served
this 28th day of September, 2022, via the notice
transmission facilities of the case management
and electronic filing system of the Bankruptcy
Court.

 /s/  Jamison Barkley
filed electronically 9/28/2022