

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole, | Case No. 18-13027-t11 |
| Debtor. | |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 3, 2022

This matter came before the Court[1] at a final hearing (the "Confirmation Hearing") to consider confirmation of the *First Amended Chapter 11 Plan of Reorganization Dated November 3, 2022* (Doc. No. 1151) (together with all exhibits and as further amended, modified, and supplemented, the "**Plan**")[2] filed by the Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole (the "**Debtor**"). Counsel and parties present at the hearing are as reflected in the record.

---

[1] United States Bankruptcy Court for the District of New Mexico (the "Court").
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.

1

The Confirmation Hearing was held by the Bankruptcy Court on December 28, 2022 at 9:00 a.m. Mountain Time, as scheduled and noticed to all parties in interest. Based upon the Bankruptcy Court's review of the Plan, the Disclosure Statement, the Tally of Ballots, the several Certificates of Service, all of the evidence proffered and arguments made at the Confirmation Hearing, the docket and all documents and proofs of claims filed, the entire record of this Bankruptcy Case, all the proceedings heretofore had in this Bankruptcy Case, and after due deliberation thereon and good and sufficient cause appearing therefor, the Bankruptcy Court hereby makes and issues the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      On November 3, 2022, the Debtor filed the Plan and the *Amended Disclosure Statement to Accompany Debtor's First Amended Plan of Reorganization Dated November 3, 2022* (Doc. No. 1152) (as further amended, modified, and supplemented, the "**Disclosure Statement**").

B.      On November 8, 2022, this Court entered the *Order:  (A) Approving the Disclosure Statement; (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; (C) Approving the Form of Ballots and the Inclusion of the Releases and Certifications Therein; and (D) Approving the Form and Manner of Notice Regarding the Insurance Settlement Agreements, the Participating Religious Order Settlement Agreements, and Participating Party Agreement* (Doc. No. 1161) (the "**Disclosure Statement Order**").

C.      The following classes under the Plan are impaired and were designated to vote to accept or reject the Plan: Class 3 (Tort Claims); Class 4 (Unknown Tort Claims), and Class 5 (General Unsecured Claims) (the "**Voting Classes**").

D.      Pursuant to the Disclosure Statement Order, the Debtor transmitted a solicitation package (the "**Solicitation Package**") to all parties in interest. *See* Certificate of Service filed on November 21, 2022 (Doc. No. 1185). Pursuant to Paragraph 10 of the Disclosure Statement Order,

2

the Debtor published the documents in the Solicitation Package on the Debtor's website on November 21, 2022. *See* Certificate of Publication to Website filed on November 23, 2022 (Doc. No. 1192). The Solicitation Package contained the following documents: (i) Table of Contents; (ii) Disclosure Statement Order (Doc. No. 1161); (iii) Notice of Confirmation Hearing (Doc. No. 1163); (iv) Amended Disclosure Statement to Accompany Debtor's First Amended Plan of Reorganization, with Exhibits (Doc. No. 1152); (v) the Plan; (vi) Notice of Deadline to Object to Motions to Approve Insurance Settlement Agreements and Participating Party Agreements; (vii) Notice of Deadline to Object to Motion to Approve Participating Religious Order Settlement Agreements; (viii) Letter from Archbishop John C. Wester in Support of the Plan; (ix) Certificate of Service; (x) Class 3, 4, or 5 Ballot or the Notice of Non-Voting Status for Classes 1, 2, and 7, Notice of Non-Voting Status for Classes 6 and 8, or Notice of Non-Voting Status – General; and (xvii) Letter from the Official Committee of Unsecured Creditors in Support of the Plan.[3]

E.     As required by the Disclosure Statement Order, the Debtor caused to be published notice of the Plan and the Amended Disclosure Statement, deadline for objections to the Plan, deadline for objections to the Motion to Approve Insurance Settlement Agreements, deadline for objections to the Motion to Approve Participating Party Agreement, deadline for objections to the Motion to Approve Participating Religious Order Settlement Agreements, and notice of the hearing on the Plan confirmation (the "Publication Notice") in the Albuquerque Journal, Santa Fe New Mexican, Las Cruces Sun News, on November 29, 2022 and December 11, 2022. The Publication Notice was published once in USA Today on November 29, 2022. *See* Certificate of

---

[3] The UCC's "Open Letter to Abuse Claimants Recommending That They Vote to Accept The Plan" was published to the Debtor's website and emailed to attorneys for Class 3 Tort Claimants on November 22, 2022. It was sent via U.S. First Class mail, postage prepaid, to all persons listed on the mailing matrix kept by the Clerk of the Bankruptcy Court and to the confidential mailing list maintained by the Clerk of the Bankruptcy Court on November 23, 2022. *See* Certificate of Service of UCC Support Letter filed December 23, 2022 (Doc. No. 1205).

3

Publication filed on December 22, 2022 (Doc. No. 1202). The Publication Notice directed readers to the Debtor's website to access the documents referred to above and to Debtor's counsel to request copies of the documents.

F.      Pursuant to the Disclosure Statement Order, the voting deadline for the Voting Classes was December 22, 2022, at 5:00 p.m. Mountain Time.

G.      The Tally of Ballots was filed on December 26, 2022 (Doc. No. 1207) and an Amended Tally of Ballots was filed on December 27, 2022 (Doc. No. 1210).

H.      Pursuant to the Disclosure Statement Order, the deadline to file objections to the Plan was December 22, 2022, at 5:00 p.m. Mountain Time.

I.      No objections or other responses to confirmation of the Plan were filed.

J.      This Bankruptcy Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

K.      <u>Burden of Proof</u>. The Debtor, as proponent of the Plan, has met its burden of proving the elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.

L.      <u>Judicial Notice</u>. The Bankruptcy Court takes judicial notice of the docket in this case maintained by the Clerk of the Bankruptcy Court and all documents filed, including all proofs of claims, and all proceedings in this Bankruptcy Case.

M.      <u>Transmittal and Mailing of Materials; Adequate and Sufficient Notice</u>. The Solicitation Packages were transmitted, served, and published, in compliance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules

4

for United States Bankruptcy Court for the District of New Mexico (the "**Local Rules**"), and such transmittal, service, and publication was adequate and sufficient, and no other or further notice is or shall be required. Adequate and sufficient notice, including by publication, of the Confirmation Hearing, the Disclosure Statement Order, and the dates and deadlines provided for in the Disclosure Statement Order was given in compliance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice or publication is or shall be required. All parties in interest in the Bankruptcy Case had a full and fair opportunity to file objections and responses to confirmation of the Plan and to appear and be heard at the Confirmation Hearing and no other or further notice is or shall be required.

N.    Plan Compliance with Bankruptcy Rules 3016(a), (b), and (c). The Plan is dated and identifies the entity submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules. The filing of the Disclosure Statement with the Bankruptcy Court satisfies Bankruptcy Rule 3016(b). The Plan and the Disclosure Statement set forth in bold text all acts to be enjoined and identify all entities subject to the injunctions provided by the Plan in satisfaction of Bankruptcy Rule 3016(c).

O.    Compliance with 11 U.S.C. § 1126 (Plan Acceptance). As described more fully in the Tally of Ballots all classes entitled to vote accepted the Plan.

P.    Compliance with 11 U.S.C. § 1129(a). The Plan complies in all respects with each provision of 11 U.S.C. § 1129(a) to the extent applicable to the Plan and the Bankruptcy Case and with respect thereto, the Court specifically finds and concludes as follows:

(1)    11 U.S.C. § 1129(a)(1); Compliance with the Applicable Provisions of the Bankruptcy Code. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

5

i       Proper Classification of Claims and Equity Interests (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to the Administrative Expenses, Priority Expenses, and Professional Claims, which need not be classified under the Plan, the Plan designates eight (8) Classes of Claims. The Debtor is a corporation sole and as such no equity interests exist in the Debtor. The Claims placed in each Class are substantially similar to other Claims in such Class. Valid business, factual, and/or legal reasons exist for separately classifying the Classes of Claims created under the Plan, and therefore the Plan does not unfairly discriminate among holders of Claims or Equity Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Section 4 of the Plan specifies that Classes 1, 2, and 7 are unimpaired under the Plan (collectively, the "**Unimpaired Classes**"), thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

iii     Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Section 4 of the Plan designates Classes 3, 4, 5, 6, and 8 as impaired under the Plan (collectively, the "**Impaired Classes**"), and specifies the treatment of Claims in the Impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv      Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim in a particular Class unless the holder of a particular Claim in such Class has agreed to a less favorable treatment of its Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

v       Implementation of Plan (11 U.S.C. § 1123(a)(5)). In compliance with section 1123(a)(5) of the Bankruptcy Code, Section 10 of the Plan and various other provisions of the Plan set forth the means for implementation of the Plan, which means are adequate and proper. All documents necessary to implement the Plan, including, without limitation, all other relevant and necessary documents, have been developed and negotiated in good faith and at arms' length and, subject to and upon the Effective Date, shall be valid, binding, and enforceable agreements and not conflict with any federal or state law.

vi      Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). Section 1123(a)(6) of the Bankruptcy Code does not apply to the Plan because the Debtor does not propose to issue any equity securities under the Plan.

vii     Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). Section 1123(a)(7) of the Bankruptcy Code does not apply to the Plan because the Debtor is not selecting any officers and directors under the Plan.

viii    Impairment/Unimpairment of Classes of Claim and Equity Interests (11 U.S.C § 1123(b)(1)). Pursuant to Section 4 of the Plan, Classes 1, 2, and 7 are unimpaired, and Classes 3, 4, 5, 6, and 8 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

ix      Assumption and Rejection of Executory Contracts (11 U.S.C. §1123(b)(2)). Section 13 of the Plan provides that, on the Effective Date, except as otherwise provided in the Plan, all Executory Contracts of the Debtor, that have not been rejected or

6

terminated, will be assumed in accordance with the provisions and requirements of §§ 365 and 1123, other than those Executory Contracts that: (a) have been assumed by Final Order of the Bankruptcy Court; (b) are subject to a motion to reject Executory Contracts pending on the Effective Date (subject to the Debtor's right to request rejection retroactive to an earlier date); or (c) are subject to a motion to reject an Executory Contract pursuant to which the requested effective date of such rejection is after the Effective Date. Approval of any motions to assume Executory Contracts pending on the Confirmation Date or thereafter will be approved by the Bankruptcy Court on or after the Confirmation Date by a Final Order. Each Executory Contract assumed pursuant to Section 13.1 will revest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as such terms are modified by the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption or applicable law.

x       <u>Settlement/Retention of Claims or Equity Interests</u> (11 U.S.C. § 1123(b)(3)). There are no equity interests in the Debtor. As permitted by section 1123(b)(3) of the Bankruptcy Code, Sections 10 and 12 of the Plan, and other applicable provisions of the Plan provide in summary that the Debtor will establish the Escrow Account and will deposit all Contributions into the Escrow Account, and that within two Business Days after the Effective Date, the Escrow Agent shall pay all funds in the Escrow Account to the ASF Settlement Trust by wire transfer, and that the Debtor shall fund the Unknown Tort Claims Trust as provided in the Unknown Tort Claims Trust Agreement. The Plan provides that the ASF Settlement Trust will be administered by the ASF Settlement Trustee and that the Unknown Tort Claims Trust will be administered by the Unknown Claims Representative.

xi       <u>Additional Plan Provisions</u> (11 U.S.C. § 1123(b)(6)). The exculpations and injunctions issued pursuant to Section 19 of the Plan preserve and enforce the releases granted by the Plan and are narrowly tailored to achieve that purpose. Such provisions, and all other provisions of the Plan, are consistent with section 1123(b)(6) of the Bankruptcy Code, and not inconsistent with the applicable provisions of the Bankruptcy Code.

(2)       <u>Debtor's Compliance with the Applicable Provisions of the Bankruptcy Code</u> <u>(11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

i       the Debtor is a proper debtor under section 109 of the Bankruptcy Code and proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

ii       the Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

iii       the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order in transmitting the Solicitation Packages and in soliciting and tabulating votes on the Plan.

7

(3)     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor, the Committee, and the Settling Insurers participated in good faith in negotiating, at arms' length, the Plan, the Plan Documents, the ASF Settlement Trust Agreement, the Unknown Tort Claims Trust Agreement, and other contracts, instruments, releases, exculpations, agreements, and documents related to or necessary to implement, effectuate, and consummate the Plan. These parties and their respective counsel and advisors also participated in good faith in each action taken to bring about, and in satisfying each condition precedent to confirmation of the Plan. The Debtor's good faith is evidenced from the record of the Bankruptcy Case, including the totality of the circumstances surrounding the filing of the Bankruptcy Case, the testimony presented at, and the record of, the Confirmation Hearing, the formulation of the Plan and all related pleadings, exhibits, statements, and comments regarding confirmation of the Plan, and other proceedings held in this Bankruptcy Case. The Bankruptcy Case was filed, and the Plan was proposed, with the legitimate and honest purpose of effecting a reorganization of the Debtor.

(4)     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

(5)     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). No officers or directors are appointed by the Debtor under the Plan. Thus, section 1129(a)(5) of the Bankruptcy Code is not applicable to confirmation of the Plan and this Bankruptcy Case.

8

(6)      No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtor is not subject to rate regulation by any governmental regulatory commission; therefore, section 1129(a)(6) of the Bankruptcy Code is not applicable to confirmation of the Plan and this Bankruptcy Case.

(7)      Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached to the Disclosure Statement at Exhibit 2, the record in this Bankruptcy Case, and the other evidence proffered at the Confirmation Hearing in support of the Plan: (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of a Claim in an Impaired Class either: (x) has accepted the Plan or (y) will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. Further, Section 1112(c) of the Bankruptcy Code protects charitable institutions by precluding conversion of a chapter 11 case to chapter 7 "if the debtor is a . . . corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion." 11 U.S.C. § 1112(c). Therefore, the Debtor could not be compelled into a liquidation under the Bankruptcy Code. The Court finds that the Plan satisfies the "best interests of creditors" test under § 1129(a)(7)(A)(ii) to the extent that it applies to the Debtor.

(8)      Acceptance by the Requisite Classes of Creditors and Equity Interest Holders (11 U.S.C. § 1129(a)(8)). Classes 3, 4, and 5 are the only Impaired Classes entitled to vote on the Plan. As evidenced in the Tally of Ballots, Classes 3, 4, and 5 voted to accept the Plan. No Voting Class voted to reject the Plan. There are no holders of Claims that have been temporarily Allowed for voting purposes in any Class. Pursuant to the Plan, Class 6 Penalty Claims and Class 8 Abuse Related Contingent Claims (the "Non-Voting Impaired Classes") are

deemed to reject the Plan. Classes 1, 2, and 7 are unimpaired under the Plan and, therefore, are deemed to have accepted the Plan. Thus, section 1129(a)(8) of the Bankruptcy Code has been satisfied regarding all Classes.

(9)    Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)). The Plan treats Administrative Claims and Priority Claims pursuant to section 507(a)(2)-(8) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code and therefore the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

(10)    Acceptance By at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). As evidenced by the Tally of Ballots, Classes 3, 4, and 5, which, in each instance, are Impaired Classes, voted to accept the Plan in requisite numbers and amounts. Because a Class of Claims is impaired under the Plan, at least one Class of Claims impaired under the Plan must accept the Plan, determined without including any acceptance of the Plan by any insider. This is the case here, as shown by the Tally of Ballots, because Classes 3, 4, and 5 are impaired under the Plan and have voted to accept the Plan, without including acceptance of the Plan by any insider. Consequently, section 1129(a)(10) of the Bankruptcy Code is satisfied.

(11)    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan is feasible, as the Debtor has demonstrated through the Plan and the evidence proffered at the Confirmation Hearing. The Plan provides that the Debtor, the ASF Participating Parties, and the Settling Insurers will fund the ASF Settlement Trust in the original negotiated amount of $121,500,000.00. The Debtor will contribute an additional $173,500.00 to the ASF Settlement Trust by the Contribution Date. The Participating Religious Orders (and their respective general liability carriers) are contributing an additional negotiated amount of $8,475,000.00, for distribution to certain Class 3 Tort Claimants and Class 4 Unknown Tort Claimants, as set forth in the Plan. No part of the ASF Settlement

Trust will be used to compensate Unknown Tort Claimants. The Debtor and the Participating Religious Orders (and their respective liability carriers) will fund the Unknown Tort Claims Trust up to $2,500,000.00. The Unknown Tort Claims Trust will be used exclusively for the compensation of Class 4 Unknown Tort Claimants pursuant to the Unknown Tort Claims Allocation Protocol and for advances of Unknown Tort Claims Trust expenses. The Participating Religious Orders (and their respective liability carriers), as part of their settlements, will contribute $400,000 to the Unknown Tort Claims Trust. The Debtor will fund the remaining amount of the Unknown Tort Claims Trust.

(12)     The Plan is feasible within the meaning of 11 U.S.C. § 1129(a)(11). The proffer of evidence at the Confirmation Hearing, including without limitation the Operating Reports filed in the Bankruptcy Case, and the proffered testimony of CFO Tony Salgado and Archbishop John Wester establish that the Debtor's projections and financial information regarding the Reorganized Debtor as of the Effective Date are reasonable, made in good faith, and confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtor. Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

(13)     Payment of Certain Fees (11 U.S.C. § 1129(a)(12)). Article 5, Section 5.3 of the Plan provides that all fees due and payable pursuant to 28 U.S.C. § 1930 and not paid prior to the Effective Date shall be paid in Cash as soon as practicable after the Effective Date. After the Effective Date, the Reorganized Debtor shall pay quarterly fees to the U.S. Trustee, in Cash, until the Bankruptcy Case is closed, and a final decree is entered. In addition, the Reorganized Debtor shall file post-Confirmation Date reports in conformance with the U.S. Trustee guidelines. Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

(14)     Continuation of Retiree Benefits; Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Non-Profit Organization (11 U.S.C. §§ 1129(a)(13)-(16)). The Plan provides that holders of Class 7 Employee/Retirement Claims will be paid as those claims come due. Therefore, section 1129(a)(13) of the Bankruptcy Code is satisfied. As a non-profit corporation, the Debtor has no domestic support obligations, and is not an individual. Therefore, sections 1129(a)(14)—(15) of the Bankruptcy Code are not applicable to confirmation of the Plan and the Bankruptcy Case. The transfers made by the Debtor will be made in accordance with New Mexico statutes governing non-profit corporations, and thus, section 1129(a)(16) of the Bankruptcy Code is satisfied.

Q.     Confirmation of Plan Over Non-Acceptance of Certain Impaired Classes (11 U.S.C. § 1129(b)). The classification and treatment of Claims in the Plan is proper pursuant to section 1122 of the Bankruptcy Code and does not discriminate unfairly pursuant to section 1129(b)(1) of the Bankruptcy Code.

R.     Only One Plan (11 U.S.C. § 1129(c)). Other than the Plan (including previous versions thereof which were subsequently amended), no other plan has been filed in the Bankruptcy Case. As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

S.     Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of section 5 of the Securities Act, and there has been no filing by any governmental unit asserting any such attempted avoidance, and therefore, the requirements of section 1129(d) of the Bankruptcy Code have been met.

T.     Satisfaction of Confirmation Requirements. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

U.     Good Faith Solicitation and Participation (11 U.S.C. § 1125(e)). Based upon the record before the Bankruptcy Court, the Debtor, the Committee, and their respective attorneys, advisors, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the Disclosure Statement Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with the solicitation of acceptances of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunctive and exculpatory provisions in the Plan.

V.     The Court has considered the *Unknown Claims Representative's Report and Recommendations* (Doc. No. 1206) (the "UCR Report"), along with the statements of Unknown Claims Representative Michael R. Hogan (U.S. Dist. Ct. Judge, Ret.) (the "Unknown Claims Representative"). The terms and amount of the Unknown Tort Claims Fund as recommended by the Unknown Claims Representative in the UCR Report are reasonable and sufficient to address Unknown Tort Claims as provided in the Plan. The UCR Report has been considered by the Court and is hereby accepted.

W.     The Debtor has exercised appropriate business judgment in resolution of Claims against the Settling Insurers and the Participating Parties as evidenced by the Insurance Settlement Agreements and the Participating Party Agreements, the proceeds of which are necessary and essential components of the Plan and result from extensive negotiation as part of the Court-ordered mediation. It is, therefore, in the best interests of the Estate, the creditors and other parties in interest to resolve all such Claims without incurring the delay, asset depletion, and risk that litigation would cause to the Estate, its creditors and other parties in interest.

X.     The releases and injunctions provided to the Archdiocese Parties and the Settling Insurers pursuant to the Plan, the Insurance Settlement Agreements and the Participating Party Agreement are critical components of the Plan and the settlements embodied therein. Each of

the Archdiocese Parties and the Settling Insurers will make a substantial contribution upon their performance of all of their obligations under the Plan, the Insurance Settlement Agreements, and the Participating Party Agreements. Such contributions are critical and significant to the effective implementation of the Plan, and the Plan would not be feasible without such contributions. The Archdiocese Parties would not release their Interests under the Insurance Policies unless they obtained the benefits of the releases and injunctions. Resolution of the Bankruptcy Case would not have been possible without such releases and injunctions, and the Archdiocese Parties and the Settling Insurers would not have contributed to the Plan without the protections, releases, and injunctions provided in the Plan, Insurance Settlement Agreements and Participating Party Agreement. The Debtor provided specific and adequate notice of: (i) all the releases and injunctions, (ii) the manner in which a creditor or interested party could obtain additional information about the releases and injunctions, and (iii) the names of the Archdiocese Parties and the Settling Insurers.

Y.    The Settling Insurers' payments under the Insurance Settlement Agreements, the Participating Parties' payments under the Participating Party Agreements, and the Participating Religious Orders' payments under the Participating Religious Order Settlement Agreements provide good, valuable, and adequate consideration for the benefits provided thereunder and by the Plan. Therefore, the injunctions and releases in the Plan, the Insurance Settlement Agreements, the Participating Party Agreements, and the Participating Religious Order Settlement Agreements are hereby approved.

Z.    <u>Releases by Holders of Claims</u>. The circumstances of the Bankruptcy Case render the releases by holders of Claims as set forth in the Plan and in the Ballots appropriate under the

Plan. No party granting a release under the Plan has objected to the Plan or to the releases and injunctions.

AA.      Based upon the record and the facts and circumstances of the Bankruptcy Case, the Court hereby determines that the releases, injunctions, and exculpations are: (1) in exchange for good and valuable consideration; (2) a good faith settlement and compromise of the Claims pursuant to the terms of the Plan; (3) in the best interests of the Debtor and all holders of Claims; (4) fair, equitable, reasonable; (5) given and made after notice and opportunity for hearing and are therefore consensual, and (6) a bar to any Claim against any of the Protected Parties.

BB.      Exculpation. The Exculpation provisions in Section 19 of the Plan are also essential to the Plan. The record in the Bankruptcy Case fully supports the Exculpation, and the Exculpation is appropriately tailored to protect the Exculpated Parties from inappropriate litigation.

CC.      Injunctions. The injunctions and stays, including but not limited to the Channeling Injunction and Supplemental Injunction, provided in the Plan and by the Bankruptcy Code are essential to the Plan and are appropriately tailored to achieve the purposes of the Plan. The injunctions and stays are: (1) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 157(b)(1), 157(b)(2), 1334(a), 1334(b), and 1334(d); (2) an essential means of implementing the Plan pursuant to section 1123(b) of the Bankruptcy Code; (3) in exchange for good and valuable consideration provided by the Protected Parties; (4) a good faith settlement and compromise of the Claims released and exculpated in the Plan; (5) in the best interests of the Debtor and all holders of Claims; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) are consistent with sections 105, 363, 1123, and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable law. Based upon the record of the Bankruptcy Case and the evidence proffered and presented at the Confirmation Hearing, the

15

Bankruptcy Court finds that the Debtor's Release, the injunctions and stays are consistent with the Bankruptcy Code and applicable law.

DD.    <u>Retention of Jurisdiction</u>. The Bankruptcy Court may properly and hereby retains jurisdiction over the matters as set forth in the Plan.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact: Conclusions of Law</u>. The findings of fact and conclusions of law herein constitute the Bankruptcy Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

2.    <u>Confirmation</u>. The Plan is confirmed. A copy of the Plan as confirmed is attached hereto as <u>Exhibit A.</u> The Plan and all terms of the Plan (subject to any further modifications pursuant to the terms of the Plan), the Plan Documents, and the Exhibits and each provision thereof is hereby approved. The terms of the Plan, the Exhibits, and any exhibits thereto are incorporated by reference into, and are an integral part of, this Confirmation Order, and shall be effective and binding as of the Effective Date, without any requirement of further action by the Debtor.

3.    <u>Resolution of Confirmation Objections</u>. All holders of Claims and other parties in interest have had a full and fair opportunity to litigate all issues raised by the Plan and no objections or other responses were filed to the Plan by the objection deadline. Confirmation objections or any other responses and reservation of rights, if any, that with respect to the confirmation of the Plan that were not withdrawn are hereby overruled.

4.    Provisions of Plan and Confirmation Order Non-severable and Mutually Dependent. The provisions of the Plan, the Plan Documents, and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

5.    Plan Classification Controlling. The classification of Claims for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to, or returned by, the holders of Claims in the Voting Classes: (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (iii) shall not bind the Debtor or its Estate. The classification of Claims under the Plan and Disclosure Statement and the treatment of all Claims as provided thereunder are hereby approved.

6.    Binding Effect. The provisions of the Plan and the Plan Documents shall bind any holder of a Claim and such holders' respective successors and assigns, whether or not the Claims of such holders are impaired under the Plan and whether or not such holders have voted to accept the Plan, and any and all non-Debtor parties to Executory Contracts with the Debtor.

7.    Debtor-in-Possession Transactions. All transactions effected by the Debtor during the pendency of the Bankruptcy Case from the Petition Date up to the Effective Date are hereby approved and ratified.

8.    Plan Settlement. Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan Settlement is hereby approved.

9.    Exemption from Transfer Taxes. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property pursuant the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and all appropriate

17

state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

10.    Plan Exhibits. The forms, terms, and provisions of each of the Plan Exhibits have been consented to as necessary by the Debtor and the Committee, and are hereby approved. The Plan Exhibits shall be deemed incorporated into the Plan by reference and are a part of the Plan as if set forth in full therein.

11.    Distributions Under the Plan. All distributions under the Plan shall be made in accordance with the Plan and such methods of distribution are hereby approved.

12.    Disputed Claims. Section 10 of the Plan, including, without limitation, the provisions governing procedures for resolving disputed claims, are fair and reasonable and are hereby approved.

13.    Authorizations. By entry of this Order, all persons and entities described and provided in the Plan, are authorized and empowered to take all actions necessary or appropriate to consummate the transactions contemplated by the Plan and the Plan Documents and to perform thereunder, except for the trustees of the Chapter 7 Estates who must obtain bankruptcy court authority to execute certifications and releases.  The Debtor is authorized and empowered to execute and deliver the Plan Documents in substantially the forms submitted, subject to such amendments as may be agreed to by the parties thereto or approved by the Court, provided such amendments shall be consistent with the Plan.

14.    Governmental Approvals. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, deeds of trust, security filings, financing statements, and instruments necessary or

18

appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any federal, state, commonwealth, local, foreign, or other governmental agency with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including but not limited to, with respect to the dissolution of the Debtor.

15.     <u>Executory Contracts</u>. On the Effective Date, except to the extent that the Debtor previously assumed, assumed and assigned, or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court, each executory contract entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms will be assumed pursuant to Section 365 of the Bankruptcy Code. Each such contract will be assumed only to the extent that any such contract or lease constitutes an executory contract. The entry of this Confirmation Order constitutes approval of any such assumption pursuant to sections 365(a) and 1123 of the Bankruptcy Code. The assumption thereof is in the best interest of the Debtor, the Estate and all parties in interest in the Bankruptcy Case.

16.     <u>Approval of Discharge, Injunctions, Releases, Exculpation and Limitation of Liability Set Forth In the Plan</u>. In consideration of the circumstances and based upon the record in this Bankruptcy Case, including, without limitation, the evidence proffered at the Confirmation Hearing, each of the discharge, injunction, release, and exculpation and limitation of liability provisions set forth in the Plan are hereby approved, and determined and found to be: (i) within the jurisdiction of the Bankruptcy Court to approve under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (ii) essential to implementing the Plan pursuant to section 1123(b) of the Bankruptcy Code; (iii) in exchange for good and valuable consideration provided by the Protected Parties and

19

otherwise; (iv) a good faith settlement and compromise of the Claims released by the Debtor's Release and Claim Releases and exculpated by the Exculpation; (v) in the best interests of the Debtor and all holders of Claims; (vi) fair, equitable, and reasonable; (viii) given and made after due notice and opportunity for hearing and therefore consensual; and (ix) consistent with sections 105, 363, 1123, and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and all other applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

17. <u>Discharge of Claims</u>. The discharge provided in the Plan is approved granted Except as otherwise provided for in the Plan and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (b) the Plan shall bind all holders of Claims, notwithstanding whether any such holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims shall be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtor, the Debtor's Estate, its successors and assigns, and its assets and properties based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

18. <u>Exculpation</u>. Except as otherwise provided for in the Plan and effective as of the Effective Date:

**None of the Protected Parties will have or incur any liability to, or be subject to any right of action by, any claimant, any other party in interest, or any of their respective Representatives, financial advisors, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the**

20

**Bankruptcy Case, including the exercise of their respective business judgment and the performance of their respective fiduciary obligations, the pursuit of confirmation of the Plan, or the negotiation or approval of the Insurer Settlement Agreements, or the administration of the Plan or of the property to be distributed under the Plan or the ASF Settlement Trust created thereunder, except for their willful misconduct or gross negligence and in all respects such parties will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan or the Bankruptcy Case. Without limiting the generality of the foregoing, the Debtor, its financial advisors, attorneys, and other professionals shall be entitled to and granted the benefits of § 1125(e).**

19. <u>Channeling Injunction</u>. Except as otherwise provided for in the Plan and effective as of the Effective Date:

> **All Entities who have held or asserted, hold or assert, or may in the future hold or assert, any Channeled Claim are hereby permanently stayed, enjoined, barred and restrained from taking any of the following action, directly or indirectly, for the purposes of asserting, enforcing, or attempting to assert or enforce any Channeled Claim, including:**
>
> **(a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any Channeled Claim against any of the Protected Parties or against the property of any of the Protected Parties;**
>
> **(b) enforcing, attaching, collecting or recovering, by any manner or means, from any of the Protected Parties, or from the property of any of the Protected Parties, with respect to any such Channeled Claim, any judgment, Award, decree, or order adverse to any of the Protected Parties;**
>
> **(c) except as provided in or with respect to the Promissory Note and/or the Mortgage, creating, perfecting or enforcing any lien of any kind against any Protected Parties, or the property of any of the Protected Parties with respect to any such Channeled Claim;**
>
> **(d) asserting, implementing or effectuating any Channeled Claim of any kind against:**
>
> **(i) any obligation due any of the Protected Parties;**
>
> **(ii) any Protected Party; or**
>
> **(iii) the property of any Protected Party.**
>
> **(e) taking any act, in any manner, in any place whatsoever that does not conform to, or comply with, the provisions of the Plan; and**

**(f)** except as provided in or with respect to the Promissory Note and/or the Mortgage, asserting or accomplishing any setoff, right of indemnity, subrogation, contribution, or recoupment of any kind against any obligation due any of the Protected Parties or the property of any of the Protected Parties.

20.     <u>Supplemental Injunction</u>. Except as otherwise provided for in the Plan and effective as of the Effective Date:

Any and all Entities who have held, now hold or who may in the future hold any Interests (including all debt holders, all equity holders, all Entities holding a Claim, governmental, tax and regulatory authorities, lenders, trade and other creditors, Archdiocese Parties, Tort Claimants, Unknown Tort Claimants, holders of Channeled Claims, perpetrators, and all others holding Interests of any kind or nature whatsoever, including those Claims released or to be released pursuant to the Plan, the Insurer Settlement Agreements, and the Participating Religious Order Agreements) against any of the Protected Parties, Insured Entities, or the Certificates or Insurance Policies, which, directly or indirectly, relate to, any of the Certificates or Insurance Policies, any Channeled Claims, any Tort Claims or any Related Insurance Claims, are hereby permanently stayed, enjoined, barred, and restrained from taking any action, directly or indirectly, to assert, enforce or attempt to assert or enforce any such Interest against the Settling Insurers, Insured Entities, and/or Certificates or the Insurance Policies, including:

**(a)**     Commencing or continuing in any manner any action or other proceeding against the Settling Insurers or the Insured Entities or the property of the Settling Insurers or the Insured Entities;

**(b)**     Enforcing, attaching, collecting, or recovering, by any manner or means, any judgment, Award, decree or order against the Settling Insurers or the Insured Entities or the property of the Settling Insurers or the Insured Entities;

**(c)**     Creating, perfecting, or enforcing any lien of any kind against the Settling Insurers or the Insured Entities or the property of the Settling Insurers or the Insured Entities;

**(d)**     Asserting or accomplishing any setoff, right of indemnity, subrogation, contribution, or recoupment of any kind against any obligation due the Settling Insurers or the Insured Entities or the property of the Settling Insurers or the Insured Entities; and,

**(e)**     Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan.

21.     <u>Continuation of the Automatic Stay</u>. **Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Bankruptcy Case (pursuant**

22

to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court) and existing on the Confirmation Date (excluding any injunctions or stays in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

22. <u>No Release of Criminal Liability</u>. The releases, injunctions, and exculpations afforded by the Plan and this Order **do not** release, enjoin, or exculpate any Person or Entity of or from any criminal liability or prosecution.

23. <u>Bar Date for Claims Arising or Occurring After Petition Date</u>. Except as set forth in the last sentence of this paragraph, all Claimants holding an unpaid Claim against the Debtor that arose or occurred after the Petition Date and on or before the Effective Date, including Administrative Claims, shall file with the Bankruptcy Court and serve on the Post-Confirmation Notice Parties proof of such post-petition Claim ("**Post-Petition Proof of Claim**") no later than **45 days** after a notice of the Effective Date is filed with the Bankruptcy Court (the "**Post-Petition Claims Bar Date"). All unpaid Claims that arose or occurred after the Petition Date and on or before the Effective Date for which a Post-Petition Proof of Claim is not timely filed are hereby released, barred and discharged and holders of such Claims are enjoined from pursuing such Claims against or collecting from any Protected Party; provided that this section does not apply to Tort Claims that arose from Abuse, the first instance of which occurred on or after the Petition Date. The Post-Petition Claims Bar Date does not apply to Tort Claims that arose from Abuse, the first instance of which occurred on or after the Petition Date.**

24. <u>Professional Claims</u>. All Professionals or other Entities requesting compensation or reimbursement of expenses pursuant to any of §§ 327, 328, 330, 331, 503(b) and 1103 for

23

services rendered on or before the Effective Date (including, among other things, any compensation requested by any Professional or any other Entity for making a substantial contribution in the Chapter 11 Case) shall file and serve on the Post-Confirmation Notice Parties an application for final allowance of compensation and reimbursement of expenses accruing from the Petition Date to the Effective Date, no later than: (A) 45 days after a notice of the Effective Date is filed with the Bankruptcy Court and served on such Professional or other Entities, or (B) such later date as the Bankruptcy Court shall order upon application made prior to the end of such 45-day period (the "**Professional Claims Bar Date**"). Objections to Professional Claims or Claims of other Entities for compensation or reimbursement of expenses must be filed and served on the Post-Confirmation Notice Parties and the Professionals or other Entities to whose application the objections are addressed on or before: (A) 45 days after the Professional Claims Bar Date or (B) such later date as (i) the Bankruptcy Court shall order upon application made before the end of such 45-day period or (ii) as agreed between the Debtor (if before the Effective Date) or the Reorganized Debtor (on and after the Effective Date), as applicable, and the affected Professional or other Entity. Notwithstanding anything in Section 5.2 of the Plan, the allowance of a Professional Claim shall not affect, impair, diminish or be an adjudication of any Claim excepted from the exculpation in Section 19.3 of the Plan.

25. <u>Payment of U.S. Trustee Fees</u>. The Debtor shall pay all fees payable pursuant to 28 U.S.C. § 1930(a) as set forth in Section 5 of the Plan.

26. <u>Future Plan Modifications</u>. The Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, to remedy any defect or omission, or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan consistent with the terms set forth herein.

27.     <u>Retention of Jurisdiction</u>. Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, pursuant to 28 U.S.C. §§ 1334 and 157, over all matters arising in, arising under, or related to the Bankruptcy Case for, among other things, the purposes set forth in Section 21 of the Plan.

28.     <u>References to Plan Provisions</u>. The Plan, the Plan Documents, and the Plan Exhibits are an integral part of this Confirmation Order and are incorporated herein by reference. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not in any manner whatsoever affect, diminish, or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that entry of this Confirmation Order constitutes approval and confirmation of the Plan in its entirety.

29.     <u>Corrections:</u> Everywhere these terms appear, including but not limited to in the Plan Documents, Ballots, and Releases, "St. Pius X Foundation" includes "St. Pius X High School Foundation" and "Archdiocese of Santa Fe Catholic Foundation" includes "The Catholic Foundation of the Archdiocese of Santa Fe, a New Mexico Non-Profit Corporation," which is formerly the Archdiocese of Santa Fe Catholic Foundation.

30.     <u>Additional Debtor Contribution.</u> The Debtor shall increase the Debtor Contribution to the ASF Settlement Trust by an additional $173,500.00, and this additional contribution shall be made on or before the Contribution Date.

31.     <u>Confirmation Order Controlling</u>. The Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of

Case 18-13027-t11   Doc 1214   Filed 12/28/22   Entered 12/28/22 15:52:48 Page 25 of 27

such inconsistency, this Confirmation Order shall govern and any provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

32. <u>Substantial Consummation</u>. On the Effective Date, the Plan shall be deemed substantially consummated under sections 1102 and 1127 of the Bankruptcy Code.

33. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, this Confirmation Order and the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

34. <u>Headings</u>. The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

35. <u>Immediately Effective Order</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 7062 (and notwithstanding any other applicable provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary), this Confirmation Order shall be effective and enforceable immediately upon entry.

**\*\*\* END OF ORDER \*\*\***

Submitted by:
ELSAESSER ANDERSON, CHTD.
*/s/ Ford Elsaesser 12/28/2022*
Ford Elsaesser
Bruce A. Anderson
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
*Attorney for Debtor*

and

WALKER & ASSOCIATES, P.C.
*/s/ Submitted by Thomas D. Walker 12/28/2022*
Thomas D. Walker
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
e-mail: twalker@walkerlawpc.com
*Attorney for Debtor*


Approved:
PACHULSKI STANG ZIEHL & JONES LLP

By: *Approved via email 12/28/2022*
James I. Stang (admitted pro hac vice)
Iain A.W. Nasatir (admitted pro hac vice)
Ilan D. Scharf (admitted pro hac vice)
10100 Santa Monica Blvd., 13th Floor Los Angeles, CA 90067
Tel: 310-277-6910
Fax: 310-201-0760
jstang@pszjlaw.com
inasatir@pszjlaw.com
ischarf@pszjlaw.com
Counsel for the Official Committee of Unsecured Creditors of the Roman Catholic Church
of the Archdiocese of Santa Fe, a New Mexico corporation sole

Approved as to Form only:
Office of the United States Trustee

By: *Approved as to form 12.28.2022*
Trial Attorney
Office of the U.S. Trustee
421 Gold St. SW, Rm. 112
P.O. Box 608
Albuquerque, NM 87103
(202) 573-6968
Jaime.A.Pena@usdoj.gov