# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF SANTA FE, a New Mexico corporation sole,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-13027-t11 |

## MOTION FOR APPROVAL OF NON-MATERIAL MODIFICATION OF ASF SETTLEMENT TRUST AGREEMENT AND UNKNOWN TORT CLAIMS TRUST AGREEMENT

The Roman Catholic Church of the Archdiocese of Santa Fe, a New Mexico corporation sole ("ASF" or the "Debtor"), by counsel, hereby moves for approval of a non-material modification of the ASF Settlement Trust Agreement to provide for the effectiveness of the ASF Settlement Trust and the Unknown Tort Claims Trust as of January 12, 2023, which is the date the Confirmation Order became final, as opposed to the Effective Date of the *Debtor's First Amended Plan of Reorganization Dated November 3, 2023* (Doc. No. 1151) (the "First Amended Plan") and a finding that such approval does not constitute a new confirmation order. This modification has the consent of the Official Committee of Unsecured Creditors ("Committee") and counsel for the Chapter 7 trustees in certain cases filed by Survivors. This Motion requests also modifications to the Tort Claims Allocation Protocol as described below.

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 3, 2018 ("Petition Date").

2. Since the Petition Date, the Debtor has been operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

4. The First Amended Plan was confirmed on December 28, 2022. *See* Order Confirming Plan(Doc. No. 1214) (the "Confirmation Order"). The last day to file an appeal was January 11, 2023 and no appeals of the Confirmation Order were filed. The Effective Date of the First Amended Plan is anticipated to be on or about February 14, 2023.

5. The First Amended Plan provides for the creation of the ASF Settlement Trust. The ASF Settlement Trust Agreement is attached to the First Amended Plan as Exhibit C. By virtue of the Confirmation Order, the Court approved Omni Management Group LLC as the ASF Settlement Trustee. On January 17, 2023, the ASF Settlement Trust Agreement was executed Debtor and Omni Management Group LLC.

6. The First Amended Plan provides for the creation of the Unknown Tort Claims Trust. The Unknown Tort Claims Trust Agreement is attached to the First Amended Plan as Exhibit J. By virtue of the Confirmation Order, the Court approved Omni Management Group LLC as the Unknown Tort Claims Trustee. On January 17, 2023, the Unknown Tort Claims Trust Agreement was executed Debtor and Omni Management Group LLC.

7. One purpose of the ASF Settlement Trust is to make Distributions to holders of Class 3 Tort Claims under the Tort Claims Protocol. The Allocation Protocol is attached to the First Amended Plan as Exhibit H and to the ASF Settlement Trust Agreement as Exhibit 1 (the "Tort Claims Allocation Protocol").

8. The Plan and the Tort Claims Allocation Protocol contemplate the Tort Claims will be evaluated by the Tort Claims Reviewer by an assignment of points to each Tort Claimant according to certain criteria. After the Tort Claims Reviewer has assigned the points, the ASF Settlement Trustee calculates the dollar equivalent for each point and the monetary award to each Tort Claimant, based on the point award after adjustments provided for in the Plan. The ASF

Settlement Trustee then provides a preliminary notice to each Tort Claimant which triggers a ten (10) day period for a request for reconsideration to the Tort Claims Reviewer. After such requests have been addressed, the ASF Settlement Trustee calculates the final awards and issues final award letters. After the Effective Date, the ASF Settlement Trustee disburses funds to the Tort Claimants.

9. On August 11, 2022, the Court entered its order approving the employment of the Hon. William Bettinelli (Ret.) as the Tort Claims Reviewer and authorizing him to issue notices to Tort Claimants of the deadline to submit any supplementary information relevant to the Tort Allocation Protocol and to review the Tort Claims. Doc. No. 1040. The Committee's application asserted that the pre-confirmation review of claims would hasten the ASF Settlement Trustee's ability to promptly disburse funds to Tort Claimants who have waited a lifetime for monetary compensation of their abuse claims. *See* Doc. No. 1012 ("Certain survivors have been litigating their claims for years and all have carried the burden of its abuse for decades. Counsel for the survivors have told the Committee that many survivors are ill and/or elderly. Thus, any further delay in allocation of the settlement proceeds and compensation of survivors -- and the continuing material and emotional hardship on survivors and its families -- should be avoided.")

10. Judge Bettinelli notified the Tort Claimants of their opportunity to supplement their proofs of claim and, after the deadline for such submissions, finalized his point awards and transmitted the point awards to the ASF Settlement Trustee.

11. Although the Plan and the ASF Settlement Trust provide that the ASF Settlement Trust is effective as of the Effective Date of the Plan, on January 23 and 24, 2023 (before the Effective Date), the ASF Settlement Trustee (having calculated the monetary awards in accordance with the First Amended Plan and the Trust Allocation Protocol) issued the preliminary notices to each of the Tort Claimants informing them of their net awards, reflecting certain Plan-approved

monetary adjustments, and the deadline for seeking reconsideration of their point awards. The ASF Settlement Trustee did so in good faith after consultation with Committee counsel who did not consider that the authority to issue the preliminary notices was tied to the effectiveness of the ASF Settlement Trust.

12. The ASF Settlement Trustee's actions taken or anticipated to be taken prior to the Plan Effective Date have no prejudicial effect on the Participating Parties, including the Settling Insurers.

13. Omni Management Group LLC needs to be permitted to open accounts in the names of the ASF Settlement Trust and the Unknown Tort Claims Trust so that the accounts are open and available for transfer of funds from the Escrow Agreement, in accordance with the Plan. In addition, the accounts need to be available to receive a test transfer of a *de minimis* amount to make sure the transfer instructions are effective.

14. In addition, the Tort Claims Allocation Protocol should be amended to add the following language shown in bold print: Paragraph 7, first sentence should be modified to read as follows: "The Trustee shall notify each claimant in writing of the monetary distribution with respect to the Tort Claimant's Claim, **net of attorney's fees, costs and taxes thereon, and net of any adjustments provided for in the First Amended Plan,** which distribution may be greater or smaller than the actual distribution to be received based on any reconsideration of claims. Paragraph 7, fifth sentence should be modified to read as follows: "The Tort Claimant may request reconsideration of the TCR's point award by delivering a written request for reconsideration to the TCR within 10 calendar days after the date of mailing of the preliminary monetary distribution **notice**."

15. To confirm that the ASF Trustee's preliminary notices of award (including the deadline for submitting requests for reconsideration) are valid, and to permit Omni Management Group LLC to open accounts in the names of the ASF Settlement Trust and the Unknown Tort Claims Trust, the Debtor requests that the Court: (a) approve a modification of the ASF Settlement Trust Agreement and the Unknown Tort Claims Trust so that they are effective upon January 12, 2023, which is the date the Confirmation Order became final, and not upon the Effective Date, (b) modify the Tort Claims Allocation Protocol as described above, (c) ratify the actions taken by the ASF Settlement Trustee, as described herein, and (d) find that the order approving this motion is not a new order confirming the Plan.

Respectfully submitted,

*/s/submitted electronically*
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur- d'Alene, ID 83815
(208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com
and
*/s/ submitted electronically*
Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272
Fax: (505) 722-9287
twalker@walkerlawpc.com
*Counsel for Debtor*

Certificate of Service.

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(3), this certifies that service of the foregoing document was served this 27th day of January 2023, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy Court.

<u>s/filed electronically 01/27/2023</u>
       Thomas D. Walker